IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| LESLIE MCDANIEL, | * | CASE NO. 12-41231-JTL |
| Debtor, | * | |

| | | |
|---|---|---|
| LESLIE MCDANIEL, Individually and as Representative of her Bankruptcy Estate, | * * * | |
| Plaintiff, | * * | ADVERSARY PROCEEDING |
| vs. | * * | NO. 13-04013 |
| SUNTRUST BANK, SUNTRUST MORTGAGE, INC., MCCALLA RAYMER, LLC, FOXFIRE ACRES, INC., THE UNITED STATES by and through the INTERNAL REVENUE SERVICE, THE STATE OF GEORGIA (Represented By the DEPARTMENT OF REVENUE), THE GROGAN GROUP, LLC d/b/a GROGAN & GROGAN, and THE COLUMBUS CONSOLIDATED GOVERNMENT, | * * * * * * * * * * * | |

**MEMORANDUM OF LAW IN SUPPORT OF COLUMBUS CONSOLIDATED GOVERNMENT'S MOTION TO DISMISS COMPLAINT**

**INTRODUCTION**

Defendant Columbus Consolidated Government ("Columbus") submits this Brief and Memorandum of Law in Support of its Motion to Dismiss the Complaint filed by Plaintiff, Leslie McDaniel, against Columbus on the grounds that Plaintiff has failed to state a claim against Columbus on which relief may be granted.

In her Complaint, Plaintiff purports to assert a claim against various Defendants to determine their respective rights in real estate consisting of a house and lot. Ostensibly, Columbus is a party to the case because it holds a lien against the subject property for real property taxes and other statutory liens resulting from Columbus' services in maintaining the property. No other claim is made against Columbus and no other relief is sought against Columbus. The only matter in which Columbus is alleged to be involved is a suggestion in Count Five of Plaintiff's Complaint that at some time in the future Plaintiff may want to sell the subject property and to satisfy, by payment in full at closing, the liens and taxes in favor of Columbus. (Complaint ¶¶ 45 and 77). Such a Motion is not ripe for adjudication until such time as the Court determines that Plaintiff has an interest in the property or that the subject real estate is otherwise property of the bankruptcy estate. After that determination, the Court must then decide if the proposed sale satisfies the requirements of 11 U.S.C. § 363(f). Plaintiff's complaint fails to set out facts on which the Court can make either determination and therefore Plaintiff's complaint as to Columbus should be dismissed.

## ARGUMENT AND CITATION OF AUTHORITY

A. **The Standard by Which Motions to Dismiss are Considered.**

In considering a Motion to Dismiss, the Court is required to accept as true the factual allegations contained in the Complaint. The question then becomes whether those allegations, assumed to be true, state a plausible claim which is supported by applicable law. See, *American Dental Association v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010) and *Mills v. Foremost Insurance Company*, 511 F.3d 1300 (11th Cir. 2008). "[T]o survive a motion to dismiss, a complaint must . . . contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *American Dental,* at 1289. "While a complaint challenged by a Rule

12 (b)(6) motion to dismiss does not need detailed factual allegations  *Id.*; *Sanjaun v. American Board of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do, *See Papasan v. Allain*, 478 U.S. 265, 286 (106 Supreme Court 2932, 92 L. Ed. 2d, 209 (1986)." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 Supreme Court 1955 (2007).  Furthermore, in the context of such a motion, courts are not bound to accept as true a legal conclusion couched as a factual allegation. "Although for the purposes of this Motion to Dismiss, we must take all the factual allegations in the Complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papason v. Allain*, 478 U.S. 265, 286, 106 Supreme Court 2932, 19 L. Ed. 2d, 209 (1986).

Federal Rule of Bankruptcy Procedure 7008(a)(2) requires that a pleading that purports to make a claim for relief against another "must contain: . . . (2) a short and plain statement of the claim <u>showing that the pleader is entitled to relief</u>;". (emphasis added).  Columbus' Motion to Dismiss is brought pursuant to Federal Rule of Bankruptcy Procedure 7012 (b)(6) on the grounds that Plaintiff has not cast her Complaint in such a manner that it states a claim against Columbus showing that she is entitled to relief because the Complaint only alleges that Columbus holds an undisputed lien in real estate which she may want to sell, if the Court determines that the real estate is property of the estate, to a purchaser that has not been identified and for a price that has not been determined or disclosed. Those pleadings are insufficient to state a claim on which relief may be granted.

C0836-0829-2

**B.      Plaintiff is not entitled to an Order on a Motion to Sell Free and Clear of Liens.**

Plaintiff's Complaint against Columbus is based on Section 363 (f) of the United States Bankruptcy Code. Section 363(f) conditionally authorizes a trustee to sell property under §§ 363(b) or (c) free and clear of any interest in the property. Section 363(b) states that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, <u>property of the estate</u>, " 11 U.S.C. § 363(b)(1) (emphasis added), while § 363(c) states that "... the trustee may enter into transactions, including the sale or lease of <u>property of the estate</u>, in the ordinary course of business, without notice or a hearing." 11 U.S.C. § 363(c)(1) (emphasis added). Therefore, sales of property under § 363(f) are limited to sales of property of the estate. *See Connolly v. Nuthatch Hill Assocs. (In re Manning),* 831 F.2d 205, 207 (10th Cir.1987). Plaintiff's complaint, on its face, calls into question the ownership of the house and lot and because the property which is the subject of this case has not been determined to be property of the estate, Plaintiff lacks authority to sell the property.

Section 363(f) authorizes a trustee to sell property of the estate free and clear of any interest in that property "only if -- " certain conditions are met.   In this case, the Plaintiff does not allege that the property is property of the estate and does not assert that she is the owner of the house and lot.   Her allegations are propositions. The Court has not yet determined whether she even has standing to sell the property so the motion is premature.

Assuming the Court concludes that Plaintiff's complaint sets out facts, which when assumed to be true, lead to the conclusion that the house and lot are property of the estate, there is no allegation in the Complaint that the Plaintiff has entered into any contract or other agreement to sell the property and does not disclose the terms of any such proposed sale.

C0836-0829-2

The very essence of a motion to authorize the sale of property free and clear of liens is to give those with an interest in the property an opportunity to evaluate whether or not their interests are adequately protected. Plaintiff has not provided any terms, facts or circumstances on which the Court or those who hold an interest in the property can determine whether their interests are protected, adequately or otherwise.  In fact, if a hearing on the motion were held today, there would be nothing for the Court to consider.   There is no proposed purchaser. There is no proposed purchase price. Most importantly, there has been no determination as to whether the subject property is even property of the bankruptcy estate.

Until such time that a Court of competent jurisdiction declares or finds that the Plaintiff owns an interest in the property or that the house and lot are property of the bankruptcy estate, there is nothing for the Court to consider as to Count Five of the Complaint and the allegations against Columbus.  To require Columbus to participate in what appears to be a very complicated case solely for the reason that at some point in the future it may be a party in interest to a Motion for Sale Free and Clear of Liens, is not appropriate.  To require Columbus to continue to participate in the case imposes upon Columbus an undue burden and expense which is neither judicious nor equitable.

## CONCLUSION

Columbus respectfully requests that the Complaint as to Columbus, Georgia be dismissed without prejudice so that at the appropriate time, if events warrant, a Motion for Sale Free and Clear of Liens can be filed in the bankruptcy case which can be adjudicated in the normal and ordinary course that such motions are considered after proper notice which reveals the facts necessary to satisfy the requirements of 11 U.S.C. § 363(f).  It is for these and the foregoing

reasons that Columbus respectfully requests that the Complaint as to Columbus, Georgia be dismissed.

This 19th day of November, 2013.

             PAGE, SCRANTOM, SPROUSE,
             TUCKER & FORD, P.C.


           By: s/Stephen G. Gunby
             Stephen G. Gunby
             Ga. Bar No.: 315212

1111 Bay Avenue, Third Floor
P. O. Box 1199
Columbus, Georgia 31902        Attorneys for Columbus
(706) 324-0251           Consolidated Government
sgg@psstf.com

C0836-0829-2

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the above and foregoing **Memorandum of Law in Support of Motion to Dismiss Complaint of Defendant Columbus Consolidated Government** upon all parties electronically or by mailing same in the United States Mail with the appropriate postage to the parties listed below.

This 19th day of November, 2013.

Fife M. Whiteside, Esq.
P. O. Box 5383
Columbus, Georgia   31906

Kristin Hurst, Trustee
Office of the Chapter 13 Trustee
P. O. Box 1907
Columbus, Georgia   31902-1907

                                                      s/Stephen G. Gunby
                                                     Counsel for Columbus Consolidated Government

C0836-0829-2