IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| LESLIE MCDANIEL, | * | CASE NO. 12-41231-JTL |
| Debtor, | * | |

| | | |
|---|---|---|
| LESLIE MCDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., MCCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| By the DEPARTMENT OF REVENUE), | * | |
| THE GROGAN GROUP, LLC d/b/a | * | |
| GROGAN & GROGAN, and THE | * | |
| COLUMBUS CONSOLIDATED | * | |
| GOVERNMENT, | * | |

**ANSWER AND DEFENSES OF DEFENDANT
COLUMBUS CONSOLIDATED GOVERNMENT**

Comes now **Columbus Consolidated Government** ("Columbus"), named as a Defendant in the above-captioned matter and files this its Answer and Defenses to Plaintiff's Complaint without waiving its rights to pursue the Motion to Dismiss filed contemporaneously herewith and shows this Court as follows:

C0836-0829-3

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Columbus upon which relief may be granted.

## SECOND DEFENSE

Columbus is not a proper party Defendant to the above-styled case.

## THIRD DEFENSE

Columbus is immune from any liability as to Plaintiff in the event she is seeking any damages against Columbus.

## FOURTH DEFENSE

Any damages sustained by Plaintiff were not sustained as a result of any actions or negligence of Columbus and Columbus does not assert that it is the owner of the property which is the subject of the Complaint, and is therefore not a proper party Defendant.

## FIFTH DEFENSE

Columbus raises each and every affirmative defense required to be pled by the Federal Rules of Bankruptcy Procedure 7008, should such defenses become applicable as this action proceeds. Columbus reserves its rights to amend its Answer and Defenses with any and all defenses appropriate as discovery should dictate.

## SIXTH DEFENSE

Answering each of the individually numbered paragraphs contained Plaintiff's Complaint, Columbus responds as follows:

1.

As to the claims against Columbus, Columbus denies the allegations contained in Paragraphs 1 and 2 of Plaintiff's Complaint.

C0836-0829-3

2.

Columbus is without knowledge sufficient to either admit or deny the allegations contained in Paragraphs 3, 4, 5, 6, 7, 8, 9 and 10 of Plaintiff's Complaint.

3.

Columbus admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

4.

Columbus is without knowledge sufficient to either admit or deny the allegations contained in Paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43 and 44.

5.

As to the allegations contained in Paragraph 45 of Plaintiff's Complaint, Columbus admits that it holds valid and subsisting liens against the property which is the subject of the Complaint for unpaid taxes and other charges.  As to all other allegations contained in Paragraph 45 of the Complaint, Columbus is without knowledge sufficient to either admit or deny such allegations.

6.

Defendant Columbus denies the allegations contained in Paragraph 46 of Plaintiff's Complaint as they relate to Columbus.

7.

Columbus is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74 and 75.

8.

Defendant Columbus denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

9.

Columbus denies the allegation contained in Paragraph 77 that any lien against the property in favor of Columbus is not in dispute.

10.

Columbus denies the allegations in Paragraph 78 of Plaintiff's Complaint because it references a sale which has not been defined or described so it is impossible to tell whether it is in the best interest of the bankruptcy estate or that the interests of Columbus will be adequately protected if the property sells.

11.

Columbus is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93 and 94 of Plaintiff's Complaint.

12.

Columbus denies any and all allegations contained in Plaintiff's complaint not specifically admitted herein.

WHEREFORE, Columbus prays that the above-styled Complaint as to the Columbus Consolidated Government be dismissed; that nothing be recovered by Plaintiff against Columbus Consolidated Government; that the Court take no action to affect the liens of Columbus Consolidated Government in the subject real property until such time that a proper motion can be brought for the sale of the property free and clear of liens which includes *inter alia* notice

C0836-0829-3

disclosing the proposed purchase price and terms and conditions of sale; and, for any and all further relief as the Court may deem appropriate.

This 19th day of November, 2013.

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.


By: s/Stephen G. Gunby
Stephen G. Gunby
Ga. Bar No.: 315212

1111 Bay Avenue, Third Floor
P. O. Box 1199
Columbus, Georgia 31902          Attorneys for Columbus
(706) 324-0251                   Consolidated Government
sgg@psstf.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have served a copy of the above and foregoing **Answer And Defenses of Defendant Columbus Consolidated Government** upon all parties electronically or by mailing same in the United States Mail with the appropriate postage to the parties listed below.

This 19th day of November, 2013.

Fife M. Whiteside, Esq.
P. O. Box 5383
Columbus, Georgia   31906

Kristin Hurst, Trustee
Office of the Chapter 13 Trustee
P. O. Box 1907
Columbus, Georgia   31902-1907

s/Stephen G. Gunby
Counsel for Columbus Consolidated Government

C0836-0829-3