IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| In re: | )CHAPTER 13 |
| LESLIE McDANIEL, | )CASE NO. 12-41231-JTL |
| Debtor, | )JUDGE LANEY |

| | |
|---|---|
| LESLIE McDANIEL, Individually, and as Representative of her Bankruptcy Estate, | )<br>) |
| Plaintiff, | )ADVERSARY PROCEEDING<br> NO. 13-04013 |
| vs. | ) |
| SUNTRUST BANK, SUNTRUST MORTGAGE, INC., McCALLA RAYMER, LLC, FOXFIRE ACRES, INC., THE UNITED STATES by and through the INTERNAL REVENUE SERVICE, THE STATE OF GEORGIA (Represented by the DEPARTMENT OF REVENUE), THE GROGAN GROUP, LLC d/b/a GROGAN & GROGAN, and THE COLUMBUS CONSOLIDATED GOVERNMENT, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

---

**ANSWER, DEFENSES AND CROSS CLAIM FOR DECLARATORY JUDGMENT OF DEFENDANT FOXFIRE ACRES, INC.**

---

Comes now Defendant Foxfire Acres, Inc., and makes this its Answer, Defenses and Cross Claim for Declaratory Judgment as follows.  Defendant Foxfire Acres, Inc., shall be hereinafter referred to as "Foxfire".

**<u>ANSWER</u>**

1.

Foxfire admits Paragraph 1 of the Complaint.

2.

Foxfire admits Paragraph 2.

3.

Foxfire admits Paragraph 3.

4.

Foxfire admits Paragraph 4.

5.

Foxfire admits that Defendant SunTrust Bank is registered to do business in the State of Georgia and has a banking office in Columbus, Georgia.

6.

Foxfire admits that Defendant SunTrust Mortgage, Inc., is a corporation doing business in Columbus, Georgia, at 6310 Bradley Park Drive, Columbus, Georgia.

7.

Foxfire admits Paragraph 7.

8.

Foxfire admits Paragraph 8.

9.

Foxfire admits Paragraph 9.

10.

Foxfire Acres admits Paragraph 10.

11.

Foxfire admits Paragraph 11 and shows that the legal name of said entity is "Columbus, Georgia".

12.

Foxfire is without knowledge or information sufficient to form a belief as to the contentions in Paragraph 12 of the Complaint and therefore must deny the same.

13.

Foxfire admits Paragraph 13.

14.

Foxfire admits Paragraph 14.

15.

Foxfire admits Paragraph 15.

16.

Foxfire admits Paragraph 16.

17.

Foxfire is without knowledge or information as to the truth of the statement contained in Paragraph 17 of the Complaint.   Notwithstanding, Foxfire learned that Defendant SunTrust Mortgage, Inc., became the holder of the Promissory Note executed by the Debtor and Mr. McDaniel.

18.

Foxfire admits Paragraph 18.

19.

Foxfire admits Paragraph 19.

20.

Foxfire admits Paragraph 20.

21.

Foxfire admits Paragraph 21.

22.

Foxfire admits Paragraph 22.

23.

Foxfire admits Paragraph 23.

24.

Foxfire admits Paragraph 24.

25.

Foxfire admits Paragraph 25.

26.

Foxfire admits Paragraph 26.

27.

Foxfire admits Paragraph 27.

28.

Foxfire admits Paragraph 28.

29.

Foxfire admits Paragraph 29.

30.

Foxfire admits Paragraph 30.

31.

Foxfire admits Paragraph 31.

32.

Foxfire admits Paragraph 32.

33.

Foxfire admits Paragraph 33.

34.

Foxfire admits Paragraph 34.

35.

Foxfire admits Paragraph 35 except to the extent that it states that the title examination occurred in order to facilitate Foxfire obtaining a loan in the amount of the bid proceeds, which portion of Paragraph 35 is denied.

36.

Foxfire admits Paragraph 36.

37.

Foxfire admits Paragraph 37.

38.

Foxfire admits Paragraph 38.

39.

Foxfire admits Paragraph 39.

40.

Foxfire admits so much of Paragraph 40 to the effect that it made payment as above-stated and that SunTrust Bank, Inc., and its attorneys failed to promptly rescinded the foreclosure pursuant to OCGA § 19-13-172.1, but Foxfire is unable to

respond to the legal conclusion that such action resulted in the satisfaction of the debt evidenced by the Note since the same would be a legal conclusion for the Court.

41.

Foxfire admits Paragraph 41.

42.

Foxfire admits Paragraph 42.

43.

Foxfire admits Paragraph 43.

44.

Foxfire admits Paragraph 44.

45.

Foxfire denies Paragraph 45 to the extent that it states that Foxfire is the Claimant/Interest Holder and has a claim related to the failed foreclosure.  Foxfire states it has no claim to the real estate described in the Complaint.  Foxfire admits the other statements in Paragraph 45 as to the other entities, Grogan and Columbus having liens or claims to the property.

46.

Foxfire admits Paragraph 46.

47.

Foxfire admits Paragraph 47.

48.

Foxfire admits Paragraph 48.

49.

Foxfire admits Paragraph 49, but adds that Foxfire, for a limited period of time, in a good faith effort to comply with the foreclosure sale process, undertook to maintain the property and incurred costs and expenses for the maintenance of the property, all of which occurred prior to the bankruptcy action being filed by Debtor herein. Foxfire delivered the keys to the Debtor's property to counsel for SunTrust Bank and SunTrust Mortgage.

50.

Foxfire admits Paragraph 50.

51.

Foxfire admits Paragraph 51.

52.

Foxfire is without knowledge or information sufficient to form a belief as to the statements contained in Paragraph 52 and must deny the same. However, Foxfire has seen the deteriorated property from driving by on the street.

53.

Foxfire admits Paragraph 53.

54.

Foxfire admits all of Paragraph 54 except the portion that the obligation of the Debtor was extinguished by Foxfire's payments since the same is a legal conclusion and Foxfire cannot admit to the same, although it may be true.

55.

Foxfire admits Paragraph 55.

56.

Foxfire admits Paragraph 56.

57.

Foxfire admits Paragraph 57.

58.

Foxfire admits Paragraph 58.

59.

Foxfire admits Paragraph 59.

60.

Foxfire admits Paragraph 60.

61.

Foxfire admits Paragraph 61.

62.

Foxfire admits Paragraph 62.

63.

Foxfire admits Paragraph 63.

64.

Foxfire admits Paragraph 64.

65.

Foxfire admits Paragraph 65.

66.

Foxfire admits Paragraph 66.

67.

Foxfire admits Paragraph 67.

68.

Foxfire admits Paragraph 68.

69.

Foxfire admits Paragraph 69.

70.

Foxfire admits Paragraph 70.

71.

Foxfire admits Paragraph 71.

72.

Foxfire admits Paragraph 72.

73.

Foxfire admits Paragraph 73.

74.

Foxfire admits Paragraph 74.

75.

Foxfire admits Paragraph 75.

76.

Foxfire admits Paragraph 76.

77.

Foxfire admits Paragraph 77.

78.

Foxfire admits Paragraph 78.

79.

Foxfire admits Paragraph 79.

80.

Foxfire admits Paragraph 80.

81.

Foxfire admits Paragraph 81.

82.

Foxfire admits Paragraph 82.

83.

Foxfire admits Paragraph 83.

84.

Foxfire admits Paragraph 84.

85.

Foxfire admits Paragraph 85.

86.

Foxfire admits Paragraph 86.

87.

Foxfire admits Paragraph 87.

88.

Foxfire admits Paragraph 88.

89.

Foxfire admits Paragraph 89.

90.

Foxfire admits Paragraph 90.

91.

Foxfire admits Paragraph 91.

92.

Foxfire admits Paragraph 92.

93.

Foxfire admits Paragraph 93.

94.

Foxfire admits Paragraph 94.

## **DEFENSES**

95.

FIRST DEFENSE:  The Complaint fails to state a claim for relief against Foxfire, and for such reason must be dismissed as matter of law.

96.

SECOND DEFENSE:  Foxfire pleads as a defense to the alleged claims set forth in the Complaint all matters that may be developed by discovery, investigation, or which the evidence at trial may show to a fair and impartial jury that the Plaintiff has not stated any claim against Foxfire which would entitle Plaintiff to any recovery from him.  Foxfire further reserves the right to amend this pleading to set forth any other specific defenses which would appear appropriate as a result of discovery, investigation in this case and

which may be developed at trial and which may be specifically interposed at trial under this defense set forth in this pleading.

97.

THIRD DEFENSE:  Foxfire affirmatively pleads all of the affirmative defenses set forth in FRCP 11-8, 11-12, et. seq., which it may be required to plead in this Answer and defensive pleading, and incorporates all of said affirmative defenses herein as though fully set forth verbatim, to the extent any such defenses are applicable as developed by investigation and discovery.

## CROSS CLAIM AGAINST SUNTRUST BANK, SUNTRUST MORTGAGE, INC. AND McCALLA RAYMER, LLC FOR DECLARATORY JUDGMENT

Comes now Defendant Foxfire Acres, Inc., herein referred to as "Foxfire", and makes this its Cross action for Declaratory Judgment against co-Defendant SunTrust Bank, SunTrust Mortgage, Inc., and McCalla Raymer, LLC as follows:

98.

Co-Defendant SunTrust Bank, co-Defendant SunTrust Mortgage, Inc., and co-Defendant McCalla Raymer, LLC are each subject to the jurisdiction of this Court and venue is proper within the United States Bankruptcy Court, Middle District of Georgia.

99.

This Court has jurisdiction pursuant to 28 USC § 1334, and the Standing Order of reference of this Court.

100.

The subject matter of this Cross Claim involves mixed claims under bankruptcy law and Georgia state law to the extent that Georgia state law may be applicable, as determined by the Bankruptcy Court herein.

101.

The pre-Petition background of this Cross Claim is set forth in Plaintiff's Complaint in Paragraphs 13 through 93, to the extent the same are admitted in Defendant Foxfire Acres, Inc.'s Answer filed herein and the same, to the extent not denied or incorporated herein by specific reference in the interest of judicial economy. The foregoing Answer of Foxfire Acres, Inc., to said Complaint and to the specific numbered paragraphs is likewise incorporated herein by specific reference thereto.

## CROSS CLAIM FOR DECLARATORY JUDGMENT AND RELIEF

102.

Comes now Defendant Foxfire Acres, Inc., herein referred to as "Foxfire" and makes this its Cross Claim pursuant to FRCP 13 for Declaratory Judgment as to its rights as well as the rights and liabilities of co-Defendant SunTrust Bank, co-Defendant SunTrust Mortgage, Inc., and co-Defendant McCalla Raymer, LLC, in and to the payment of monies tendered by counsel for co-Defendant McCalla Raymer herein, with the acquiescence of legal counsel for SunTrust Mortgage, Inc. herein.

103.

Foxfire Acres relied upon the advertisement of foreclosure run by co-Defendant SunTrust Mortgage, Inc., under the express direction and activities of co-Defendant McCalla Raymer, LLC, which legal advertisement was run once a week for four weeks in the Columbus Ledger Enquirer, being the legal organ for purpose of running legal ads in Columbus, Muscogee County, Georgia.

104.

Foxfires Acres, Inc., had a proper title search conducted on said real estate, prior to November 2, 2010, and learned that the title to the Security Deed being foreclosed upon was vested in Trust Company Bank of Columbus, NA, under its Security Deed dated February 13, 1992, recorded February 19, 1992 in the Office of the Clerk of the Superior Court of Muscogee County, in Deed Book 3537, beginning at page 122. Under Georgia law, the holder of the Security Deed under an Assignment has up until the moment of the foreclosure sale in which to record the Assignment of the Security Deed to such holder.

105.

Under the then current procedure of the Office of the Clerk of the Superior Court of Muscogee County, Georgia, there was an approximate two-week delay between the date of filing of an Assignment of a Security Deed, or any other deed document and its appearance on public records for purposes of ascertaining title to such deed records and other documents of record in the Office of the Clerk of the Superior Court of Muscogee County, Georgia.  Such two-week delay from the date of filing until the date that the document was actually available for inspection by the public was a common practice in October and November 2010.

106.

It was the duty of co-Defendant SunTrust Mortgage, Inc., and its attorneys, co-Defendant McCalla Raymer, LLC, to record the proper Assignment of the Debtor McDaniel's Security Deed up to the moment of the sale on the Courthouse steps of Muscogee County, Georgia.

107.

Foxfire Acres had justifiable reliance upon the co-Defendant McCalla Raymer and co-Defendant SunTrust Mortgage, Inc., to have recorded said Assignment of such Security Deed from Trust Company Bank of Columbus, NA, to co-Defendant SunTrust Mortgage, Inc., since both co-Defendant SunTrust Mortgage, Inc., and co-Defendant McCalla Raymer, LLC had represented, in the legal advertisement, as well as in correspondence to Debtor Mrs. McDaniel that SunTrust Mortgage, Inc., was the holder of such Security Deed.

108.

Foxfire Acres herewith requests that the Court declare that the acts of co-Defendant SunTrust Mortgage, Inc., and co-Defendant McCalla Raymer were fraud in the factum, fraud in the inducement, and constitute other acts of intentional misrepresentation and fraud under Georgia law.

109.

On November 2, 2010, a representative of Foxfire Acres duly appeared at the public foreclosure sale held on the Courthouse steps of the Courthouse/Government Center, Columbus, Muscogee County, Georgia, and entered into the bidding process when the sale of the Debtor's property was knocked off for sale by an agent/servant/employee/contractor of co-Defendant McCalla Raymer, LLC, who was acting at all times for itself as well as for co-Defendant SunTrust Mortgage, Inc.

110.

No Assignment of any Security Deed from Trust Company Bank of Columbus, NA to co-Defendant SunTrust Mortgage, Inc., was ever recorded since the same did not exist.

111.

Foxfire Acres paid the sum of $126,000.00 at the sale in outbidding another bidder.  The property of the Debtor at 2627 Meadowview Drive, Columbus, Muscogee County, Georgia was knocked off under foreclosure sale and pursuant to Georgia law to Foxfire Acres, Inc., who paid the sum of $126,000.00 to said agent, servant, employee, contractor of said co-Defendant McCalla Raymer, LLC.

112.

Thereafter, co-Defendant SunTrust Mortgage, Inc., failed and refused to comply with applicable Georgia statutes to record the Deed of Foreclosure and to tender it, after it has been recorded in the Office of the Clerk of the Superior Court of Muscogee County, Georgia, to Foxfire Acres, Inc., pursuant to said sale.

113.

Co-Defendant McCalla Raymer, LLC, held the $126,000.00 purchase money paid by Foxfire Acres, Inc., on November 2, 2010, to it and to co-Defendant SunTrust Mortgage, Inc.

114.

Co-Defendant McCalla Raymer, LLC, admitted that it was holding approximately the sum of $9,117.70, as surplusage, after payment of attorney's fees in the amount of $1,241.42 to McCalla Raymer itself, out of the difference between the sum of

$126,000.00, and the loan balance due, plus interest, on November 2, 2010 owed by Debtor McDaniel in the sum of $115,640.88.

115.

After Foxfire Acres determined that there was a problem with the foreclosure sale, it attempt to rectify the matter and tried to work with co-Defendant McCalla Raymer, LLC, to resolve the matter of the invalid foreclosure sale.

116.

Foxfire Acres undertook actions and steps to preserve the subject real estate which it reasonably believed it had purchased at said November 2, 2010 foreclosure sale, but was becoming aware in the year 2011 that it did not hold valid title to the same nor could it obtain valid legal title to said property.  Foxfire Acres expended its own monies to preserve and maintain said property.

117.

Foxfire Acres demanded the return of its $126,000.00 from co-Defendant McCalla Raymer, LLC, and co-Defendant SunTrust Mortgage, Inc.  Both of said co-Defendants failed and intentionally refused to return said sum of money to Foxfire Acres.

118.

As shown by the Exhibits to the Plaintiff's Complaint in this adversary proceeding, Foxfire Acres filed suit in the Superior Court of Muscogee County, Georgia against co-Defendant SunTrust Mortgage, Inc., and co-Defendant McCalla Raymer, LLC.

119.

During the course of those proceedings counsel for co-Defendant McCalla Raymer, confirmed that the foreclosure sale was "ineffective" in a hearing before the Superior Court of Muscogee County, Georgia.

120.

Legal counsel, Mrs. Monica Gilroy, who is counsel for co-Defendant SunTrust Mortgage herein, also acquiesced and acknowledged that the foreclosure sale was "ineffective" before the Superior Court of Muscogee County, Georgia.

121.

Even after such acknowledgment of the ineffectiveness and legal invalidity of the foreclosure sale, both Defendant SunTrust Mortgage, Inc., and co-Defendant McCalla Raymer, LLC intentionally failed and refused to pay over the sum of $126,000.00 to Foxfire Acres.

122.

On December 21, 2012, the Debtor, Mrs. Leslie McDaniel, filed her voluntary bankruptcy case pursuant to Chapter 13 of Title 11 of the U.S. Code which was the "date of filing herein".

123.

Foxfire Acres shows that it and its principal officer, Mr. James Albright, received legal notice of such bankruptcy filing by Mrs. McDaniel.

124.

On August 27, 2013, local counsel for co-Defendant McCalla Raymer, LLC hand delivered four checks to counsel for Foxfire Acres by a letter, dated August 27, 2013, a

copy of which is attached as Exhibit 10 to the adversary proceeding/Complaint filed herein by Mrs. McDaniel.  Attached to said Exhibit 10 are copies of the four checks tendered with said letter.

125.

It should be noted in said Exhibit 10 that the first check tendered to Foxfire Acres, Inc., was a check on the Dickerson Gilroy, LLC Attorney at Law litigation escrow account in the sum of $115,640.88, dated August 14, 2013.  It was being paid over ostensibly on behalf of SunTrust Mortgage, Inc.  The second check tendered with said letter was a check from the McCalla Raymer, LLC "IOLTA", i.e. interest on lawyer's trust account in the sum of $9,117.70, dated August 15, 2013, payable to "Foxfire Acres, Inc.".  The third check tendered by counsel for McCalla Raymer was a McCalla Raymer "litigation operating account" check in the sum of $24,840.99 payable to Foxfire Acres, Inc., dated August 23, 2013, and the fourth check tendered was a McCalla Raymer, LLC "litigation operating account" check in the sum of $1,241.42, dated August 19, 2013.

126.

The Exhibit 10 letter dated August 27, 2013 states that such four checks were being tendered "without any condition or any kind.".

It is clear from previous correspondence between Foxfire Acres, Inc., and co-Defendant McCalla Raymer, LLC that the sum of $9,117.70 held in the trust account of co-Defendant McCalla Raymer, LLC, and represented by the check dated August 15, 2013, check number 82419, is the sum of money that was owed to the Debtor Leslie McDaniel on November 2, 2010 as a result of the receipt of excess funds over and

above the amount of the loan balance then due and that said sum was retained by co-Defendant McCalla Raymer, LLC.

127.

It is also clear to Foxfire Acres, Inc., that the McCalla Raymer "litigation operating account" check number 85119, dated August 19, 2013, in the sum of $1,241.42 is an attempt to refund the attorney's fees charged by McCalla Raymer in said foreclosure action in which it deducted from the sum of $126,000.00 paid by Foxfire Acres, Inc., to McCalla Raymer, LLC on November 2, 2010.

128.

According to the August 27, 2013 letter shown in Exhibit 10 the check payable to Foxfire Acres, Inc., from McCalla Raymer, LLC, on the "litigation operating account", check number 85334, dated August 23, 2013, in the sum of $24,840.99 is a partial tender of lawful interest due to Foxfire on said sum of $126,000.00, pursuant to Georgia law and that sum of $24,840.99 was never part of or applicable to the purchase price of $126,000.00 that Foxfire Acres paid on November 2, 2010.

129.

Foxfire Acres shows to this Court that due to its actual knowledge of the pendancy of the Chapter 13 bankruptcy case filed by the Debtor, Mrs. Leslie McDaniel, that Foxfire Acres, Inc., upon receipt of the August 27, 2013 letter (Exhibit 10 to the adversary proceedings) along with the four checks, promptly contacted counsel for Mrs. McDaniel to advise of such tender of sums which were reasonably believed to be subject to the jurisdiction of the United States Bankruptcy Court given its primary jurisdiction over Mrs. McDaniel, the property at 2627 Meadowview Drive, Columbus,

Muscogee County, Georgia, and the debts and indebtednesses subject to the Federal Bankruptcy statutes.

130.

Foxfire Acres shows that it has not cashed or deposited, but is holding in escrow the four checks subject to a determination by the United States Bankruptcy Court for the Middle District of Georgia, of its entitlement to the same, free and clear of any claim of the United States Bankruptcy Trustee, free and clear of any claim of the Debtor, Mrs. Leslie McDaniel, free and clear of any claim of co-Defendant SunTrust Mortgage, Inc., co-Defendant SunTrust Bank, and co-Defendant McCalla Raymer, LLC.

131.

Foxfire Acres hereby makes its claim, subject to ruling of this Bankruptcy Court, to the four checks and all sums of money represented therein.

132.

Foxfire Acres, Inc., respectfully requests the United States Bankruptcy Court, to declare the respective rights of Foxfire Acres, Inc., Mrs. Leslie McDaniel, the United States Bankruptcy Trustee, Mrs. Hurst, the co-Defendant SunTrust Bank, co-Defendant SunTrust Mortgage, Inc., co-Defendant McCalla Raymer, LLC, as well as all other creditors who might have or could assert claims to any of said four checks and to the sums of money represented and contained therein.

133.

Foxfire Acres respectfully requests the Court to declare the rights as aforesaid to said four checks as well as Foxfire Acres, Inc.'s right to proceed against co-Defendant SunTrust Mortgage, Inc., co-Defendant McCalla Raymer, LLC, and any other persons in

the action in the Superior Court of Muscogee County, Georgia, referenced as Exhibit 7 to the Complaint in this adversary proceeding.  Foxfire respectfully requests the Court to declare and determine that the Bankruptcy Stay under 11 USC § 362 has been terminated pursuant to 11 USC § 362(j) and/or that the Stay never applied to the said Muscogee Superior Court proceedings shown in said Exhibit 7, and that Foxfire may proceed with said Superior Court proceeding.

WHEREFORE, Foxfire respectfully requests the Court to enter Judgment for Foxfire against said co-Defendants McCalla Raymer, LLC, SunTrust Bank and SunTrust Mortgage, Inc., as aforestated and to grant all applicable relief and to order that Foxfire have complete title, free and clear of any claims of anyone and any entity to said four checks and to the sums of money represented therein, and that Foxfire be permitted to proceed with its civil action in the Superior Court of Muscogee County, Georgia as referenced in Exhibit 7 to the adversary proceeding Complaint filed herein and for expenses of litigation, to include attorney's fees from said co-Defendants.

Respectfully Submitted,


s/JAMES D. PATRICK
JAMES D. PATRICK
State Bar No. 566150
Attorney for Defendant Foxfire Acres, Inc.

Post Office Box 2745
Columbus, Georgia  31902
706-322-7181

## CERTIFICATE OF SERVICE

I do hereby certify that I am counsel for Defendant Foxfire Acres, Inc., in this action, and that I have this date served a copy of the above and foregoing "Answer, Defenses and Cross Claim for Declaratory Judgment of Defendant Foxfire Acres, Inc.", by mail, with proper postage affixed thereto, or by hand delivery, upon:

Mr. Fife W. Whiteside
Attorney at Law
Post Office Box 5383
Columbus, Georgia  31906

*Attorney for Debtor/Plaintiff*

Mr. Stephen G. Gunby
PAGE SCRANTOM LAW FIRM
Post Office Box 1199
Columbus, Georgia  31902

*Attorney for McCalla Raymer, LLC*

Ms. Cater C. Thompson
JONES, CORK & MILLER, LLP
Post Office Box 6437
435 Second St., Suite 500
Macon, Georgia  31201

*Attorneys for SunTrust Bank and SunTrust Mortgage, Inc.*

This   20th   day of _____November____ 2013.


s/JAMES D. PATRICK_____
JAMES D. PATRICK
State Bar No. 566150
Attorney for Defendant Foxfire Acres, Inc.

Post Office Box 2745
Columbus, Georgia  31902
(706)322-7181