IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| by the DEPARTMENT OF REVENUE), THE | * | |
| GROGAN GROUP, LLC d/b/a GROGAN & | * | |
| GROGAN, and THE COLUMBUS | * | |
| CONSOLIDATED GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

## MOTION FOR HEARING FOR *EX PARTE* ORDER DIRECTING HEARING ON WHETHER THE PLAINTIFF'S COMPLAINT STATES A CAUSE OF ACTION FOR WHICH RELIEF MAY BE GRANTED

COMES NOW, **Leslie McDaniel, Individually and as Representative of her Bankruptcy Estate**, and brings the within Motion for Hearing for *Ex Parte* Order Directing Hearing on Whether the Plaintiff's Complaint States a Cause of Action for Which Relief May be Granted ("Motion"), with respect to the Answer and Defenses of Columbus Consolidated Government ("Columbus' Answer"), and the Defendant Columbus Consolidated Government's Motion to Dismiss Complaint ("Motion to Dismiss"), and says the following:

1.

Columbus Consolidated Government's Answer, in its first unnumbered paragraph, sets up the following defense:

> "Plaintiff's Complaint fails to state a claim against Columbus upon which relief may be granted."

2.

Although redundant, Columbus also filed a Motion to Dismiss, by which its sets up, in some, more detail, the same defense, as the defense under Rule 7012(b)(6).

3.

Columbus does not seek to dismiss Complaint outright, but only seeks to dismiss "the above-styled action as to the Columbus Consolidated Government".

4.

However, the major component of the Plaintiff's Complaint is for a sale free and clear of liens, and all lien holders, or putative lien holders, are required to be made parties.

5.

If the City of Columbus is dismissed, as a practical matter, this amounts to a dismissal of the Adversary Proceeding as a request to sell free and clear of liens under §363(f).

6.

Under R.Bankr.Pro. 7012(i), "if a party so moves" a defense brought under Rule 12(b)(6) (failure to state a claim) "must be heard and decided before trial unless the court orders a deferral until trial".

7.

Plaintiff submits that provisions of R.Bankr.Pro. 7012(i) anticipates an *ex parte* order, directing that the defense be set for hearing prior to trial, "unless the court determines that it should not".

THEREFORE, the premises considered, the Plaintiff prays that the Court enter an order setting the First Defense of the Answer, and the Columbus Motion to Dismiss, for hearing at the time of the pre-trial conference, on December 10, 2013 at 9:45 A.M.

Respectfully submitted

                                                */s/ Fife M. Whiteside*
                                                FIFE M. WHITESIDE
                                                Attorney for Debtor

P.O. Box 5383                                       GA Bar 756025
Columbus, GA 31906
706-320-1215