IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| by the DEPARTMENT OF REVENUE), THE | * | |
| GROGAN GROUP, LLC d/b/a GROGAN & | * | |
| GROGAN, and THE COLUMBUS | * | |
| CONSOLIDATED GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT COLUMBUS
CONSOLIDATED GOVERNMENT'S MOTION TO DISMISS COMPLAINT**

COMES NOW, Plaintiff, and makes the within Memorandum in Opposition to Defendant Columbus Consolidated Government's Motion to Dismiss Complaint ("Memorandum"), by which it offers authorities in support of its Response to Defendant Columbus Consolidated Government's Motion to Dismiss Complaint ("Response"). The Columbus Consolidated Government filed its own Memorandum of Law in Support fo Columbus Consolidated Government's Motion to Dismiss Complaint ("Columbus Memorandum"). For the reasons set forth below, Defendant Columbus Consolidated Government's Motion to Dismiss Complaint ("Motion to Dismiss") should be dismissed.

BACKGROUND

SunTrust Bank, N.A. ("SunTrust Bank") held a security deed on the Plaintiff's home ("the property"), and its subsidiary, SunTrust Mortgage, Inc. ("SunTrust Mortgage"), foreclosed on the security deed, without taking an assignment prior to foreclosure. The property was knocked off at the Courthouse steps, and Foxfire Acres, Inc. ("Foxfire") was the high bidder. The foreclosing attorney was Defendant McCalla Raymer. Foxfire tendered over $100,000.00, and an amount in excess of the payoff on the mortgage, which McCalla Raymer accepted on behalf of SunTrust Mortgage, even though SunTrust Mortgage was not the holder of the mortgage. After the sale the failure to record the assignment was discovered and Foxfire requested is money back.

Over the next three (3) years nothing happened.

No foreclosure deed was ever recorded. The property has continued to be titled, according to the record, to the Plaintiff, and the City of Columbus has continued to assess taxes in an amount now in excess of $9,000.00. Only recently did Foxfire recover its money back.

The Plaintiff's house has become what is commonly referred to as a "zombie foreclosure", a property gone derelict, and without useful purpose and a blight to the neighborhood. The Plaintiff, the Debtor herein, lacks the resources to pay the taxes on a property that she cannot live in, or to keep it up, and has been assessed with taxes and also has had citations issued to her by the City of Columbus for cleanup costs.

The Plaintiff's Complaint is an effort to cause the property to be sold, by someone, so that the City of Columbus' taxes can be paid, the property will become a performing taxable on the tax rolls, and someone will own it who can keep it up and satisfy other complaints by the City of Columbus and the neighbors.

Curiously, the City of Columbus, which would be paid in full out of the sale, opposes the sale. It has filed pleadings that say that there is no basis for relief (e.g. no right to sell the property to pay them off), and that the sale cannot be approved, and the Complaint to approve a sale cannot be heard unless there is a specific sale to approve, which could not be obtained with clarification that the property could be sold.. Both of these arguments are without any weight or merit.

LEGAL ARGUMENT

Complaint does state a claim for relief. 11 U.S.C. §363(f) specifically provides for the sale of property where liens are in dispute, and for reasons set forth more fully below, there is no question that there is a dispute as to the liens.

*THERE IS NO REQUIREMENT THAT THERE BE A SPECIFIC SALE FOR
A SALES MOTION OR COMPLAINT TO BE PURSUED*

It is Columbus' contention that an adversary proceeding to approve a sale cannot be sustained unless there is a specific sale to approve. This is not the law. See e.g., In re Tom's Foods, Inc., 05-40683-RFH (2005), unpublished opinion *attached*; In re Nashville Senior Living, LLC, 620 F.3d 584, (6th Cir. 2010).

In fact, it is quite commonplace for motions or complaints to approve sales to be granted where there is no specific sale. Here are examples:

a) all asset sales of Chapter 11 debtors' assets are frequently approved, based on the approval of the sales process, and a subsequent confirmation, Id.;

b) sales of real property, through a broker, are frequently approved in advance, subject to confirmation by the court after the sale;

c) where assets are to be auctioned off on an absolute basis, and the auction (the sales process) is approved even though the sale of each item is not.

The adversary proceeding, insofar as it is a complaint to sell property free and clear of liens, specifically anticipates subsequent proceedings to confirm a sale, once exact terms have been established. The prayer for relief contains the following language:

> "d) that whether the Court determines that the foreclosure was complete or not, or the debt and lien extinguished by payment, or as a result of operation of the doctrines of judicial estoppel or equitable subordination, the Court order a sale of the property free and clear of liens, under 11 U.S.C. § 363(f), as all liens are in dispute with distributions as outlined above in ¶77."

The prayer for relief erroneously referred to ¶77 of the Complaint, but should have referred to ¶78 of the Complaint, which alleges as follows:

> "The sale is in the best interest of the estate, and the Court should entertain supplemental pleadings to provide a mechanism to market and sell the property and distribute the proceeds to best maximize recovery for the estate and creditors."

This allows for an opportunity to object to the terms of the sale and distribution, once a highest, best bidder is obtained. Columbus can then object to the terms of the sale.

### *THE FACT THAT THERE IS A DISPUTE OVER OWNERSHIP OF THE PROPERTY DOES NOT MEAN THAT AN 11 U.S.C. §363(f) SALE CANNOT BE CONDUCTED*

Like other pleadings that have been filed in this case by other parties[1], Columbus' Motion is ambiguous in that it admits in that it maintains there are allowable tax debts is ambiguous. The pleadings maintain that there are allowable property tax assessment, against the Debtor and this property, which could not have been made unless the Debtor were the owner of the property. O.C.G.A. §48-5-9 (2013).

Yet at the same time, the basis for the Motion to Dismiss is the allegation that the Plaintiff does not have title to the property. Columbus' Memorandum, at unnumbered page 4, contains the following language;

> "Section 363(f) authorizes a trustee to sell property of the estate free and clear of any interest in that property "only if –" certain conditions are met. In this case, the Plaintiff does not allege that the property is property of the estate and does not assert that she is the owner of the house and lot. Her allegations are propositions. The Court has not yet determined whether she even has standing to sell the property so the motion is premature."

SunTrust Bank and SunTrust Mortgage have alleged in the bankruptcy case that the foreclosure attempted by McCalla Raymer on behalf of SunTrust Mortgage was complete so the Plaintiff does not have title to the property. Like those other parties, the City of Columbus[2] cannot have not have it both ways: either the property was foreclosed and the City of Columbus was not entitled to assess taxes on the property, so that its tax liens are void, or the property was not foreclosed and the liens are proper. This paradox renders the Columbus claim completely in dispute.

The inherent dispute in the City of Columbus' lien forms the basis to authorize a sale under 11 U.S.C. §363(f), not a basis to deny authorization. The Plaintiff notes that it is indeed curious that

---

[1]Defendants SunTrust Bank and SunTrust Mortgage have filed pleadings in the main case suggesting that the foreclosure was complete and that the Plaintiff does not own the land which is the subject matter of this Adversary Proceeding. See SunTrust Bank, N.A.'s and SunTrust Mortgage, Inc.'s Objection to Confirmation (#31-1).

[2]SunTrust Bank, N.A. and SunTrust Mortgage, Inc. are represented by the same firm as the Columbus Consolidated Government.

City of Columbus would attempt to block a sale, the effect of which would be in the best interest of the City of Columbus and its taxpayers. The Plaintiff (who is baffled by this) has noticed depositions of the Mayor and the Tax Assessor to determine the reason for this.

## SUMMARY

The City of Columbus' defenses under Rule 12(b)(6) should be determined not valid prior to trial.

Respectfully submitted

                                            */s/ Fife M. Whiteside*
                                            FIFE M. WHITESIDE
                                            Attorney for Debtor/Plaintiff

P.O. Box 5383                                      GA Bar 756025
Columbus, GA 31906
706-320-1215