IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE:<br><br>LESLIE MCDANIEL,<br><br>　　Debtor,<br><br><br>LESLIE MCDANIEL, Individually and as Representative of her Bankruptcy Estate,<br><br>　　Plaintiff,<br><br>v.<br><br>SUNTRUST BANK, SUNTRUST MORTGAGE, INC., MCCALLA RAYMER, LLC, FOXFIRE ACRES, INC., THE UNITED STATES BY AND THROUGH THE INTERNAL REVENUE SERVICE, THE STATE OF GEORGIA (REPRESENTED BY THE DEPARTMENT OF REVENUE) THE GROGAN GROUP, LLC D/B/A GROGAN & GROGAN, AND THE COLUMBUS CONSOLIDATED GOVERNMENT,<br><br>　　Defendants. | Chapter 13 Case No. 12-41231<br><br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. 13-04013 |

## ANSWER OF SUNTRUST BANK AND SUNTRUST MORTGAGE, INC.

COME NOW, SunTrust Bank ("SunTrust") and SunTrust Mortgage, Inc. ("SunTrust Mortgage") and answer the Complaint in the above-styled action as follows:

**FIRST DEFENSE**

Debtor lacks standing to bring the Complaint.

**SECOND DEFENSE**

Defendants assert that SunTrust Mortgage holds a valid perfected first lien against the subject property and against any proceeds from the sale of the property.

**THIRD DEFENSE**

Defendants affirmatively state that they have no objection to a sale pursuant to section 363(f) of the Bankruptcy Code, subject to their right to object the method and mechanism of such sale.

**FOURTH DEFENSE**

Defendants answer the specific allegations of the Complaint as follows:

**1.**

Defendants state that the allegations in Paragraphs 1, 2, and 3, are not factual averments and therefore cannot be admitted or denied.  Answering further, Defendants assert that this Court may not have jurisdiction of the State law claims asserted against them.

**2.**

Defendants admit the allegations of Paragraph 4 of the Complaint.

**3.**

Defendants deny the allegations of Paragraphs 5 and 6 of the Complaint.

**4.**

Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraphs 7, 8, 9, 10, 11, and 12 of the Complaint.

**5.**

Defendants admit the allegations of Paragraph 13 of the Complaint.

**6.**

Defendants are without knowledge sufficient to either admit or deny that the subject real property is the Debtor's sole asset. Defendants admit the remaining allegations of Paragraph 14 of the Complaint.

**7.**

Defendants admit the allegations of Paragraphs 15, 16 and 17 of the Complaint.

**8.**

Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraphs 18, 19, and 20 of the Complaint.

**9.**

Defendants admit the allegations of Paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31 of the Complaint.

**10.**

Defendants deny the allegations of Paragraph 32 of the Complaint, showing that the sale was never complete so there was no obligation to record a deed.

**11.**

Defendants admit the allegations of Paragraphs 33 and 34 of the Complaint.

**12.**

Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 35 of the Complaint, except that Defendants admit that a true and accurate copy of the abstractor's letter to McCalla is attached as Exhibit "6" to the Complaint.

**13.**

Defendants admit that McCalla Raymer forwarded an unrecorded foreclosure deed to Foxfire. Defendants are without knowledge sufficient to admit or deny the remaining allegations of Paragraph 36 of the Complaint.

**14.**

Defendants are without knowledge sufficient to admit or deny the allegations of Paragraph 37 of the Complaint.

**15.**

Defendants admit the allegations of Paragraph 38 of the Complaint. Answering further, Defendants show that Foxfire's position has been inconsistent regarding whether the sale was complete.

**16.**

Responding to the allegations of Paragraph 39 of the Complaint, Defendants admit that for a period of time they did not return the foreclosure proceeds, but that those funds were tendered to Foxfire in August 2013. Defendants deny the remaining allegations of Paragraph 39.

**17.**

Defendants deny the allegations of Paragraph 40 of the Complaint.

**18.**

Defendants admit the allegations of the first sentence of Paragraph 41 of the Complaint. Defendants deny the remainder of Paragraph 41 and state the Foxfire's Complaint speaks for itself.

**19.**

Defendants deny the allegations of Paragraph 42 of the Complaint. Answering further, Defendants show that SunTrust is not a party to the action brought by Foxfire against SunTrust Mortgage and McCalla Raymer.

**20.**

Responding to the allegations of Paragraph 43, Defendants admit that on August 27, 2013, it took the position that the foreclosure was not complete. Defendants deny the remaining allegations of Paragraph 43.

**21.**

As to the allegations contained in Paragraph 44 of the Complaint, Defendants admit that at the time the foreclosure was attempted, SunTrust held a valid lien against the property which is the subject of the Complaint. As to all other allegations contained in Paragraph 44, Defendants are without knowledge sufficient to either admit or deny such allegations.

**22.**

Defendants are without knowledge sufficient to either admit or deny the allegations in Paragraph 45 of the Complaint.

**23.**

Responding to Paragraph 46 of the Complaint, Defendants admit that the IRS was properly notified of the foreclosure. Defendants deny any other taxing authority was notified of the foreclosure. The remaining allegations of Paragraph 46 contain legal conclusions which Defendants can neither admit nor deny.

**24.**

Responding to Paragraph 47 of the Complaint, Defendants are without sufficient information to either admit or deny whether the value of the property exceeded the debt. However, Defendants admit that there was a surplus of at least $7,000.00 resulting from the sale.

**25.**

Responding to Paragraph 48 of the Complaint, Defendants admit that they did not re-call the foreclosure sale or record a foreclosure deed. Defendants deny the remaining allegations of Paragraph 48.

**26.**

Defendants deny the allegations of Paragraphs 49 and 50 of the Complaint.

**27.**

Defendants are without sufficient knowledge to admit or deny the allegations of Paragraphs 51 and 52 of the Complaint.

**28.**

Responding to Paragraph 53, Defendants show that the Debtor's allegation that the foreclosure sale was void is a legal conclusion which Defendants can neither admit nor deny. Defendants admit that in the event the foreclosure sale was void, they will claim Debtor is liable to them on the Note.

**29.**

Defendants deny the allegations of Paragraph 54 of the Complaint. Answering further, Defendants show that if the sale was valid, Debtor's obligation to Defendants was extinguished, but Debtor was not entitled to the surplus as subordinate lienholders would have been entitled to any surplus. Further, assuming the sale was void as alleged by Debtor, Debtor's obligation to lenders has not been extinguished.

**30.**

Defendants admit the allegations of Paragraphs 55, 56 and 57 of the Complaint.

**31.**

Responding the Paragraph 58 of the Complaint, Defendants deny any legal requirement to record a foreclosure deed as there was never a valid foreclosure sale.  Defendants admit the remaining allegations of Paragraph 58.

**32.**

Defendants admit the allegations of Paragraph 59 of the Complaint.

**33.**

Responding to Paragraph 60, Defendants admit they have declined to withdrawn their objection to confirmation of Debtor's plan, but deny that the objection is not well grounded in law or supported by facts.

**34.**

Defendants admit the allegations of Paragraph 61, 62, 63, 64, and 65 of the Complaint.

**35.**

Defendants admit the allegations of Paragraph 66 of the Complaint, and admit that *if* the foreclosure sale was complete, Debtor's obligations to Defendants are extinguished.  Conversely, if the sale was not complete, Debtor's obligations to Defendants are not extinguished.

**36.**

Defendants deny the allegations in Paragraphs 67, 68 and 69 of the Complaint.

**37.**

Defendants admit the allegations of Paragraphs 70 of the Complaint.

**38.**

Defendants deny the allegations of Paragraphs 71, 72, 73, 74, 75, 76, 77, 78, 79, and 80 of the Complaint.

**39.**

Defendants admit the allegations of Paragraph 81 of the Complaint.

**40.**

Defendants deny the allegations of Paragraphs 82, 83, and 84 of the Complaint.

**41.**

Defendants admit the allegations of Paragraph 85 of the Complaint. Answering further, Defendants show that SunTrust Mortgage had authority to run the foreclosure ads, but that an assignment of SunTrust Bank's security deed should have been recorded prior to the foreclosure sale. Since this did not occur, it lacked authority to conduct a foreclosure sale.

**42.**

Defendants deny the allegations of Paragraph 86 of the Complaint.

**43.**

Defendants admit the allegations of Paragraphs 87 of the Complaint.

**44.**

Defendants deny the allegations of Paragraphs 88, 89, 90, 91, 92, 93, and 94 of the Complaint.

**45.**

Except where the allegations of Plaintiff's Complaint are expressly admitted above, all allegations are herewith specifically denied.

**WHEREFORE,** having fully answered, Defendants SunTrust Bank and SunTrust Mortgage, Inc. request that the relief sought by Plaintiff be denied and that they be granted such other and further relief as the Court deems just and proper.

This 9th day of December 2013.

/s/ *Cater C. Thompson*
CATER C. THOMPSON
Georgia State Bar No. 129425
Attorney for SunTrust Bank and SunTrust Mortgage, Inc.

JONES CORK & MILLER, LLP
435 Second Street, Suite 500
P.O. Box 6437
Macon, GA  31208-6437
(478) 745-2821
cater.thompson@jonescork.com

MONICA K. GILROY
Georgia State Bar No. 420527
DICKENSON GILROY, LLC
3780 Mansell Road, Suite 140
Alpharetta, GA  30022
(678) 280-1921
mkg@dickensongilroy.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the above and foregoing *Answer of SunTrust Bank and SunTrust Mortgage, Inc.* upon all parties electronically or by mailing same in the United States Mail with appropriate postage to the parties listed below:

>Mr. Fife M. Whiteside
>P.O. Box 5383
>Columbus, Georgia  31906
>
>Ms. Kristin Hurt
>Office of the Chapter 13Trustee
>P.O. Box 1907
>Columbus, Georgia  31902
>
>Mr. Stephen G. Gunby
>Page Scrantom Law Firm
>P.O. Box 1199
>Columbus, Georgia 31902
>
>Ms. Audrey Seidle Eshman
>Assistant Attorney General
>40 Capitol Square, SW
>Atlanta, Georgia  30334-1300
>
>Mr. James D. Patrick
>P.O. Box 2745
>Columbus, Georgia  31902

This 9th day of December, 2013.

>                    /s/   *Cater C. Thompson*