IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| LESLIE MCDANIEL, | * | CASE NO. 12-41231-JTL |
| Debtor, | * | |

---

| | | |
|---|---|---|
| LESLIE MCDANIEL, Individually and as Representative of her Bankruptcy Estate, | * * * | |
| Plaintiff, | * * | ADVERSARY PROCEEDING |
| vs. | * * | NO. 13-04013 |
| SUNTRUST BANK, SUNTRUST MORTGAGE, INC., MCCALLA RAYMER, LLC, FOXFIRE ACRES, INC., THE UNITED STATES by and through the INTERNAL REVENUE SERVICE, THE STATE OF GEORGIA (Represented By the DEPARTMENT OF REVENUE), THE GROGAN GROUP, LLC d/b/a GROGAN & GROGAN, and THE COLUMBUS CONSOLIDATED GOVERNMENT, | * * * * * * * * * * * | |

**MOTION FOR PROTECTIVE ORDER AND ALTERNATIVELY
TO QUASH SUBPOENA AND CERTIFICATION OF GOOD FAITH EFFORT TO
RESOLVE DISCOVERY DISPUTE**

Comes now the City of Columbus, Columbus Consolidated Government ("Columbus"),

Teresa Tomlinson individually and in her capacity as Mayor of Columbus Georgia and Lula

Lunsford Huff, individually and in her capacity as Tax Commissioner for Muscogee County,

Georgia and each having been subpoenaed or noticed for purposes of providing a deposition in

the above Adversary Proceeding, and pursuant to Bankruptcy Rule 7026(c) move the Court for

protective orders, or alternatively, to quash said subpoenas.

## CERTIFICATION

The undersigned certifies that he has conferred with counsel for Plaintiff in a good faith effort to resolve this discovery dispute without court action and that notwithstanding those conferences, Plaintiff insists that she take the depositions which are the subject of this motion.

In support of their requests and prayers herein, Movants show as follows:

1.

None of the movants have stipulated to being deposed and the Plaintiff seeks to take the depositions before the time specified in Bankruptcy Rule 7026(d). The parties to the Adversary Proceeding have not held a conference as contemplated Bankruptcy Rule 7026(f).

2.

In support of and for the convenience of the Court in considering Movants' request, the following are attached:  Exhibit 1, Amended Notice of Deposition addressed to Defendant Columbus Consolidated Government; Exhibit 2, Amended Notice of Deposition of the Honorable Teresa Tomlinson, individually and as Mayor of the Columbus Consolidated Government; Exhibit 3, Subpoena issued to Mayor Teresa Tomlinson for a deposition to be taken December 2, 2013; Exhibit 4, Amended Notice to Take Deposition of Ms. Lula Lunsford Huff, individually and as "Tax Assessor" for the Columbus Consolidated Government; Exhibit 5, Subpoena issued to Mayor Teresa Tomlinson for a deposition to be taken December 2, 2013

3.

Attached and included in each Amended Notice of Deposition is a list of topics on which the Plaintiff wishes to depose each witness. In each case, the topics are not germane to any relief

sought in the case; are topics on which the witnesses clearly have no knowledge; and, the information sought may be obtained either through public records or by means which do not interfere with the execution of their duties as elected officials.

### 4.

As to the Amended Notice of the Deposition of Lula Huff and Teresa Tomlinson, individually, there is absolutely no hint of evidence or any indication that either of them has anything to do with the issues in the case or the property which is the subject of the case and neither has any knowledge about the issues or matters in the case. Discovery as to Teresa Tomlinson and Lula Lunsford Huff is inappropriate, burdensome and constitutes harassment.

### 5.

As to Teresa Tomlinson as Mayor of Columbus, Georgia, Plaintiff seeks testimony on two topics. One, Plaintiff wants to question Mayor Tomlinson about, "statistical information related to abandoned foreclosure or pre-foreclosure property ("zombie foreclosure")" which Plaintiff identifies as events described in a news article published by CNNMoney. There are no statistics maintained by Columbus relating or quantifying foreclosure or pre-foreclosure properties in Columbus so neither the Mayor nor any other representative of Columbus can testify about that topic.

### 6.

Plaintiff also wants to question the Mayor on any, "non-privileged emails or correspondence concerning the above styled case." The Mayor has no such emails or correspondence. Therefore, no testimony would be forthcoming and to require the Mayor to

attend a deposition in order to testify that she has no knowledge on these topics would be burdensome and harassing.

7.

As to Lula Huff, Plaintiff wants to depose her in her capacity as Tax Assessor but Lula Huff is not the Tax Assessor for Muscogee County. She is the Tax Commissioner and any information she could possibly provide about the property involved in this case would be the status of the payment of taxes which information is available to the public from the Office of the Tax Commissioner and online.[1] Nevertheless, Plaintiff wants to depose the Tax Commissioner about the tax assessments on the subject property.[2] Lula Huff is not qualified to testify as to its authenticity. Plaintiff also wants Ms. Huff to testify about statistics related do abandoned foreclosure or pre-foreclosure property and no such statistics are maintained by Lula Huff. To require the Tax Commissioner to attend a deposition to simply testify that she has no knowledge on these topics would be burdensome and harassing.

8.

In addition to deposing a representative of Columbus on the statistics discussed above, that are not maintained, and the ad valorem taxes which are a matter of public record, Plaintiff wants to depose Columbus on the basis of its motion to dismiss that has already been heard by the court. Therefore, Plaintiff's Notice of Deposition and to the extent applicable, any related subpoenas, are untimely and unwarranted.

WHEREFORE, Movant prays for a Protective Order against Plaintiff's effort to depose Teresa Tomlinson in her individual capacity and as Mayor of the City of Columbus, Georgia,

---

[1] Columbus is providing Plaintiff with a statement showing the amount of taxes owed and related to the subject property.
[2] Amounts of tax assessments are available to the public for any property in Columbus. Information as to the assessment for the subject property is being provided to Plaintiff.

Lula Lunsford Huff in her individual capacity and in any other capacity as an employee or elected official of Columbus Consolidated Government, and any witness representing the City of Columbus. Alternatively, Defendant prays that Plaintiff's Subpoenas and Notices of Deposition be quashed and for any and all further relief as the Court deems appropriate and just.

This 16th day of December, 2013.

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.

By: s/Stephen G. Gunby
Stephen G. Gunby
Ga. Bar No.: 315212

1111 Bay Avenue, Third Floor
P. O. Box 1199
Columbus, Georgia 31902          Attorneys for Columbus
(706) 324-0251                   Consolidated Government
sgg@psstf.com

# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

---

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| by the DEPARTMENT OF REVENUE), THE | * | |
| GROGAN GROUP, LLC d/b/a GROGAN & | * | |
| GROGAN, and THE COLUMBUS | * | |
| CONSOLIDATED GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

## <u>AMENDED NOTICE OF DEPOSITION</u>
(Defendant: Columbus Consolidated Government)

TO:    Columbus Consolidated Government

YOU ARE HEREBY NOTIFIED that on the  17th  day of December, 2013, beginning at

10:00 o'clock a.m. at the offices of Fife M. Whiteside, 1124 Lockwood Ave., Columbus,

Georgia, Fife M. Whiteside will take the deposition of Columbus Consolidated Government

upon oral examination and notice.  This deposition will be taken before a notary public and court

reporter and this deposition will be taken for purposes of cross examination, discovery, and all other purposes permitted by law.  Oral examination will continue from day to day until completion.

THE WITNESS will be required to provide the following documents, if any: None.

AS THE WITNESS is a public or private corporation or a partnership or association or governmental agency, the witness shall be required to designate one or more officers, directors, managing agents, or other persons to testify on the witness' behalf.  The matters with respect to which testimony will be required by the witness are outlined as follows:

a)   The factual bases for the Motion to Dismiss filed herein by Columbus Consolidated Government ("Columbus");

b)   The basis for Columbus' contention that the property subject matter of this Adversary Proceeding is not property of the estate;

c)   The ad valorem property tax status of that property;

d)   The statistics for the incidents of pre-foreclosure or foreclosure property ("zombie foreclosure"[1]) in the City of Columbus.

YOU ARE INVITED to attend and to examine to the extent permissible by law.

_____
FIFE M. WHITESIDE
Ga. Bar No. 756025

P.O. Box 5383
Columbus, GA 31906
(706) 320-1215

---

[1] For purposes of this deposition notice a "zombie foreclosure" is a foreclosure for which the sale never took place or the lender never transferred the deed.  Please see attached CNN Money under article published February 20, 2013, for more information. Note that this is one of over 357,000 web articles, according to Google, which are available online. Plaintiff offers this clarification at the request of the witnesses but suspect they know what the terms means.

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| by the DEPARTMENT OF REVENUE), THE | * | |
| GROGAN GROUP, LLC d/b/a GROGAN & | * | |
| GROGAN, and THE COLUMBUS | * | |
| CONSOLIDATED GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

**CERTIFICATE OF SERVICE**
(Amended Notice to Take Deposition - Non Party: )

I, the undersigned counsel of record for the party serving the below identified pleading, discovery item, of instrument, do hereby certify that I have this day served a true and accurate copy of the within and foregoing **Amended Notice to Take Deposition - Defendant: Columbus Consolidated Government** by mailing same U.S. postage prepaid on the following individuals or firms, who are counsel for all parties herein, and/or in the event a party is unrepresented, any party *pro se*, at the addresses set forth below:

U.S. Trustee
440 Martin Luther King Jr. Blvd.
Macon, Georgia 31201

A. Kristin Hurst
Chapter 13 Trustee
P.O. Box 1907
Columbus, GA 31902

Stephen G. Gunby
Page Scrantom Sprouse Tucker & Ford
P.O. Box 1199
Columbus, GA 31902-1199

Cater C. Thompson
Jones Cork & Miller, LLP
435 Second St, Suite 500
Macon, GA31201

James D. Patrick
831 2nd Avenue
Columbus, GA 31901

The Grogan Group, LLC
c/o Grogan & Grogan
P.O. Box 1518
Columbus, GA 31902

Grogan & Grogan
Attn: Lynn Grogan, Agent
P.O. Box 1518
Columbus, GA 31902

Barbara G. Parker
Office of U.S. Attorney - Macon
P.O. Box 1702
Macon, GA 31202

Audrey Seidle Eshman
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

SO DONE this the 27th day of November, 2013.

_____
FIFE M. WHITESIDE

# Exhibit 2

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

---

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as Representative of her Bankruptcy Estate, | * * * | |
| Plaintiff, | * * | ADVERSARY PROCEEDING |
| vs. | * * | NO. 13-04013 |
| SUNTRUST BANK, SUNTRUST MORTGAGE, INC., McCALLA RAYMER, LLC, FOXFIRE ACRES, INC., THE UNITED STATES by and through the THE INTERNAL REVENUE SERVICE, THE STATE OF GEORGIA (Represented by the DEPARTMENT OF REVENUE), THE GROGAN GROUP, LLC d/b/a GROGAN & GROGAN, and THE COLUMBUS CONSOLIDATED GOVERNMENT, | * * * * * * * * * * * | |
| Defendants. | * | |

**AMENDED NOTICE TO TAKE DEPOSITION**
(Non Party: Mayor Teresa Tomlinson)

TO:    Hon. Teresa Tomlinson, Individually
and as Mayor of the Columbus Consolidated Government


YOU ARE HEREBY NOTIFIED that on the 17th day of December, 2013, beginning at

10:15 o'clock a.m. at the offices of Fife M. Whiteside, Attorney at Law, 1124 Lockwood Avenue,

Columbus, Georgia  31906, Fife M. Whiteside will take the deposition of Hon. Theresa

Tomlinson, individually and in her capacity as Mayor of the Columbus Consolidated

Government, upon oral examination and notice.  The deposition will be taken before a notary

public and court reporter.  This deposition shall be taken for purposes of cross-examination,

discovery and all other purposes permitted by law.  Oral examination will continue from day to

day until completion.  The witness will be required to provide the following documents, if any:

1.    Statistical information related to abandoned foreclosure or pre-foreclosure
      property ("zombie foreclosure"[1]); and

2.    Non-privileged emails or correspondence concerning this case.

You are invited to attend and to examine to the extent permissible by law.

RESPECTFULLY SUBMITTED,

_____

FIFE M. WHITESIDE
Attorney for Debtor/Plaintiff
Ga. State Bar No. 756025

P. O. Box 5383
Columbus, Georgia  31906
706-320-1215

---

[1]For purposes of this deposition notice a "zombie foreclosure" is a foreclosure for which
the sale never took place or the lender never transferred the deed.  Please see attached CNN
Money under article published February 20, 2013, for more information. Note that this is one of
over 357,000 web articles, according to Google, which are available online. Plaintiff offers this
clarification at the request of the witnesses but suspect they know what the terms means.

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

---

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| by the DEPARTMENT OF REVENUE), THE | * | |
| GROGAN GROUP, LLC d/b/a GROGAN & | * | |
| GROGAN, and THE COLUMBUS | * | |
| CONSOLIDATED GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE
(Amended Notice to Take Deposition - Non Party: Mayor Teresa Tomlinson)

I, the undersigned counsel of record for the party serving the below identified pleading, discovery item, of instrument, do hereby certify that I have this day served a true and accurate copy of the within and foregoing **Amended Notice to Take Deposition - Non Party: Mayor Teresa Tomlinson** by mailing same U.S. postage prepaid on the following individuals or firms, who are counsel for all parties herein, and/or in the event a party is unrepresented, any party *pro se*, at the addresses set forth below:

U.S. Trustee
440 Martin Luther King Jr. Blvd.
Macon, Georgia  31201

A. Kristin Hurst
Chapter 13 Trustee
P.O. Box 1907
Columbus, GA 31902

Stephen G. Gunby
Page Scrantom Sprouse Tucker & Ford
P.O. Box 1199
Columbus, GA 31902-1199

Cater C. Thompson
Jones Cork & Miller, LLP
435 Second St, Suite 500
Macon, GA31201

James D. Patrick
831 2nd Avenue
Columbus, GA 31901

The Grogan Group, LLC
c/o Grogan & Grogan
P.O. Box 1518
Columbus, GA 31902

Grogan & Grogan
Attn: Lynn Grogan, Agent
P.O. Box 1518
Columbus, GA 31902

Barbara G. Parker
Office of U.S. Attorney - Macon
P.O. Box 1702
Macon, GA 31202

Audrey Seidle Eshman
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

SO DONE this the 27th day of November, 2013.

_____
FIFE M. WHITESIDE

# Exhibit 3

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

_____ MIDDLE _____ District of _____ GEORGIA _____

In re Leslie McDaniel          ,
                    Debtor
Leslie McDaniel, Plaintiff
v.
SunTrust Bank, et al
                    Defendants
To: Mayor Teresa Tomlinson

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. * 12-41231

Chapter    13

AP No. 13-04013

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Law Office of Fife M. Whiteside, P.C.<br>1124 Lockwood Avenue<br>Columbus, GA 31906 | DATE AND TIME<br>December 2, 2013 @ 10:30 AM |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
1) Statistical information related to abandoned foreclosure or pre-foreclosure property ("zombie foreclosure"); and 2) Non-privileged emails or correspondence concerning this case.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE<br>11/25/13 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Fife M. Whiteside, Columbus, GA.

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
   (2) Command to Produce Materials or Permit Inspection.
      (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
   (3) Quashing or Modifying a Subpoena.
      (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information;
         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
         (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
      (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
   (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
      (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
      (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) Claiming Privilege or Protection.
      (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Exhibit 4

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

---

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| by the DEPARTMENT OF REVENUE), THE | * | |
| GROGAN GROUP, LLC d/b/a GROGAN & | * | |
| GROGAN, and THE COLUMBUS | * | |
| CONSOLIDATED GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

## AMENDED NOTICE TO TAKE DEPOSITION
(Non Party Witness: Mrs. Lula Lunsford Huff)

TO:   Mrs. Lula Lunsford Huff, Individually
and as Tax Assessor for the Columbus Consolidated Government


YOU ARE HEREBY NOTIFIED that on the 17th day of December, 2013, beginning at

10:30 o'clock a.m. at the offices of Fife M. Whiteside, Attorney at Law, 1124 Lockwood Avenue,

Columbus, Georgia  31906, Fife M. Whiteside will take the deposition of Mrs. Lula Lunsford

Huff, individually and in her capacity as Tax Assessor for the Columbus Consolidated

Government, upon oral examination and notice.  The deposition will be taken before a notary

public and court reporter.  This deposition shall be taken for purposes of cross-examination,

discovery and all other purposes permitted by law.  Oral examination will continue from day to

day until completion.  The witness will be required to provide the following documents, if any:

1.   Tax assessment documents related to property owned by Plaintiff; and
2.   Statistical information related to abandoned pre-foreclosure or foreclosure
     property ("zombie foreclosure"[1]).

You are invited to attend and to examine to the extent permissible by law.

RESPECTFULLY SUBMITTED,

_____
FIFE M. WHITESIDE
Attorney for Debtor/Plaintiff
Ga. State Bar No. 756025

P. O. Box 5383
Columbus, Georgia  31906
706-320-1215

---

[1]For purposes of this deposition notice a "zombie foreclosure" is a foreclosure for which
the sale never took place or the lender never transferred the deed.  Please see attached CNN
Money under article published February 20, 2013, for more information. Note that this is one of
over 357,000 web articles, according to Google, which are available online. Plaintiff offers this
clarification at the request of the witnesses but suspect they know what the terms means.

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as Representative of her Bankruptcy Estate, | * | |
| | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST MORTGAGE, INC., McCALLA RAYMER, LLC, FOXFIRE ACRES, INC., THE UNITED STATES by and through the THE INTERNAL REVENUE SERVICE, THE STATE OF GEORGIA (Represented by the DEPARTMENT OF REVENUE), THE GROGAN GROUP, LLC d/b/a GROGAN & GROGAN, and THE COLUMBUS CONSOLIDATED GOVERNMENT, | * * * * * * * * * * | |
| | * | |
| Defendants. | * | |

**CERTIFICATE OF SERVICE**
(Amended Notice to Take Deposition - Non Party Witness: Mrs. Lula Lunsford Huff)

I, the undersigned counsel of record for the party serving the below identified pleading, discovery item, of instrument, do hereby certify that I have this day served a true and accurate copy of the within and foregoing **Amended Notice to Take Deposition - Non Party Witness: Mrs. Lula Lunsford Huff** by mailing same U.S. postage prepaid on the following individuals or firms, who are counsel for all parties herein, and/or in the event a party is unrepresented, any party *pro se*, at the addresses set forth below:

U.S. Trustee
440 Martin Luther King Jr. Blvd.
Macon, Georgia 31201

A. Kristin Hurst
Chapter 13 Trustee
P.O. Box 1907
Columbus, GA 31902

Stephen G. Gunby
Page Scrantom Sprouse Tucker & Ford
P.O. Box 1199
Columbus, GA 31902-1199

Cater C. Thompson
Jones Cork & Miller, LLP
435 Second St, Suite 500
Macon, GA31201

James D. Patrick
831 2nd Avenue
Columbus, GA 31901

The Grogan Group, LLC
c/o Grogan & Grogan
P.O. Box 1518
Columbus, GA 31902

Grogan & Grogan
Attn: Lynn Grogan, Agent
P.O. Box 1518
Columbus, GA 31902

Barbara G. Parker
Office of U.S. Attorney - Macon
P.O. Box 1702
Macon, GA 31202

Audrey Seidle Eshman
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

SO DONE this the 27th day of November, 2013.

_____
FIFE M. WHITESIDE

Exhibit 5

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

MIDDLE _____ District of _____ GEORGIA

In re Leslie McDaniel  ,
              Debtor
Leslie McDaniel, Plaintiff
v.
SunTrust Bank, et al
              Defendants
To:
Lula Lunford Huff, Tax Assessor

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. * __12-41231__

Chapter __13__

AP No: 13-04013

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Law Office of Fife M. Whiteside, P.C.<br>1124 Lockwood Avenue<br>Columbus, GA 31906 | December 2, 2013 @ 11:00 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
1) Statistical information related to abandoned foreclosure or pre-foreclosure property ("zombie foreclosure"); and 2) Non-privileged emails or correspondence concerning this case.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
|  | 11/25/13 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Fife Whiteside, Columbus, Ga

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have served a copy of the above and foregoing **MOTION FOR PROTECTIVE ORDER AND ALTERNATIVELY TO QUASH SUBPOENA** upon all parties electronically or by mailing same in the United States Mail with the appropriate postage to the parties listed below.

Fife M. Whiteside, Attorney for Plaintiff
James D. Patrick, Attorney for Foxfire Acres, Inc.
Cater C. Thompson, Attorney for Suntrust Bank and Suntrust Mortgage
Monica Gilroy, Attorney for Suntrust Bank and Suntrust Mortgage
Barbara Parker, Asst US Attorney for the United States and IRS
Audrey Seidle, Deputy Attorney General for Georgia, for GA Dept of Revenue
Alan G. Snipes, Attorney for McCalla Raymer, LLC
Kristin Hurst, Chapter 13 Trustee

This 16th day of December, 2013.

s/Stephen G. Gunby
Counsel for Columbus
Consolidated Government

C0836-0829-5