IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| : | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| by the DEPARTMENT OF REVENUE), THE | * | |
| GROGAN GROUP, LLC d/b/a GROGAN & | * | |
| GROGAN, and THE COLUMBUS | * | |
| CONSOLIDATED GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS
OR, ALTERNATIVELY, MOTION FOR MORE DEFINITIVE
STATEMENT, FILED BY McCALLA RAYMER, LLC**

Comes now, Plaintiff, and makes the within Memorandum in Opposition to the Motion to Dismiss, or Alternatively, Motion for More Definitive Statement ("Memorandum"), filed by McCalla Raymer, LLC ("McCalla"), by which the Plaintiff offers authorities in opposition to Motion to Dismiss or, Alternatively, Motion for More Definitive Statement ("Motion"). For

1

reasons set forth below, the Motion to Dismiss or, Alternatively, Motion for More Definitive Statement, filed by McCalla Raymer should be denied. Leave should be granted to authorize amendments to pleadings.

## I. FACTUAL BACKGROUND

### A. Factual History[1]

SunTrust Bank, N.A. ("SunTrust Bank") held a security deed on the Plaintiff's home ("the property"), and its subsidiary, SunTrust Mortgage, Inc. ("SunTrust Mortgage"), foreclosed on the security deed, without taking an assignment prior to foreclosure. ¶ 13-17, 21-28. The property, 2627 Meadowview Drive, Columbus, Muscogee County, Georgia (herein "property"), was knocked off at the Courthouse steps, and Foxfire Acres, Inc. ("Foxfire") was the high bidder.

The foreclosing attorney was Defendant McCalla Raymer, which had made numerous demands for SunTrust Mortgage. ¶ 24, ¶ 29.

Foxfire tendered over $126,000.00, and an amount in excess of the payoff on the mortgage, which McCalla Raymer accepted on behalf of SunTrust Mortgage, even though SunTrust Mortgage was not the holder of the mortgage. ¶ 28-31. After the sale the failure to record the assignment was discovered and Foxfire requested its money back. ¶ 36-38.

Over the next three (3) years nothing happened. ¶ 50, ¶ 55-60

No foreclosure deed was ever recorded. ¶ 36. The property has continued to be titled, according to the record, to the Plaintiff, and the City of Columbus has continued to assess taxes in an amount now in excess of $9,000.00. ¶ 45, ¶ 51. Only recently did Foxfire recover its money back. ¶ 59.

The Plaintiff's house has become what is commonly referred to as a "zombie foreclosure", a property gone derelict, and without useful purpose and a blight to the neighborhood. ¶ 51-52. The Plaintiff, the Debtor herein, lacks the resources to pay the taxes on a property that she cannot live in, or to keep it up, and has been assessed with taxes and also has had citations issued to her by the City of Columbus for cleanup costs. ¶ 51-52.

### B. Procedural History

---

[1] Citations are to the Original Complaint, unless otherwise noted, paragraph by paragraph. See also FN 3, below.

(1) <u>Prior to fling the instant bankruptcy case</u>

Foxfire brought suit in Superior Court of Muscogee County ("non-bankruptcy litigation") against SunTrust Mortgage and McCalla Raymer on November 18, 2011.

The non-bankruptcy litigation Complaint which is before the Court is Exhibit 7 to the Plaintiff's Complaint, recited the facts of the foreclosure sale, and SunTrust Mortgage denied those allegations, outright, effectively denying that the foreclosure on the property was complete. In the litigation that followed, Suntrust, and McCalla, ambiguously took the same position in various parts of the litigation.

(2) <u>Subsequent to the filing of the bankruptcy case</u>

During the pendency of the non-bankruptcy, litigation, on December 21, 2012, the Plaintiff filed her Chapter 13 bankruptcy case.

She proposed a Chapter 13 Plan by which she would sell the property by sale pursuant to 11 U.S.C. §363(f). SunTrust and SunTrust Mortgage each objected to the Plan, by an Objection t to Confirmation of Plan, Docket No. 31, herein "Objection", by which they contended that the foreclosure had been completed and that the property she wished to sell was not property of the estate.

SunTrust, SunTrust Mortgage, and McCalla filed a Motion to Dismiss the State Court litigation, and that Motion was denied, leaving that case pending. Subsequent to that denial, on August 27, 2013, without reservation, SunTrust, SunTrust Mortgage, or McCalla, or some of them, refunded the entire sales proceeds to Foxfire. A portion of the sales proceeds would have belonged to the Plaintiff, or if not to her, to her taxing authorities which had liens on the property, yet the surplus was paid over to Foxfire at the same time that the principal balance of the debt was.

Subsequent to the filing of the bankruptcy case, on August 27, 2013, SunTrust Mortgage and SunTrust reversed its position that the foreclosure had been complete, as articulated in the objection to the Chapter 13 Plan, and refunded the Foxfire bid price.

The Debtor's position has been consistent that the foreclosure was not valid, and that the Debtor still owned the property in question. There is no other reason she would have filed her suit in the first five Counts to sell her property.

(3) <u>Analysis of the Pleadings in this Adversary Proceeding</u>

(i) <u>Alternative and Hypothetical Allegations Explained.</u>

On October 17, 2013, the Debtor brought suit against all lien holders in the property, including Columbus, which curiously objected to the proposed sale, even though, at Para. 45 of the Plaintiff's Complaint, it was specifically provided that they were to be paid in full, first, out of the proceeds of the sale.

The Motion before the Court now, filed by McCalla, deals with the claims for recovery that are pending against McCalla. The damage claims are Count Six, Count Seven, Count Eight, of the Original Complaint, and the claims for Attorney's fees are Count Nine of the original complaint and proposed Count 10 of the proposed amended complaint.

The original Complaint was pled in the alternative because of the inconsistency in the positions taken by SunTrust, SunTrust Mortgage, and McCalla, over whether or not the foreclosure attempted was complete. If the foreclosure was complete, as was alleged by SunTrust and SunTrust Mortgage by its objection in this bankruptcy case, then one set of claims would apply, but if SunTrust were correct in its position taken now unambiguously in the Superior Court litigation, that the foreclosure was invalid, then another set of claims would apply.[2]

The following provides a detailed analysis of Counts Six through Ten of the Complaint, as proposed to be amended, which are claims for recovery of money, in terms of which claims are hypothetical and alternative, and how. These are set forth in chart form:

---

[2]SunTrust, SunTrust Mortgage, and particularly McCalla Raymer, the Movant, has made a great deal of the fact that the Complaint was pled in the alternative. The Plaintiff's right to plead in the alternative is provided for by the *R.Bankr.Pro. 7008* incorporating by reference *Fed.R.Civ.Pro. 8(a)(2)*. Since it was specifically caused by the failure of SunTrust, SunTrust Mortgage, and McCalla Raymer to take a consistent position over whether or not the foreclosure was complete. If there are woes in the pleadings as a result of this ambiguity, it is exactly the result of the conduct of those parties. That problem could be resolved immediately if Suntrust, SunTrust Mortgage, and McCalla Rayer would simply stipulate that the foreclosure was void.

The Plaintiff calls to the attention of the Court that she has made a sanction notice under *R.Bankr.Pro. 9011* on SunTrust and SunTrust Mortgage, because of the ambiguous positions because of the inconsistent positions taken by it.

| Count No. | Defendant/ Claim | Alternative for claim |
|---|---|---|
| Count Six | Claim against SunTrust, SunTrust Mortgage, or McCallaDamages for damages for violation of the automatic stay under 11 U.S.C. §362(k), under eral, bankruptcy law | Applies if the foreclosure was not void, as SunTrust and SunTrust Mortgage originally contended, or if the debt secured by the security deed was satisfied by acceptance of sales proceeds or by judicial estoppel. |
| Count Seven | Claim against SunTrust, SunTrust Mortgage, or McCalla for Damages for Wrongful foreclosure, under state law, and under federal law, non bankruptcy law, Fair Debt Collection Practices Act | Applies if the foreclosure was void as the Plaintiff has always contended |
| Count Eight | Claim against SunTrust, SunTrust Mortgage, or McCalla for Damages for conversion of the sales surplus, under state law | Applies if the foreclosure was not void, as SunTrust and SunTrust Mortgage originally contended, or if the debt secured by the security deed was satisfied by acceptance of sales proceeds or by judicial estoppel. |
| Count Nine | Claim against SunTrust, SunTrust Mortgage and McCalla for Attorney's Fees for stubbornly litigious conduct, under state law | Applies whether the foreclosure was complete or not, if Plaintiff prevails and bad faith is established. |
| Count Ten | Claim against all lien holders, except Columbus, to the extent of sales proceeds for Attorney's Fees as a surcharge for costs in disposing of collateral. Note: This is not a claim against McCalla | Applies if the foreclosure was void as the Plaintiff has always contended |

The claims status in terms of which claims are hypothetical and alternative, and how, can be summarized as follows. Counts Six and Eight would be applicable if the position taken by SunTrust and SunTrust Mortgage, in this bankruptcy case originally, that the foreclosure was valid, is sustained by the Court or if the Court finds that the foreclosure was void but the debt nevertheless extinguished by the acceptance of the sales proceeds or judicial estoppel. Count Seven would apply if the position taken on the foreclosure by the Plaintiff were sustained. County Nine would apply if the Plaintiff is successful in her state law litigation under any alternative. (Count Ten is not a claim against McCalla)

        (ii) Jurisdictional Status of Claims

McCalla argues that the claims against it other than for violation of the stay are not "core proceeding" claims or are outside the bankruptcy Court's Article One jurisdition and so must be dismissed. Plaintiff does not dispute that at least some of the claims are outside the Court's Article One jurisdiciton within the analysis of *Stern v. Marshall*, and that at least some of the claims are not in the nature of "core proceedings" under 28 U.S.C. § 157. The following chart provides a succinct explanation of the Plaintiff's position on how those claims splay out in jurisdictional terms:

| Count No. | Defendant/ Claim | Section 157 and Article One Court Jurisdiction status, |
| --- | --- | --- |
| Count Six | Claim against SunTrust, SunTrust Mortgage, or McCalla for Damages for violation of the automatic stay under 11 U.S.C. §362(k), under federal, bankruptcy law | CORE AND JURISDICTIONAL: This is entirely a bankruptcy law claim and arises during the course of the case, so it is within the Court's jurisdiction and a core proceeding claim. |
| Count Seven | Claim against SunTrust, SunTrust Mortgage, or McCalla for Damages for Wrongful foreclosure, under state law, and under federal law, non bankruptcy law, Fair Debt Collection Practices Act | NON-CORE AND EXTRA-JURISDICTIONAL: There are entirely a non-bankruptcy law claim and arose prior to the case outside the Court's jurisdiction and not a core proceeding claim. |

| Count Eight | Claim against SunTrust, SunTrust Mortgage, or McCalla for Damages for conversion of the sales surplus, under state law | CORE BUT EXTRA-JURISDICTIONAL: This is entirely a non-bankruptcy law claim and but arose during the course of the case it is a "core proceeding" claim, but outside the Court's jurisdiction. |
|---|---|---|
| Count Nine | Claim against SunTrust, SunTrust Mortgage and McCalla for Attorney's Fees for stubbornly litigious conduct, under state law | NON-CORE AND EXTRA-JURISDICTIONAL: This is entirely a non-bankruptcy law claim and arose prior to the case (when the stubbornly litigious conduct was practiced) so it is outside the Court's jurisdiction and not a "core proceeding" claim. . |
| Count Ten | Claim against all lien holders, except Columbus, to the extent of sales proceeds for Attorney's Fees as a surcharge for costs in disposing of collateral. <u>Note:</u> This is not a claim against McCalla | CORE AND JURISDICTIONAL: This is entirely a bankruptcy law claim and arises during the course of the case, so it is within the Court's jurisdiction and a core proceeding claim. |

Plaintiff concedes that Counts Seven, Eight, and Nine are outside the Article One jurisdiction of the bankruptcy Court, and that Counts Seven and Nine are not core proceedings. However, the law does not require that these claims be dismissed, but only that they be referred to the district Court. Arguments follow below.

## II. STATEMENT OF THE ISSUES AND SUMMARY RESPONSE

The Motion to Dismiss proceeds along three lines, and sets up three issues.

7

A. Failure to State a Claim

First Issue:  McCalla argues that there is no sustainable cause of action, one set out under the pleadings or an possible amendment, against it under Georgia or federal law.

Plaintiffs Response: There is a direct authority for claims against McCalla under several different legal theories.

B. Dismissal for Lack of Jurisdiction

Second Issue: McCalla argues that since claims arise under State law, do not appear to be core proceedings, and are outside of the Bankruptcy Court's jurisdiction, under the terms of *Stern v. Marshall*, the case must be dismissed.

Plaintiff's Response: Bankruptcy law has developed to the effect that if the matters not subject to Bankruptcy Court jurisdiction, as an Article One Court, under *Stern v. Marshall*, whether it is a core proceeding or not. should not be dismissed but should be submitted to the Federal District Court.

C. Motion for More Definite Statement

Third Issue:  McCalla argues that the complaint is too indefinite because alternative remedies are stated.

Plaintiff's Response:   McCalla's problem is with the Federal Rules of Civil Procedure which clearly provide for alternative remedies, and the fact that their own pleadings, and the related pleadings of SunTrust Bank and SunTrust Mortgage, have created the ambiguities which resulted in the necessity to plead in the alternative.

**III. ARGUMENT OF THE LAW AND CITATION OF AUTHORITIES**[3]

A. Sustainable Claims Against McCalla

1. Sustainable State Law Claims

Conducting a foreclosure on property at a time when there is no legal right to do so is an tort malfeasance or misfeasance. See *Babalola v. HSBC Bank, USA, NA*, __ GaApp___2013 WL 6038184 (2013); *Racette v. Bank of America, NA*, 318 Ga App 171 (2012);

---

[3]All allegations of the original complaint and proposed amended complaint have been taken as true. *Findwhat Investor Group v. Findwhat.com*, 658 F.3d 1282, 1296 (11th Cir. 291)

An agent undertaking such a tortious course of conduct on behalf of a master is himself personally liable. As stated by the Middle of District of Georgia District Court, by District Court Judge Treadwell, in Parker v. Goshen Realty Corporation, et al, 2011 W.L. 3236095 (2011):

> "An agent can be individually liable for his or her actions involving misfeasance. (Citations omitted). Misfeasance is the 'improper doing of an act which the agent might lawfully do' and '[i]p may also involve to some extent the idea of not doing: as where an agent engaged in the performance of his undertaking does not do something which it is his duty to do under the circumstances, or does not take precaution or does not exercise that care which a due regard for the rights of others requires." (Citations omitted)

Id at *2. See Reed v. Arrington-Blount Ford, Inc., 148 Ga.App. 595, 597, 252 S.E. 2d 13,15, (1979); Adams, Georgia Law of Torts, Sec. 9:5: Liability of Agent to Third Parties (2013-2014 Ed), citing authorities.

When McCalla undertook to perform the foreclosure properly, and when it failed to do so it is as liable as SunTrust Mortgage, as principle. If the foreclosure was botched, as Plaintiff has contended, then the liability is equally the same for McCalla as for SunTrust Mortgage. See Racette v. Bank of America, NA, in which the Court of Appeals reversed a dismissal of a wrongful foreclosure claim against the lender and its attorney.

    2.    Federal Law Claims

If McCalla were not liable under State law as the agent of a tortious principal, it would be liable under Federal law, under the Fair Debt Collection Practices Act. 15 U.S.C. §1692a et seq. U. Specifically, 15 U.S.C. §1692f (6)(a) imposes liability on a "debt collector" for "taking or threatening to take any non-judicial action to effect disposession or disablement of property if – there is no present right to possession of the property claimed as collateral through any enforceable security interest...". McCalla was a "debt collector" for purposes of this section. 15 U.S.C. §1692a (6). When it commenced to conduct a foreclosure which its client was not legally entitled to conduct, because its client was not the holder of the mortgage to be foreclosed upon, it did exactly what 15 U.S.C. §1692f(6)(a) prohibits and becomes liable, for damages and attorneys fees. 15 U.S.C. §1692k. See Babalola v. HSBC Bank USA, NA, __Ga App___, 2013 WL 6038184 (2013).

9

B. Reference to the District Court rather than Dismissal

McCalla's argument is that since the claims against it, other than Count Six for damages for violation of the automatic stay in bankruptcy, are either not core proceedings under 28 U.S.C. §157, or if core proceedings are outside of the jurisdiction of the Bankruptcy Court, as an Article One court, under Stern v. Marshall, and these claims must be dismissed. While McCalla is correct in its interpretation of the claims.[4] McCalla goes on to argue that the claims against it should be dismissed, or the Court should abstain, for that reason.

McCalla misconstrues the remedies available when claims are determined to be "non-core" or outside of the jurisdiction of the Bankruptcy Court as an Article One court, or both at the same time.

In In re Tyler, 493 B.R. 905 (B.Ct. N.D.GA, 2013), a case similar to the instant case, Judge Sacca was presented with a Chapter 13 case in which the Debtors, not the Trustee, were asserting a claim against their home lender and servicer who had foreclosed. The Debtors assailed the foreclosure on various grounds including that the foreclosure was a fraudulent conveyance or a fraudulent transfer, which they could avoid.

The Lender, defendant, set up various defenses including a lack of jurisdiciton under Stern v. Marshall. Judge Sacca disussed in some detail the framework for review of claims brought in adversary proceedings in light of Stern v. Marshall.

As Judge Sacca wrote, 28 U.S.C. §1334 sets up the jurisdictional authority of the Bankruptcy Court and created a jurisdictional framework by which district courts would have original but not .exclusive jurisdiction over three classes of proceedings, those arising under title 11, those arising in a case under Title 11, and those related to a case under Title. 11. In re Tyler, 911.

---

[4] The Plaintiff has moved for authority to file an amendment, adding Count Ten, to make an additional claim for attorney's fees out of proceeds of sale of the property. This claim would not run against McCalla and Plaintiff presumes that it would not be subject to McCalla's Motion to Dismiss. It would be a "core" and jurisdiction claim, but involves no request for monetary damages except to the extent of the value derived from the sale of the property, and no request for recovery against McCalla.

As can be seen from the analysis set forth in the table form above at Pages 6-7, all of the claims, including those in Court Seven for damages under State law, are within the bankruptcy jurisdiction of the District Court . The damage claims are within the jurisdiction of the District Court exercising bankruptcy jurisdiction because damage claims are related to the Debtor's case, as a case under Title 11. 11 U.S.C. §1334(b), since a recovery would go to the benefit of creditors. "Related " proceedings are the "minimum for bankruptcy jurisdiction."  *In re Tyler*, 912.

As Judge Sacca continued, however, in order to avoid the jurisdictional issues created in *Northern Pipeline Construction Co.  v. Marathon Pipeline Co.*, 458 U.S. 50 (l982),  Congress amended the bankruptcy code in 1984 to distinguish between  two types of proceedings, "core" and "non-core".  *In re Tyler*, 912-913. . "Core proceedings" would be decided, on a final order and judgment, by the Bankruptcy Court. *In re Tyler*, 912. Legislatively,  "core proceedings" included a list of sixteen proceedings which were definitionally "core proceedings" *In re Tyler*, 913. One of these was a "counterclaim" which was what was before the Supreme Court in *Stern v. Marshall*, and which the Supreme Court held to be extra-jurisdictional.  "Non -core proceedings", those  which are not core proceedings, were such as to require the submission to the District Court. *In re Tyler*, 913.

Judge Sacca reasoned, that the jurisdictional issue created in *Stern v. Marshall* "did not change anything regarding whether a Bankruptcy Court has subject matter jurisdiction to hear a proceeding - only whether that court has constitutional authority to enter a final order in it." *In re Tyler*, 920.  If the matters in his case were extra-jurisdictional to the Bankruptcy Court they could be determined by the District Court.

 Where State law issues must be decided by the Bankruptcy Court, in a way that it is impermissible under *Stern v. Marshall*, they are treated as if they were "core proceedings" whether they are or are not.  *See* *In re Tyler*; *In re Oxley Development Company, LLC (German American Corporation, Plaintiff v. Oxley Development Company, LLC)*, 493 B.R. 275, (B.Ct.N.D.Ga. 2013); *Ciffelli v. Blue Star Residential LLC,* 477 B.R. 266 (B.Ct., N.D.Ga. 2012). *See also* *Bellingham Insurance Agency, Inc*., 702 F.3d 553 (9th Cir. 2012), when the Ninth Circuit recognized that extra-judicial but "core" proceedings should be referred to the district court.

11

In summary, nothing in the <u>Stern v. Marshall</u> opinion changes the way non-core proceedings are treated; they must be referred to the Federal District Court. It does put into question how core proceedings that involve State law issues which cannot be entertained by the Bankruptcy Court, as an Article One court, must be handled. In those instances, which applies here only to one count of this Complaint, Count Eight, these proceedings are handled, even though they are core proceedings, as if they were not, and are referred to the District Court.

Plaintiff notes that this is what this Court exactly suggested at the Court's status conference of December 10, 2013.

        C.        <u>Alternative and Hypothetical Remedies Available</u>

McCalla complains that the original Complaint as to it is so vague or ambiguous that a definite statement must be required.

The Plaintiff strongly submits that her original Complaint is quite sufficient to satisfy the requirements of providing a "short and plain statement of the claim showing that the pleader is entitled to relief". *R.Bankr.Pro. 7008*, incorporating by reference *Fed.R.Civ.Pro. 8(a)(2)*; <u>Findwhat Investor Group v. Findwhat.com</u>, 658 F.3d 1282, 1296 (11th Cir. 291). Nevertheless, she has filed a Motion for Leave to Amend by which she seeks to amend her Complaint to correct several textural errors (errors in citations, for example), to go beyond the factual allegations necessary to support the claims to specify the legal theories for recovery, although not required by the Federal Rules, and also to reiterate that several of the separate counts of the Complaint are stated in the alternative, in order to respond to inconsistent positions taken by the Defendants, or some of them, in non-bankruptcy litigation and in pleadings in this bankruptcy case.

All that is required is for pleadings to be sufficient to survive a request for a motion for a more definite statement is that there be sufficient enough to allow for answer. <u>Findwhat Investor Group v. Findwhat.com,</u> 1296. The Plaintiff contends that the pleadings, particularly as proposed to be amended, are more than specific enough to allow for an answer.

The Plaintiff believes that the true basis of the Defendant McCalla's reaction is that it considers the pleading in the alternative to be improper. The alternative pleading was generated by inconsistencies in various pleadings made by the parties, including McCalla. Procedural rules

specifically provides that a complaint may be pled in the alternative and hypothetical. *R.Bankr.Pro. 7008*, incorporating by reference *Fed.R.Civ.Pro. 8(a)(3)*. What the Defendant McCalla really wishes to do is to require the Plaintiff to withdraw the alternative positions she has taken, without a definitive statement of the positions to be made by the Defendants. This is inconsistent with *Fed.R.Civ.Pro 8.* and should not be required.

## IV. SUMMARY

The Motion to Dismiss should be disallowed, and should the Court grant the Motion for Leave to Amend, there should be no requirement of any order requiring a more definite statement.

Respectfully submitted.                                    /s/ Fife M. Whiteside

                                                           Fife M. Whiteside,
                                                           For the Plaintiff
                                                           Bar No.756025
                                                           Box 5383, Columbus, GA 31906
                                                           whitesidef@mindspring.com