IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | |
| | * | CHAPTER 13 |
| LESLIE MCDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | JUDGE LANEY |
| Debtor | * | |

---

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | ADVERSARY PROCEEDING |
| | * | NO. 13-04013 |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA | * | |
| (Represented by the DEPARTMENT OF | * | |
| REVENUE), THE GROGAN GROUP, | * | |
| LLC d/b/a GROGAN & GROGAN, and | * | |
| THE COLUMBUS CONSOLIDATED | * | |
| GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

McCalla Raymer, LLC ("McCalla Raymer"), submits this Brief in Opposition to Plaintiff's Motion for Leave to Amend its Complaint [Doc. 50], respectfully showing the Court the following:

### STATEMENT OF FACTS

Plaintiff filed a Motion for Leave to Amend her Complaint on January 3, 2014, along with a proposed Amended Complaint. Plaintiff's proposed Amended Complaint purports to

correct certain typographical errors and case citations. Aside from these minor issues, Plaintiff's proposed Amended Complaint further seeks to assert a claim against McCalla Raymer for violation of 15 U.S.C. § 1692f. Plaintiff alleges:

88A.

Furthermore, McCalla was a debt collector for purposes of 15 U.S.C.A. § 1692f, since among other reasons the debt was in default at the time notices were sent and the notices sent were part of an nonjudicial action to effect dispossession or disablement of property.

88B.

McCalla participated in a nonjudicial action, by sending notices, publishing the foreclosure notice, and conducting a foreclosure, to effect disposition or disablement of property at a time when, because SunTrust Mortgage was not the record holder of the security deed to be foreclosed there was no present right to possession of the property claimed as collateral through an enforceable security interest and is entitled to recover damages and attorney's fees under the Fair Debt Collections Act for violation of 15 U.S.C. § 1692f(6)(a).

89.

Debtor has suffered damages to her credit reputation, and other property damages, and otherwise is entitled to actual and special damages against Suntrust Mortgage and McCalla under various theories of recovery, including but not limited to those set forth above and attorney's fees against McCalla under the Fair Debt Collections Practices act.

(Pl's. Proposed Amended Compl., ¶¶ 88A-89).

Plaintiff asserts in other parts of her proposed Amended Complaint that McCalla Raymer's actions of "sending notices, publishing the foreclosure notice, and conducting a foreclosure" (*Id.*, ¶ 88B) occurred in 2010. Plaintiff alleges that McCalla made demands on her on January 21, 2010, January 25, 2010, February 23, 2010, September 23, 2010, and September 27, 2010. (*Id.*, ¶ 24). Plaintiff further alleges that McCalla Raymer advertised a foreclosure notice in the weeks of October 4, October 11, October 18, and October 25, 2010. (*Id.*, ¶ 25). Plaintiff finally alleges that the foreclosure sale concerning her property took place on November

10, 2010. (*Id.*, ¶ 30). According to Plaintiff's own allegations then, all of the "nonjudicial actions" about which she complains ended in November, 2010, over three years prior to the filing of this claim. Plaintiff's claim pursuant to the Fair Debt Collections Practices Act is barred by the one-year statute of limitations applicable to such actions (15 U.S.C. § 1692k(d)), and Plaintiff's Motion for Leave to Amend her Complaint [Doc. 50] is due to be denied.

## ARGUMENT AND CITATION OF AUTHORITY

Fed.R.Civ.P. 15 and Bankruptcy Rule 7015 allow Plaintiff to amend her Complaint upon leave of court and provide that the Court "should freely give leave when justice so requires." While this is no doubt a liberal standard, it is not unlimited. In this regard, the United States Supreme Court has noted:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, *undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.*—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added).

Consistent with the Supreme Court's mandate, Eleventh Circuit cases have found that leave to amend need not be given where an amendment would be futile. *Pan Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 541 (5th Cir. 1980). Denial of leave to amend is therefore justified "by futility when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (internal quotations omitted); *see also Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985). As noted by the Court in *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230 (11th Cir. 2008):

3

> Under Fed.R.Civ.P. 15(a)(2), the court "should freely give leave when justice so requires." Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (describing "futility" as a basis for denying leave).

*Mizzaro*, 544 F.3d at 1255.

The amendment Plaintiff seeks to file in this case is futile and should not be allowed. Plaintiff purports to base her claim on 15 U.S.C. § 1692f(6) which provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is in violation of this section: (6)(A) taking or threatening to take any nonjudicial action to affect dispossession or disablement of property if – there is no present right to possession of the property claimed as collateral through an enforceable security interest." As set forth above, all of the conduct about which Plaintiff complains in this regard occurred in 2010. (Pl's. Proposed Amended Compl., ¶¶ 24-25, 30). Taking Plaintiff's claims as true, as the Court must on a Motion to Dismiss, McCalla Raymer took the "nonjudicial action" regarding Plaintiff's property years ago, culminating in the foreclosure sale on November 10, 2010. (*Id.*, ¶ 30).

The problem for Plaintiff is that the statute of limitations for a claim under the Fair Debt Collections Practices Act is set by statute, and it expired long ago. 15 U.S.C. § 1692k(d) provides that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." The one year limitations period has been strictly construed to mean one year from the date of the alleged violation. *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1999). As the statute so clearly states, the *Maloy* Court found that "[s]ection 1692k(d) provides that actions to enforce

liability created by the FDCPA must be brought 'within one year from the date on which the violation occurs.'" *Maloy*, 64 F.23d at 608 (*quoting* 15 U.S.C. § 1692k(d)).

Plaintiff's complaint here asserts that McCalla Raymer violated the Fair Debt Collections Practices Act by "sending notices, publishing the foreclosure notice, and conducting a foreclosure." (Pl's Proposed Amended Compl., ¶ 88B). McCalla Raymer, of course, denies those allegations, but in any event, those events ended on November 10, 2010, when the foreclosure sale was conducted. To the extent Plaintiff had any claims pursuant to 15 U.S.C. § 1692f(6), the statute of limitations expired on those claims no later than November 10, 2011. Plaintiff's complaint here was filed over two years too late.

While Fed.R.Civ.P. 15 and Bankruptcy Rule 7015 unquestionably grant broad discretion for the Court to grant leave to amend, McCalla Raymer submits that an exercise of that discretion is not appropriate here as Plaintiff's newly asserted claim fails on the pleadings. Any amendment to assert a facially futile claim would only serve to prejudice McCalla Raymer in having to defend a baseless claim and further tax the time and resources of the Court. McCalla Raymer accordingly submits that Plaintiff's Motion for Leave to Amend her Complaint should be **DENIED**.

Respectfully submitted, this 9th day of January, 2014.

                              PAGE, SCRANTOM, SPROUSE,
                              TUCKER & FORD, P.C.

                              By: s/ Alan G. Snipes
                                   Stephen G. Gunby
                                   Ga. Bar No.: 315212
                                   Alan G. Snipes
                                   Ga. Bar No.: 665781

1111 Bay Avenue, Third Floor
P. O. Box 1199
Columbus, Georgia 31902                Attorneys for McCalla Raymer, LLC
(706) 324-0251

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served either electronically or via U.S. Mail with adequate first class postage to the addresses below on the following persons:

Mr. Fife W. Whiteside
P.O. Box 5383
Columbus, Georgia 31906

Ms. Cater C. Thompson
Jones, Cork & Miller, LLP
P.O. Box 6437
Macon, Georgia 31201

Audrey Seidle Eshman
Assistant Attorney General
40 Capital Square, S.W.
Atlanta, Georgia 30334-9457

Kristin Hurst
Chapter 7 Trustee
P.O. Box 1907
Columbus, Georgia 31902

James D. Patrick
831 2nd Avenue
Columbus, Georgia 31901

This 9th day of January, 2014.

/s Alan G. Snipes