IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| by the DEPARTMENT OF REVENUE), THE | * | |
| GROGAN GROUP, LLC d/b/a GROGAN & | * | |
| GROGAN, and THE COLUMBUS | * | |
| CONSOLIDATED GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

**REPLY TO BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND**

Comes now, **Leslie McDaniel**,, (herein "Debtor" or "Plaintiff"), and makes this reply to the responsive Brief in Opposition to Plaintiff's Motion for Leave to Amend ("Response"), filed by McCalla Raymer, LLC, ( herein "McCalla Raymer"), and says the following.

1

REPLY ARGUMENT

McCalla Raymer, in opposing the Plaintiff's Motion for Leave to Amend, relies on the "futility doctrine", which recognizes that the Court need not allow an amendment if the amendment would leave the complaint subject to dismissal.  See, e.g., *Burger King Corporation v. C.R. Weaver MWM, Inc.*, 169 F.3d 1310, 1315 (11th Cir. 1999). The "futility" of an amendment is one of the number of factors, along with whether the Plaintiff has caused undue delay[1], which the Court should consider in connection with whether to allow an amendment to a complaint or not. *Id.*, 1319.

In determining whether an amendment would be "futile", the Court applies essentially the same standards as it would apply on a motion to dismiss a claim that had already been made. The Amendment is "futile" if amended claims would be subject to dismissal on a Rule 12(b)(6) motion. *Benson v. University of Maine System*, 857 F.Supp.2d 171, 175-176 (D. Maine, 2012).

In the instant case, the basis for opposition to the amendment is that the added claim, under the Fair Debt Collection Practices Act would be barred by the statute of limitations.[2] The McCalla Raymer response, however, does not satisfy the test imposed on a party asking for dismissal for failure to state a claim, because it goes outside of the pleadings in several ways.

First, the Plaintiff did not plead the specifics of all the notices served on her prior to foreclosure but did not plead (in the negative) that there were no further notices after the attempted foreclosure.[3]

---

[1] Plaintiff assumes no contention can be made that there has been an "undue delay" as Defendant McCalla Raymer has not even filed an answer.

[2] In reviewing the response, the Plaintiff does not see any other objection made to the amendment, so, the Plaintiff presumes, that the Defendant does not object to the amendment to the extent that it corrects certain scrivener's errors, reiterates the alternative bases for the alternative claims asserted by the Plaintiff, and adds a claim for recovery of attorney's fees against the proceeds of the sale, under 11 U.S.C. §506(c).

[3] The Plaintiff does not attempt to go outside of the pleadings, but notes that, should proofs be required, proofs would establish that there at least one set of notices that were issued after the foreclosure, as efforts were made to take possession of the property. Further discovery would clarify when those notices were sent.

Second, the Plaintiff's Complaint does not need to address affirmative defenses, under the "well pled complaint" rule.  See *Glasser v. Amalgamated Workers Union Local 88*, 806 F.2d 1539, 1539-1540 (11th Cir. 1986).  It is not the obligation of the Plaintiff to anticipate affirmative defenses.  It is the obligation of the Defendant to plead its affirmative defenses, and then once made to survive test by summary judgment.  See *Baxter v. Johnson and Freedman, LLC*, 2012 W.L. 2921799 (D.Ct. N.D. Ga. 2012) F.N. 9 (party claiming an affirmative defense has the burden to show it is sustainable).

In the instant case, the record is clear that the Defendants SunTrust Mortgage and SunTrust Bank contended that the foreclosure was complete, so there would have been no claim under the Fair Debt Collection Practices Act, as late as December 13, 2013, about a year after the bankruptcy case was filed.  While there were not representations by Defendant McCalla Raymer, they were made as part of a coordinated defense with SunTrust Bank and SunTrust Mortgage.  The Plaintiff can make out a basis, subject to determination of the Court, for an "equitable tolling" of the statute of limitations.  See *Ellis v. Gen Motors Acceptance Corporation*, 160 F.3d 703 (11th Cir. 1998) ("Truth in Lending" claim); *Fairbank v. Underwood*, _____ F.Supp. _____, 2013 W.L. 6420987 (D.Or. 2013) ("Fair Debt Collection Practices" claim).

## SUMMARY

Defendant McCalla Raymer wishes to have the Court effectively grant a summary judgment on a defense that has not yet been pled to an allegation which has not yet been made. This is inappropriate. The appropriate remedy is for the amendment to be allowed, for McCalla Raymer to answer, and then file a summary judgment, with appropriate factual support, to establish that there is no triable issue on its statute of limitations defense.

Respectfully submitted.

    */s/ Fife M. Whiteside*
Fife M. Whiteside,
For the Plaintiff
Bar No.756025
Box 5383, Columbus, GA 31906
whitesidef@mindspring.com

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| by the DEPARTMENT OF REVENUE), THE | * | |
| GROGAN GROUP, LLC d/b/a GROGAN & | * | |
| GROGAN, and THE COLUMBUS | * | |
| CONSOLIDATED GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE
(Reply to Brief in Opposition to Plaintiff's Motion for Leave to Amend)

I, the undersigned counsel of record for the party serving the below identified pleading, discovery item, of instrument, do hereby certify that I have this day served a true and accurate copy of the within and foregoing **Reply to Brief in Opposition to Plaintiff's Motion for Leave to Amend**, by mailing same U.S. postage prepaid on the following individuals or firms, who are counsel for all parties herein, and/or in the event a party is unrepresented, any party *pro se*, at the addresses set forth below:

| | |
|---|---|
| U.S. Trustee<br>440 Martin Luther King Jr. Blvd.<br>Macon, Georgia  31201 | A. Kristin Hurst<br>Chapter 13 Trustee<br>P.O. Box 1907<br>Columbus, GA 31902 |
| Stephen G. Gunby<br>Page Scrantom Sprouse Tucker & Ford<br>P.O. Box 1199<br>Columbus, GA 31902-1199 | Cater C. Thompson<br>Jones Cork & Miller, LLP<br>435 Second St, Suite 500<br>Macon, GA31201 |
| James D. Patrick<br>831 2nd Avenue<br>Columbus, GA 31901 | The Grogan Group, LLC<br>c/o Grogan & Grogan<br>P.O. Box 1518<br>Columbus, GA 31902 |
| Grogan & Grogan<br>Attn: Lynn Grogan, Agent<br>P.O. Box 1518<br>Columbus, GA 31902 | Barbara G. Parker<br>Office of U.S. Attorney - Macon<br>P.O. Box 1702<br>Macon, GA 31202 |
| Audrey Seidle Eshman<br>Assistant Attorney General<br>40 Capitol Square, S.W.<br>Atlanta, Georgia 30334-1300 | |

SO DONE this the 14th day of January, 2014.

                                                               */s/ Fife M. Whiteside*
                                                           FIFE M. WHITESIDE