IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE:<br><br>LESLIE MCDANIEL,<br><br>  Debtor,<br><br><br>LESLIE MCDANIEL, Individually and as Representative of her Bankruptcy Estate,<br><br>  Plaintiff,<br><br>v.<br><br>SUNTRUST BANK, SUNTRUST MORTGAGE, INC., MCCALLA RAYMER, LLC, FOXFIRE ACRES, INC., THE UNITED STATES BY AND THROUGH THE INTERNAL REVENUE SERVICE, THE STATE OF GEORGIA (REPRESENTED BY THE DEPARTMENT OF REVENUE) THE GROGAN GROUP, LLC D/B/A GROGAN & GROGAN, AND THE COLUMBUS CONSOLIDATED GOVERNMENT,<br><br>  Defendants. | Chapter 13 Case No. 12-41231<br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. 13-04013 |

### ANSWER OF DEFENDANTS SUNTRUST BANK AND SUNTRUST MORTGAGE, INC. TO CROSS-CLAIM OF DEFENDANT FOXFIRE ACRES, INC.

COME NOW, Defendants SunTrust Bank ("SunTrust") and SunTrust Mortgage, Inc. ("SunTrust Mortgage") and respond to the Cross-claim of Foxfire Acres, Inc. in the above-styled action as follows:

## FIRST DEFENSE

To the extent that Foxfire requests relief against these Defendants on its state law claims, this Court is without authority to decide such issues.

## SECOND DEFENSE

The parties are in agreement that Defendant Foxfire is entitled to proceed with its civil action against Defendant SunTrust Mortgage and Defendant McCalla Raymer in the Superior Court of Muscogee County, and that the automatic stay does not apply to that action.  Therefore, there is actual controversy and Foxfire is not entitled to a declaration that it may proceed with the Superior Court litigation.

## THIRD DEFENSE

No party other than Foxfire asserts any claim to the checks and funds represented thereby that are the subject of the cross-claim.  Therefore, there is actual controversy and Foxfire is not entitled to a declaration of the rights of the parties to these funds.

## FOURTH DEFENSE

Defendants respond to the numbered allegations of the cross-claim as follows:

**1.**

Defendants admits the allegations contained in Paragraphs 98, 99, and 100 of the cross-claim.

**2.**

Responding to the allegations of Paragraph 101 of the cross-claim, Defendants incorporate by reference their specific responses to Paragraphs 13 through 93 of Plaintiff's Complaint.

**3.**

Paragraph 102 of the cross-claim contains no factual averments and requires no response from Defendants. To the extent that the allegations require a response, Defendants deny the same.

**4.**

Responding to paragraph 103 of the cross-claim, Defendants deny Foxfire relied upon the foreclosure advertisement. Defendants admit the remaining allegations of Paragraph 103.

**5.**

Responding to Paragraph 104 of the cross-claim, Defendants show they are without sufficient knowledge to admit or deny the allegations in the first sentence of said paragraph. Defendants admit the allegations of the second sentence of Paragraph 104.

**6.**

Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 105 of the cross-claim.

**7.**

Defendants deny the allegations of Paragraphs 106, 107, and 108 of the cross-claim.

**8.**

Defendants admit the allegations of Paragraphs 109, 110 and 111 of the cross-claim.

**9.**

Defendants deny the allegations of Paragraph 112 of the cross-claim and show that they tendered a deed to Defendant Foxfire, who failed and refused to record said deed.

**10.**

Defendants deny as stated the allegations of Paragraphs 113 and 114 of the cross-claim.

**11.**

Defendants are without sufficient knowledge to admit or deny the allegations of Paragraphs 115 and 116 of the cross-claim.

**12.**

Defendants admit the allegations of the first sentence of paragraph 117, and deny the allegation of the second sentence of said paragraph.

**13.**

Defendants admit the allegations of Paragraph 118 of the cross-claim.

14.

Defendants deny as stated the allegations of Paragraphs 119 and 120 of the cross-claim.

**15.**

Defendants deny the allegations of Paragraph 121 of the cross-claim.

**16.**

Defendants admit the allegations contained in Paragraph 122 of the cross-claim.

**17.**

Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 123 of the cross-claim.

**18.**

Defendants admit the allegations contained in Paragraph 124 of the cross-claim.

**19.**

Defendants admit the allegations contained in the first sentence of Paragraph 125 of the cross-claim. Defendants are without sufficient knowledge to admit or deny the remaining allegations of Paragraph 125.

**20.**

Defendants admit the allegations of the first sentence of Paragraph 126 of the cross-claim. Defendants deny the remaining allegations of Paragraph 126 and show that no sums were or are owed to Debtor Leslie McDaniel.

**21.**

Responding to the allegations of Paragraph 127, Defendants are without sufficient knowledge whether the facts alleged therein were clear to Foxfire. However, Defendants admit the remaining allegations of Paragraph 127.

**22.**

Defendants deny as stated the allegations in Paragraph 128 of the cross-claim.

**23.**

Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 129 and 130 of the cross-claim.

**24.**

Defendants show that the allegations of Paragraphs 131, 132, and 133 contain prayers for relief that require no response from Defendants, and shows further that Defendants agree with Foxfire that it is entitled to the four checks, and that Foxfire is entitled to proceed with litigation in the Superior Court of Muscogee County. Thus, there is no actual controversy.

**25.**

Defendants deny the allegations of paragraph 134 of the First Amendment to cross-clam.

26.

Defendants admit the allegations of the first two sentences of paragraph 135 of said First Amendment.  Defendants deny the remaining allegations of paragraph 135, and show that Plaintiff has no right to funds represented by the four checks in issue, and show further that there is no actual controversy as to ownership of said funds.

27.

Defendants show that the allegations of Paragraph 136 contain prayers for relief that require no response from Defendants.  Answering further, Defendants deny that the automatic stay applied to the tender of said checks.

28.

Except where the allegations of Foxfire's cross-claim are expressly admitted above, all allegations are herewith specifically denied.

**WHEREFORE,** having fully answered, Defendants SunTrust Bank and SunTrust Mortgage, Inc. request that the relief sought by Cross-Claimant Foxfire Acres, Inc. be denied and that they be granted such other and further relief as the Court deems just and proper.

This 28th day of January, 2014.

/s/ *Cater C. Thompson*
CATER C. THOMPSON
Georgia State Bar No. 129425
Attorney for SunTrust Bank and SunTrust Mortgage, Inc.

JONES CORK & MILLER, LLP
435 Second Street, Suite 500
P.O. Box 6437
Macon, GA  31208-6437
(478) 745-2821
cater.thompson@jonescork.com

-7-

MONICA K. GILROY
Georgia State Bar No. 420527
DICKENSON GILROY, LLC
3780 Mansell Road, Suite 140
Alpharetta, GA  30022
(678) 280-1921
mkg@dickensongilroy.com

**CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the above and foregoing ***Reply of Defendants SunTrust Bank and SunTrust Mortgage, Inc. to Cross-Claim of Defendant Foxfire Acres, Inc.*** upon all parties electronically or by mailing same in the United States Mail with appropriate postage to the parties listed below:

>Mr. Fife M. Whiteside
>P.O. Box 5383
>Columbus, Georgia  31906
>
>Ms. Kristin Hurt
>Office of the Chapter 13Trustee
>P.O. Box 1907
>Columbus, Georgia  31902
>
>Mr. Stephen G. Gunby
>Page Scrantom Law Firm
>P.O. Box 1199
>Columbus, Georgia 31902
>
>Stephanie Burnham
>Assistant Attorney General
>40 Capitol Square, SW
>Atlanta, Georgia  30334-1300
>
>Mr. James D. Patrick
>P.O. Box 2745
>Columbus, Georgia  31902

This <u>28th</u> day of January, 2014.

/s/   *Cater C. Thompson*