IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| LESLIE MCDANIEL, | * | CASE NO. 12-41231-JTL |
| Debtor, | * | |

| | | |
|---|---|---|
| LESLIE MCDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., MCCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| By the DEPARTMENT OF REVENUE), | * | |
| THE GROGAN GROUP, LLC d/b/a | * | |
| GROGAN & GROGAN, and THE | * | |
| COLUMBUS CONSOLIDATED | * | |
| GOVERNMENT, | * | |

**ANSWER AND DEFENSES OF DEFENDANT
COLUMBUS CONSOLIDATED GOVERNMENT, COLUMBUS,
GEORGIA TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Comes now **Columbus Consolidated Government** ("Columbus"), named as a Defendant in the above-captioned matter and files this its Answer and Defenses to Plaintiff's Amended Complaint and shows this Court as follows:

<u>FIRST DEFENSE</u>

1

C0836-0829-16

Columbus is immune from any liability as to Plaintiff or any other party in this case in the event any party is seeking any damages against Columbus.

## SECOND DEFENSE

Columbus raises each and every affirmative defense required to be pled by the Federal Rules of Bankruptcy Procedure 7008, should such defenses become applicable as this action proceeds. Columbus reserves its rights to amend its Answer and Defenses with any and all defenses appropriate as discovery should dictate.

## THIRD DEFENSE

Answering each of the individually numbered paragraphs contained in the Plaintiff's Amended Complaint, Columbus responds as follows:

1.

Columbus admits the allegations contained in Paragraph 1 of the Plaintiff's Amended Complaint as the allegations relate to the claims against Columbus.

2.

Columbus admits that any motion or other action attempting to sell the property which is the subject of this Amended Complaint free and clear of liens is a core matter and is without knowledge sufficient to admit or deny any and all other allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3.

Columbus is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 3 of the Plaintiff's Amended Complaint.

4.

C0836-0829-16

Columbus believes the allegations contained in Paragraph 4 of the Plaintiff's Amended Complaint are true.

5.

Columbus is without knowledge sufficient to either admit or deny the allegations contained in Paragraphs 5, 6, 7 and 8 of the Plaintiff's Amended Complaint.

6.

Columbus denies the allegations contained in Paragraph 9 of the Plaintiff's Amended Complaint on the grounds that it alleges that the United States of American is the sovereign government of this country, but admits that the United States of America can be represented in Court through its taxing authority, the Internal Revenue Service.

7.

Columbus admits the allegations contained in Paragraph 10 of the Plaintiff's Amended Complaint.

8.

Columbus admits the allegations contained in Paragraph 11 of the Plaintiff's Amended Complaint to the extent that Columbus is a municipal government and if the property referred to in Paragraph 11 is 2627 Meadowview Drive, Columbus, Georgia, that property lies within the limits of the Columbus Consolidated Government.

9.

Columbus is without knowledge sufficient to either admit or deny the allegations contained in Paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31 of the Plaintiff's Amended Complaint.

C0836-0829-16

10.

Columbus submits that the statements contained in Paragraph 32 of the Plaintiff's Amended Complaint are statements of law and do not demand a response.

11.

Columbus is without knowledge sufficient to either admit or deny the allegations contained in Paragraphs 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43 and 44 of the Plaintiff's Amended Complaint.

12.

Columbus admits that it does hold a lien for unpaid property taxes against property known as 2627 Meadowview Drive, Columbus, Georgia. As to any and all other allegations contained in Paragraph 45 of the Plaintiff's Amended Complaint, Columbus is without knowledge sufficient to either admit or deny the truthfulness of those allegations.

13.

With respect to the allegations contained in Paragraph 46 of the Plaintiff's Amended Complaint, Columbus, at the current time, is unaware that it was advised of a foreclosure that was initiated on property known as 2627 Meadowview Drive, Columbus, Georgia. As to the other allegations contained in Paragraph 46 of the Plaintiff's Amended Complaint, Columbus is without knowledge sufficient to either admit or deny said allegations.

14.

Columbus is without knowledge sufficient to either admit or deny the allegations contained in Paragraphs 47, 48, 49, 50 and 51 of the Plaintiff's Amended Complaint.

15.

4

Columbus denies the allegations contained in Paragraph 52 of the Plaintiff's Amended Complaint based on the current assessed value of the property known as 2627 Meadowview Drive, Columbus, Georgia.

16.

Columbus is without knowledge sufficient to either admit or deny the allegations contained in Paragraphs 53 and 54 of the Plaintiff's Amended Complaint.

17.

Columbus believes the allegations contained in Paragraphs 55 and 56 of the Plaintiff's Amended Complaint to be true.

18.

Columbus is without knowledge sufficient to either admit or deny the allegations contained in Paragraphs 57, 58, 58A, 59 and 60 of the Plaintiff's Amended Complaint.

19.

According to the Plaintiff's Amended Complaint, Paragraphs 61 through 68 have been withdrawn.

20.

Columbus is without knowledge sufficient to either admit or deny the allegations contained in Paragraphs 69, 70, 71, 72, 73, 74, 75 and 76 of the Plaintiff's Amended Complaint.

21.

Columbus is unaware of any dispute as to the validity, priority and extent of its lien against property known as 2627 Meadowview Drive, Columbus, Georgia and therefore denies the allegations contained in Paragraph 77 of the Plaintiff's Amended Complaint.

22.

Columbus submits that it is entitled to be paid in full for any and all obligations secured by the property known as 2627 Meadowview Drive, Columbus, Georgia in the event that property is sold. Columbus is without knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 77A of the Plaintiff's Amended Complaint.

23.

Columbus is without knowledge sufficient to either admit or deny the allegations contained in Paragraphs 77B, 77C and 77D of the Plaintiff's Amended Complaint.

24.

Columbus does not object to the sale of the property known as 2627 Meadowview Drive, Columbus, Georgia in the bankruptcy case or otherwise, so long as it is paid at closing for any and all claims in favor of Columbus secured by said property. Columbus is without knowledge sufficient to either admit or deny any and all remaining allegations contained in Paragraph 78 of the Plaintiff's Amended Complaint.

25.

Columbus is without knowledge sufficient to either admit or deny the allegations contained in Paragraphs 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 88A, 88B, 88C, 88D, 88E, 88F, 88G, 88H, 88I, 88J, 88K, 88L, 88M, 88N, 88O, 88P, 88Q, 88R, 89, 89A, 90, 91, 92 and 93 of the Plaintiff's Amended Complaint.

26.

Columbus denies that any party to this case is entitled to recover any attorney fees against Columbus to the extent such allegation is contained in Paragraph 94 of the Plaintiff's Amended Complaint.

C0836-0829-16

27.

Columbus is without knowledge sufficient to either admit or deny the allegations contained in Paragraphs 95 and 96 of the Plaintiff's Amended Complaint.

28.

Columbus denies any and all allegations contained in Plaintiff's Amended Complaint not specifically admitted herein.

WHEREFORE, Columbus prays that the Court enter relief consistent with this Answer; that the Court deny any and all recovery of money against Columbus, Georgia to the extent any such relief is sought; that in the event the property known as 2627 Meadowview Drive, Columbus, is sold, that Columbus be paid any and all amounts owed and secured by said property, at closing; and, any and all further relief as the Court deems just and appropriate.

This 3rd day of February, 2014.

                                        PAGE, SCRANTOM, SPROUSE,
                                        TUCKER & FORD, P.C.


                                        By: s/Stephen G. Gunby
                                            Stephen G. Gunby
                                            Ga. Bar No.: 315212

1111 Bay Avenue, Third Floor
P. O. Box 1199
Columbus, Georgia 31902                        Attorneys for Columbus
(706) 324-0251                                    Consolidated Government
sgg@psstf.com

C0836-0829-16

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the above and foregoing **Answer and Defenses of Defendant Columbus Consolidated Government, Columbus, Georgia to Plaintiff's First Amended Complaint** upon all parties electronically or by mailing same in the United States Mail with the appropriate postage to the parties listed below.

This 3rd day of February, 2014.

| | |
|---|---|
| Fife M. Whiteside, Esq.<br>P. O. Box 5383<br>Columbus, Georgia   31906 | Kristin Hurst, Trustee<br>Office of the Chapter 13 Trustee<br>P. O. Box 1907<br>Columbus, Georgia   31902-1907 |
| Barbara Parker<br>Office of U. S. Attorney<br>P. O. Box 1702<br>Macon, Georgia   31202 | James Patrick, Esq.<br>831 Second Avenue<br>Columbus, Georgia   31901 |
| Stephanie Burnham, Esq.<br>Asst. Attorney General<br>40 Capital Square, SW<br>Atlanta, Georgia   30334-1300 | Cater Thompson, Esq.<br>435 Second Street, Suite 500<br>Macon, Georgia   31201 |
| Alan G. Snipes, Esq.<br>Page, Scrantom, Sprouse,<br>Tucker & Ford, P.C.<br>P. O. Box 1199<br>Columbus, Georgia   31902 | |

         s/Stephen G. Gunby
         Counsel for Columbus
         Consolidated Government

8