IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| In re: | )CHAPTER 13 |
| LESLIE McDANIEL, | )CASE NO. 12-41231-JTL |
| Debtor, | )JUDGE LANEY |

| | |
|---|---|
| LESLIE McDANIEL, Individually, and as Representative of her Bankruptcy Estate, | ) ) |
| Plaintiff, | )ADVERSARY PROCEEDING  NO. 13-04013 |
| vs. | ) |
| SUNTRUST BANK, SUNTRUST MORTGAGE, INC., McCALLA RAYMER, LLC, FOXFIRE ACRES, INC., THE UNITED STATES by and through the INTERNAL REVENUE SERVICE, THE STATE OF GEORGIA (Represented by the DEPARTMENT OF REVENUE), THE GROGAN GROUP, LLC d/b/a GROGAN & GROGAN, and THE COLUMBUS CONSOLIDATED GOVERNMENT, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ANSWER AND DEFENSES OF DEFENDANT FOXFIRE ACRES, INC.
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
AND
CROSS CLAIM AND FIRST AMENDMENT TO CROSS CLAIM FOR DECLARATORY
JUDGMENT OF DEFENDANT FOXFIRE ACRES, INC.**

Comes now Defendant Foxfire Acres, Inc., and makes this its Answer and Defenses to the Plaintiff's First Amended Complaint for Declaratory Judgment, et al., filed January 24, 2014, entered January 27, 2014, Document 91 herein, and also reiterates Defendant Foxfire Acres, Inc.'s Cross Claim and First Amendment to Cross Claim for Declaratory Judgment against co-Defendants herein, as follows. Defendant

1

Foxfire Acres, Inc., shall be hereafter referred to as "Foxfire". All other parties herein will be referred as set forth by the Plaintiff in said First Amended Complaint so that the designation of the parties herein is consistent herein.

## **ANSWER**

1.

Foxfire admits Paragraph 1 of the First Amended Complaint.

2.

Foxfire admits Paragraph 2 of the First Amended Complaint.

3.

Foxfire admits Paragraph 3 of the First Amended Complaint.

4.

Foxfire admits Paragraph 4 of the First Amended Complaint.

5.

Foxfire admits that Defendant SunTrust Bank is registered to do business in the State of Georgia and has a banking office in Columbus, Georgia.

6.

Foxfire admits that Defendant SunTrust Mortgage, Inc., is a corporation doing business in Columbus, Georgia, at 6310 Bradley Park Drive, Columbus, Georgia.

7.

Foxfire admits Paragraph 7 of the First Amended Complaint.

8.

Foxfire admits Paragraph 8 of the First Amended Complaint.

9.

Foxfire admits Paragraph 9 of the First Amended Complaint.

10.

Foxfire Acres admits Paragraph 10 of the First Amended Complaint.

11.

Foxfire admits Paragraph 11 of the First Amended Complaint.

12.

Foxfire is without knowledge or information sufficient to form a belief as to the contentions in Paragraph 12 of the First Amended Complaint and therefore must deny the same.

13.

Foxfire admits Paragraph 13 of the First Amended Complaint.

14.

Foxfire admits Paragraph 14 of the First Amended Complaint.

15.

Foxfire admits Paragraph 15 of the First Amended Complaint.

16.

Foxfire admits Paragraph 16 of the First Amended Complaint.

17.

Foxfire is without knowledge or information as to the truth of the statement contained in Paragraph 17 of the Complaint. Notwithstanding, Foxfire learned that Defendant SunTrust Mortgage, Inc., became the "alleged" holder of the Promissory Note executed by the Debtor and Mr. McDaniel. Upon information and belief Foxfire

further states that the purported or alleged "Assignment" of the Promissory Note to Defendant SunTrust Mortgage, Inc., may be fraudulent.

18.

Foxfire admits Paragraph 18 of the First Amended Complaint.

19.

Foxfire admits Paragraph 19 of the First Amended Complaint.

20.

Foxfire admits Paragraph 20 of the First Amended Complaint.

21.

Foxfire admits Paragraph 21 of the First Amended Complaint.

22.

Foxfire admits Paragraph 22 of the First Amended Complaint.

23.

Foxfire admits Paragraph 23 of the First Amended Complaint.

24.

Foxfire admits Paragraph 24 of the First Amended Complaint.

25.

Foxfire admits Paragraph 25 of the First Amended Complaint.

26.

Foxfire admits Paragraph 26 of the First Amended Complaint.

27.

Foxfire admits Paragraph 27 of the First Amended Complaint.

28.

Foxfire admits Paragraph 28 of the First Amended Complaint.

29.

Foxfire admits Paragraph 29 of the First Amended Complaint.

30.

Foxfire admits Paragraph 30 of the First Amended Complaint.

31.

Foxfire admits Paragraph 31 of the First Amended Complaint.

32.

Foxfire admits Paragraph 32 of the First Amended Complaint.

33.

Foxfire admits Paragraph 33 of the First Amended Complaint.

34.

Foxfire admits Paragraph 34 of the First Amended Complaint. Foxfire further states that on January 8, 2014, counsel for Defendant SunTrust Bank and counsel for Defendant SunTrust Mortgage, Inc., both admitted, in open Court, as a judicial admission, that the foreclosure sale was "void". Such admission that the foreclosure sale was "void" is a judicial admission that is binding upon Defendant SunTrust Bank and Defendant SunTrust Mortgage.

35.

Foxfire admits Paragraph 35 of the First Amended Complaint except to the extent that it states that the title examination occurred in order to facilitate Foxfire obtaining a

loan in the amount of the bid proceeds, which said specific portion of Paragraph 35 is denied.

36.

Foxfire admits Paragraph 36 of the First Amended Complaint.

37.

Foxfire admits Paragraph 37 of the First Amended Complaint.

38.

Foxfire admits Paragraph 38 of the First Amended Complaint.

39.

Foxfire admits Paragraph 39 of the First Amended Complaint. Counsel for SunTrust Bank and SunTrust Mortgage admitted that the foreclosure sale was "void".

40.

Foxfire admits so much of Paragraph 40 to the effect that it made payment as above-stated and that SunTrust Bank, Inc., SunTrust Mortgage, Inc., and its/their attorneys failed to promptly rescinded the foreclosure pursuant to OCGA § 19-13-172.1, but Foxfire is unable to respond to the legal conclusion that such action resulted in the satisfaction of the debt evidenced by the Note since the same would be a legal conclusion for the Court to make. OCGA § 13-1-13 appears to support the proposition that Mrs. McDaniel's debt was paid when co-Defendants refused to refund the $126,000.00 paid by Foxfire on November 2, 2010. Foxfire does assert that the only basis for Defendant McCalla Raymer, Defendant SunTrust Bank and Defendant SunTrust Mortgage to retain the $126,000.00 bid amount paid by Foxfire was to satisfy the debt of Mrs. McDaniel since said three entities intentionally failed and refused to

return the money to Foxfire without making Foxfire first resort to litigation. Foxfire has incurred expenses of litigation, including reasonable attorney's fees in seeking the recovery of its money fraudulently obtained by said McCalla Raymer, SunTrust Mortgage and potentially SunTrust Bank.

41.

Foxfire admits Paragraph 41 of the First Amended Complaint.

42.

Foxfire admits Paragraph 42 of the First Amended Complaint.

43.

Foxfire admits Paragraph 43 of the First Amended Complaint.

44.

Foxfire admits Paragraph 44 of the First Amended Complaint.

45.

Foxfire admits Paragraph 45 of the First Amended Complaint.

46.

Foxfire admits Paragraph 46 of the First Amended Complaint.

47.

Foxfire admits Paragraph 47 of the First Amended Complaint.

48.

Foxfire admits Paragraph 48 of the First Amended Complaint.

49.

Foxfire admits Paragraph 49 of the First Amended Complaint, but adds that Foxfire, for a limited period of time, in a good faith effort to comply with the foreclosure sale process, undertook to maintain the property and incurred costs and expenses for the maintenance of the property, all of which occurred prior to the bankruptcy action being filed by Debtor herein. Foxfire delivered the keys to the Debtor's property to counsel for SunTrust Bank and SunTrust Mortgage.

50.

Foxfire admits Paragraph 50 of the First Amended Complaint.

51.

Foxfire admits Paragraph 51.

52.

Foxfire is without knowledge or information sufficient to form a belief as to the statements contained in Paragraph 52 and must deny the same. However, Foxfire's representatives have seen the deteriorated property from driving by on the street.

53.

Foxfire admits Paragraph 53 of the First Amended Complaint.

54.

Foxfire admits all of Paragraph 54 except the portion that the obligation of the Debtor was extinguished by Foxfire's payments since the same is a legal conclusion and Foxfire cannot admit to the same, although it may be true. This is a legal issue for the Court to determine. Please see Answer 40 above.

55.

Foxfire admits Paragraph 55 of the First Amended Complaint.

56.

Foxfire admits Paragraph 56 of the First Amended Complaint.

57.

Foxfire admits Paragraph 57 of the First Amended Complaint.

58.

Foxfire admits Paragraph 58 of the First Amended Complaint.

58A.

Foxfire admits Paragraph 58A of the First Amended Complaint.

59.

Foxfire admits Paragraph 59 of the First Amended Complaint.

60.

Foxfire admits Paragraph 60 of the First Amended Complaint.

61. – 66.

Foxfire makes no response to Paragraphs 61 – 66 since the same are withdrawn as moot.

66A.

Foxfire admits Paragraph 66A of the First Amendment to the Complaint.

67. – 68.

Foxfire is not required to respond to Paragraphs 67 – 68 since the same were withdrawn.

69.

Foxfire admits Paragraph 69 of the First Amended Complaint.

70.

Foxfire admits Paragraph 70 of the First Amended Complaint.

71.

Foxfire admits Paragraph 71 of the First Amended Complaint.

72.

Foxfire admits Paragraph 72 of the First Amended Complaint.

73.

Foxfire admits Paragraph 73 of the First Amended Complaint.

74.

Foxfire admits Paragraph 74 of the First Amended Complaint.

75.

Foxfire admits Paragraph 75 of the First Amended Complaint including the new subpart (h).

76.

Foxfire admits Paragraph 76 of the First Amended Complaint.

77.

Foxfire admits Paragraph 77 of the First Amended Complaint.

77A.

Foxfire admits Paragraph 77A of the First Amended Complaint.

77B.

Foxfire admits Paragraph 77B of the First Amended Complaint.

77C.

Foxfire admits Paragraph 77C of the First Amended Complaint.

77D.

Foxfire admits Paragraph 77D of the First Amended Complaint.

78.

Foxfire admits Paragraph 78 of the First Amended Complaint.

79.

Foxfire admits Paragraph 79 of the First Amended Complaint.

80.

Foxfire admits Paragraph 80 of the First Amended Complaint.

81.

Foxfire admits Paragraph 81 of the First Amended Complaint.

82.

Foxfire admits Paragraph 82 of the First Amended Complaint.

83.

Foxfire admits Paragraph 83 of the First Amended Complaint.

84.

Foxfire admits Paragraph 84 of the First Amended Complaint.

85.

Foxfire admits Paragraph 85 of the First Amended Complaint.

86.

Foxfire admits Paragraph 86 of the First Amended Complaint.

87.

Foxfire admits Paragraph 87 of the First Amended Complaint.

88.

Foxfire admits Paragraph 88 of the First Amended Complaint.

88A.

Foxfire admits Paragraph 88A of the First Amended Complaint.

88B.

Foxfire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88B and therefore must deny the same.

88C.

Foxfire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88C and therefore must deny the same.

88D.

Foxfire admits Paragraph 88D of the First Amended Complaint.

88E.

Foxfire admits Paragraph 88E of the First Amended Complaint to the extent of the information set forth in the E-Mail.

88F.

Foxfire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88F and therefore must deny the same.

88G.

Foxfire is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88G and therefore must deny the same.

88H.

Foxfire is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88H and must therefore deny the same.

88I.

Foxfire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88I and must therefore deny the same. Foxfire is aware that Mrs. McDaniel subsequently contacted Attorney Whiteside who is Plaintiff's counsel.

88J.

Foxfire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88J and for such reasons must deny the same.

88K.

Foxfire admits Paragraph 88K of the First Amended Complaint.

88L.

Foxfire is without knowledge or information sufficient to form a belief s to the truth of the allegations contained in Paragraph 88L and therefore must deny the same.

88M.

Foxfire admits Paragraph 88M of the First Amended Complaint.

88N.

Foxfire admits Paragraph 88N of the First Amended Complaint.

88O.

Foxfire admits Paragraph 88O of the First Amended Complaint.

88P.

Foxfire admits Paragraph 88P of the First Amended Complaint.

88Q.

Foxfire admits Paragraph 88Q.

88R.

Foxfire admits Paragraph 88R of the First Amended Complaint.

89.

Foxfire admits Paragraph 89 of the First Amended Complaint.

89A.

Foxfire admits Paragraph 89A of the First Amended Complaint.

90.

Foxfire admits Paragraph 90 of the First Amended Complaint.

91.

Foxfire admits Paragraph 91 of the First Amended Complaint.

92.

Foxfire admits Paragraph 92 of the First Amended Complaint.

93.

Foxfire admits Paragraph 93 of the First Amended Complaint.

94.

Foxfire admits Paragraph 94 of the First Amended Complaint.

95.

Foxfire admits Paragraph 95 of the First Amended Complaint.

Document    Page 15 of 17

96.

Foxfire admits Paragraph 96 of the First Amended Complaint.

**DEFENSES**

97.

Foxfire incorporates herein by specific reference thereto the original Defenses set forth in its original Answer (Doc. 11) as the First Defense in Paragraph 95 of the original Answer, Second Defense set forth in the Paragraph 96 of the original Answer, and Third Defense set forth in Paragraph 97 of the original Answer and Defenses all as filed on November 20, 2013, (Doc. 11), and the same are specifically incorporated herein by specific reference thereto. This incorporation by reference is intended to comply with the Rules of Pleading of FRCP 7, 8, 10, 12, and their Bankruptcy Rule counterparts.

**CROSS CLAIM AGAINST SUNTRUST BANK, SUNTRUST MORTGAGE, INC. AND McCALLA RAYMER, LLC**

98.

Comes now Defendant Foxfire Acres, Inc., herein referred to as "Foxfire", and incorporates herein by reference thereto the original Cross Claim set forth in Paragraph 98 – 133 in the original Cross Claim (Doc. 11) filed on November 20, 2013, and also specifically incorporates herein by specific reference thereto all of Paragraphs 134 – 136 of the First Amendment to Answer, Defenses and Cross Claim (Doc. 56) filed by Foxfire on January 3, 2014. Said Cross Claim and said First Amendment to the Cross Claim were specifically upheld by Order of this Court and said Order is incorporated herein by specific reference thereto. This incorporation by reference is intended to

comply with the Rules of Pleading in FRCP 7, FRCP 8, FRCP 10  FRCP 13 and their Bankruptcy Rule counterparts.

    WHEREFORE, Foxfire respectfully requests Judgment in its favor on its Cross Claim as provided by law, and that it recover its costs of defense, including reasonable expenses of litigation pursuant to law for bringing the Cross Claim due to the actions of Defendants McCalla Raymer, SunTrust Bank and SunTrust Mortgage herein, and for such other relief as to the Court may grant in the declaration of rights to the four checks and as to the violation of the Stay by said co-Defendants.

        Respectfully Submitted,

        s/JAMES D. PATRICK
        JAMES D. PATRICK
        State Bar No. 566150
        Attorney for Defendant Foxfire Acres, Inc.

Post Office Box 2745
Columbus, Georgia  31902
706-322-7181

## CERTIFICATE OF SERVICE

I do hereby certify that I am counsel for Defendant Foxfire Acres, Inc., in this action, and that I have this date electronically filed and served a copy of the above and foregoing *"***Answer and Defenses of Defendant Foxfire Acres, Inc. to Plaintiff's First Amended Complaint and Cross Claim and First Amendment to Cross Claim for Declaratory Judgment of Defendant Foxfire Acres, Inc.***"* by electronic notice upon the following parties:

Fife W. Whiteside
Attorney at Law
Post Office Box 5383
Columbus, Georgia  31906

Stephanie Burnham
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300

Alan Snipes
Stephen G. Gunby
PAGE SCRANTOM LAW FIRM
Post Office Box 1199
Columbus, Georgia  31902

Barbara G. Parker
Office of U.S. Attorney – Macon
P.O. Box 1702
Macon, Georgia  31202

Cater C. Thompson
JONES, CORK & MILLER, LLP
Post Office Box 6437
Macon, Georgia  31201

A. Kristin Hurst
Chapter 13 Trustee
P.O. Box 1907
Columbus, Georgia  31902

The following parties were served by standard first-class mail:  NONE

This   6th   day of      February      2014.

s/JAMES D. PATRICK
JAMES D. PATRICK
State Bar No. 566150
Attorney for Defendant Foxfire Acres, Inc.

Post Office Box 2745
Columbus, Georgia  31902
(706)322-7181