IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | |
| | * | CHAPTER 13 |
| LESLIE MCDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | JUDGE LANEY |
| Debtor | * | |

---

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | ADVERSARY PROCEEDING |
| | * | NO. 13-04013 |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA | * | |
| (Represented by the DEPARTMENT OF | * | |
| REVENUE), THE GROGAN GROUP, | * | |
| LLC d/b/a GROGAN & GROGAN, and | * | |
| THE COLUMBUS CONSOLIDATED | * | |
| GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

**BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

McCalla Raymer, LLC ("McCalla Raymer"), submits this Brief in Support of its Motion for Judgment on the Pleadings, respectfully showing the Court the following:

**STATEMENT OF FACTS**

1. **Background Facts**

Plaintiff is a co-debtor on a promissory note (the "Note") dated February 13, 1992, evidencing a loan in the original amount of $106,400, in favor of Trust Company Bank of Columbus, N.A. ("Trust Company"). (Pl's. Compl. [Doc. 1], ¶ 13). The loan was secured by a

Deed to Secure Debt (the "Security Deed") executed in favor of Trust Company on property located at 2627 Meadowview Drive, Columbus, Georgia (the "Property"). (*Id.*, ¶ 14). After a divorce, Plaintiff was to assume responsibility for payments on the Note and the Security Deed. (*Id.*, ¶ 20).

Plaintiff subsequently defaulted on the Note and the Security Deed. (*Id.*, ¶ 21). A foreclosure was thereafter commenced in the name of SunTrust Mortgage, Inc. ("SunTrust Mortgage"), which advertised the Property for a foreclosure sale to occur on November 2, 2010. (*Id.*, ¶ 26). On that date, a representative of Foxfire Acres, Inc. ("Foxfire") appeared at the courthouse and submitted the highest bid on the Property in the amount of $126,000. (*Id.*, ¶ 28). A foreclosure deed was subsequently forwarded to Foxfire, which refused to accept it because Foxfire contended that the title to the Property was defective. (*Id.*, ¶ 36). Foxfire subsequently filed suit against McCalla Raymer and SunTrust Mortgage in the Superior Court of Muscogee County, and that case remains pending. (*Id.*, ¶ 41, Ex. "7").

### 2.    **The Adversary Case and Foxfire's Cross-Claim**

Plaintiff filed the present adversary proceeding on October 17, 2013, against numerous parties, including McCalla Raymer, SunTrust Bank ("SunTrust"), and SunTrust Mortgage, and other state and federal taxing authorities who hold liens on the Property. As the Court is well aware, Plaintiff originally asserted alternate theories as to whether the foreclosure was valid or void. Plaintiff filed an Amended Complaint on January 24, 2014 [Doc. 90], in which Plaintiff now acknowledges (as stipulated by McCalla Raymer, SunTrust, and SunTrust Mortgage) that the foreclosure was void.

Plaintiff has not asserted any substantive claim for relief against Foxfire in her Complaint or her Amended Complaint. Plaintiff instead alleges that Defendants McCalla Raymer, SunTrust

Bank, and/or SunTrust Mortgage, Inc. refunded certain funds to Foxfire, and that such funds included a "surplus" due to Plaintiff. (Doc. 90, ¶ 59). Plaintiff contends that Defendants McCalla Raymer, SunTrust, and/or SunTrust Mortgage violated the automatic stay of 11 U.S.C. § 362(k) when they tendered the "surplus" of "at least $7,000" to Foxfire. (*Id.*, ¶¶ 79, 83). In its Answer, Foxfire admits that it received four checks from counsel for McCalla Raymer on August 27, 2013, three totaling the sum of $126,000 (the amount offered and paid by Foxfire at the foreclosure sale on the property), plus the sum of $28,840.99 in interest. (Foxfire Answer and Cross-Claim [Doc. 11], ¶¶ 125, 128).

In its Answer, Foxfire further asserted a Cross-Claim against Defendants McCalla Raymer, SunTrust, and SunTrust Mortgage. Foxfire contended that the sum of $9,117.70 tendered to it as part of the refund was "surplusage" that might be subject to the Debtor's bankruptcy proceeding. (Doc. 11, ¶¶ 114, 126). Foxfire sought only two forms of relief: (1) a declaration that Foxfire had "complete title, free and clear of any claims of anyone and any entity to said four checks and the sums of money represented herein"; and (2) "that Foxfire be permitted to proceed with its civil action in the Superior Court of Muscogee County, Georgia as referenced in Exhibit 7 to the adversary proceeding Complaint filed herein and for expenses of litigation, to include attorney's fees from said co-Defendants." (*Id.*, ¶¶ 123). Foxfire amended its Cross-Claim on January 3, 2014 [Doc. 56], seeking the same relief, but this time clarifying that its claim for attorney's fees was also being brought pursuant to O.C.G.A. § 13-6-11.

As the pleadings stand now, therefore, Plaintiff has asserted no claim against Foxfire. The only claim asserted by Foxfire (other than a derivative attorney's fee claim) is a claim for declaratory judgment against McCalla Raymer, SunTrust, and SunTrust Mortgage that Foxfire is entitled to retain the tendered funds.

3

3. **McCalla Raymer's Tender of Funds**

Contemporaneous with the present Motion for Judgment on the Pleadings, McCalla Raymer has filed a Motion to Tender Funds and for Equitable Disbursement of Tendered Funds. As set forth in the Motion, the only party that has remotely asserted a claim to the funds tendered to Foxfire is Plaintiff, who contends that she may be entitled to a *portion* of the funds which she calls a "surplus," *i.e.*, $9,117.70. Regardless of Plaintiff's allegations, however, there is no dispute that Foxfire is entitled to the full amount tendered to it. At the hearing on the Motions to Dismiss filed by Defendants, the Court was inclined to agree:

> THE COURT: But if Foxfire paid the money out, aren't they also entitled to get all the money back that they paid?
>
> MR. WHITESIDE: I don't know that. They may have a claim for – they may be entitled to get back their consideration for the bid, but the surplus, they may have to look to McCalla or to the bank in a claim for that –
>
> THE COURT: I didn't – I meant they would be entitled to that money from the mortgage company. If the mortgage company got the money and then didn't give them title, it doesn't matter how much the debt was, the mortgage company would have to give back what they got, wouldn't they? And there may be other damages, but at a minimum, they've got to give that back, even though some of that, if it had been a completed foreclosure, would have been an excess.

(Doc. 103, 1/8/14 Tr., pp. 57-58).

McCalla Raymer requests that the Court enter an order allowing McCalla Raymer to deposit the sum of $9,500.00 into the registry of the Court. The Court can thereafter determine whether Plaintiff is entitled to this alleged "surplus" (as Plaintiff contends) or whether the funds should be returned to McCalla Raymer (as McCalla Raymer contends). In the meantime, however, there is no reason for Foxfire to remain in this case pending the determination of the parties' rights.

4

## ARGUMENT AND CITATION OF AUTHORITY

Fed. R. Civ. P. 56(c) and Bankruptcy Rule 7012(c) provide that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standards for granting a motion for judgment on the pleadings are similar to those for granting a motion to dismiss. As noted by the Court in *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998).

> We review a judgment on the pleadings *de novo*. See *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir.1996) (citing *Ortega v. Christian*, 85 F.3d 1521, 1524–25 (11th Cir.1996)). Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. See *Bankers Ins. Co. v. Florida Residential Property and Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir.1998) (citing *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir.1990)); *see also* Rule 12(c), Fed.R.Civ.P. When we review a judgment on the pleadings, therefore, we accept the facts in the complaint as true and we view them in the light most favorable to the nonmoving party. See *Ortega*, 85 F.3d at 1524 (citing *Swerdloff v. Miami Nat'l Bank*, 584 F.2d 54, 57 (5th Cir.1978)). The complaint may not be dismissed " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Slagle*, 102 F.3d at 497 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) & citing *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 2916–17, 125 L.Ed.2d 612 (1993)).

*Hawthorne*, 140 F.3d at 1370.

If the Court allows McCalla Raymer to tender the sum of $9,500.00 into the registry of the Court (a sum more than sufficient to cover Plaintiff's claim to the small portion of the money tendered to Foxfire), there is no need for Foxfire to remain in this case. Plaintiff has made no claim against Foxfire. The only claim asserted by Foxfire (other than its derivative claim for attorney's fees) is a request for the Court to declare that Foxfire can negotiate the tendered checks. McCalla Raymer does not dispute that Foxfire is entitled to that relief.

In Foxfire's Cross-Claim for Declaratory Judgment, it sought two forms of declaratory relief: (1) a declaration that Foxfire had "complete title, free and clear of any claims of anyone and any entity to said four checks and the sums of money represented herein"; and (2) "that Foxfire be permitted to proceed with its civil action in the Superior Court of Muscogee County, Georgia as referenced in Exhibit 7 to the adversary proceeding Complaint filed herein." (Doc. 11, ¶¶ 123). Because of McCalla Raymer's tender of funds and request for equitable disbursement, any claims of Plaintiff to the "surplus" are more than adequately covered. McCalla Raymer does not object to the Court providing Foxfire with the two declarations above that it seeks.

The only remaining issue in Foxfire's Cross-Claim is its claim for attorney's fees and expenses. Foxfire's sole claim, however, is for a declaratory judgment pursuant to 28 U.S.C. § 2201. The federal declaratory judgment statute does not in and of itself provide for recovery of attorney's fees. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Scott*, 866 F. Supp. 2d 680, 690 (S.D. Tex. 2012) ("[T]he Federal Declaratory Judgment Act does not provide the requisite statutory authority to award attorney's fees in a diversity case.").

Foxfire's claim for attorney's fees (if proven) arises under Georgia state law, specifically O.C.G.A. § 13-6-11. That claim, however, is not a core proceeding and should not proceed in this Court. Core proceedings are those proceedings which would not exist in law in the absence of the Bankruptcy Code. *Thomasson v. AmSouth Bank, N.A.*, 59 B.R. 997 (N.D.Ala.1986). "If the proceeding does not involve a substantive right created by the federal bankruptcy law and is one that could exist outside bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under § 157(c)(1) it is an 'otherwise related' or non-core proceeding." *In re Davis,* 899 F.2d 1136, 1140–1141 (11th Cir.1990) (*citing Matter of*

*Wood,* 825 F.2d 90, 97 (5th Cir.1987)). Stated somewhat differently, for a case to be considered a core proceeding, the case would not exist "but for" bankruptcy. *See In re Nanodata Computer Corp.,* 52 B.R. 334 (Bankr.W.D.N.Y.1985).

The state law attorney's fee claim made by Foxfire in this case does not exist "but for" bankruptcy. That claim is already at issue in the case pending in Muscogee County. Given that Foxfire's Cross-Claim is a "non-core" proceeding, this Court must consider whether abstention would be proper. 28 U.S.C. § 1334(c)(2) (mandatory abstention) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2); *see also Hatcher v. Lloyd's of London,* 204 B.R. 227 (Bankr.M.D.Ala. 1997)("Section 1334(c)(2), on the other hand, provides for mandatory abstention under certain circumstances.")[1]

As noted by the Court in *In re Roddam,* 193 B.R. 971, 976 (Bankr.N.D. Ala. 1996):

> Section 1334(c) encourages, and in certain cases, requires "federal courts to allow state courts to hear state law matters when the only basis for federal jurisdiction is § 1334(b)." *Thomasson v. AmSouth Bank,* 59 B.R. 997, 1002 (N.D.Ala.1986). "Section 1334(c) expresses a strong congressional desire that in respect to non-core proceedings the federal courts should not rush to usurp the traditional precincts of the state courts." *Cook v. Griffin,* 102 B.R. 875, 877 (N.D.Ga.1989). Together, sections 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and

---

[1] 28 U.S.C. § 1334(c)(1) allows district courts to abstain from hearing proceedings "arising under title 11 or arising in or related to a case under title 11" when abstention is proper in the interests of justice, comity with state courts, or respect for state law. McCalla Raymer submits that the attorney's fee claim in this case is one in which mandatory abstention is warranted under 28 U.S.C. § 1334(c)(2). Alternatively, McCalla Raymer submits that this Court should permissively abstain from hearing this case given that a pre-existing case is already being pursued in state court.

7

rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of section 1334(b) and the litigation can be timely completed in state court. Because the statutes are similar in purpose and spirit, circumstances which weigh in favor of discretionary abstention or dictate mandatory abstention under the subsections of section 1334(c), likewise weigh in favor of or constrain remand under section 1452(c).

*Roddam*, 193 B.R. at 976.

There is no question that the attorney's fee claim in this case is subject to mandatory abstention, as are any other "non-core" claims of Foxfire. Foxfire's central claim in this case is a request that it be entitled to negotiate the checks tendered to it. Assuming the Court allows the tender of funds by McCalla Raymer, there is no impediment to Foxfire negotiating those checks. McCalla Raymer submits that the Court should **GRANT** its Motion for Judgment on the Pleadings.

Respectfully submitted, this 2nd day of April, 2014.

                              PAGE, SCRANTOM, SPROUSE,
                              TUCKER & FORD, P.C.

                              By: s/Alan G. Snipes
                                   Stephen G. Gunby
                                   Ga. Bar No.: 315212
                                   Alan G. Snipes
                                   Ga. Bar No.: 665781

1111 Bay Avenue, Third Floor
P. O. Box 1199
Columbus, Georgia 31902                 Attorneys for McCalla Raymer, LLC
(706) 324-0251
sgg@psstf.com

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served either electronically or via U.S. Mail with adequate first class postage to the addresses below on the following persons:

Mr. Fife W. Whiteside
P.O. Box 5383
Columbus, Georgia 31906

Audrey Seidle Eshman
Assistant Attorney General
40 Capital Square, S.W.
Atlanta, Georgia 30334-9457

James D. Patrick
831 2nd Avenue
Columbus, Georgia 31901

Barbara G. Parker
Office of U.S. Attorney-Macon
P.O. Box 1702
Macon, Georgia 31902

Ms. Cater C. Tompson
Jones, Cork & Miller, LLP
P.O. Box 6437
Macon, Georgia 31201

Kristin Hurst
Chapter 7 Trustee
P.O. Box 1907
Columbus, Georgia 31902

The Grogan Group, LLC
P.O. Box 1518
Columbus, GA 31902

This 2nd day of April, 2014.

/s Alan G. Snipes