IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| In re: | )CHAPTER 13 |
| LESLIE McDANIEL, | )CASE NO. 12-41231-JTL |
| Debtor, | )JUDGE LANEY |

| | |
|---|---|
| LESLIE McDANIEL, Individually, and as Representative of her Bankruptcy Estate, | ) ) |
| Plaintiff, | )ADVERSARY PROCEEDING  NO. 13-04013 |
| vs. | ) |
| SUNTRUST BANK, SUNTRUST MORTGAGE, INC., McCALLA RAYMER, LLC, FOXFIRE ACRES, INC., THE UNITED STATES by and through the INTERNAL REVENUE SERVICE, THE STATE OF GEORGIA (Represented by the DEPARTMENT OF REVENUE), THE GROGAN GROUP, LLC d/b/a GROGAN & GROGAN, and THE COLUMBUS CONSOLIDATED GOVERNMENT, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT FOXFIRE ACRES, INC.
MOTION TO COMPEL CONTINUATION OF DEPOSITION OF ADAM SILVER,
RESPONSE OF DEFENDANT FOXFIRE ACRES, INC. TO ORAL MOTION TO TERMINATE
DEPOSITION MADE BY MCCALLA RAYMER ON WEDNESDAY, MAY 14, 2014,
DEFENDANT FOXFIRE ACRES, INC. MOTION FOR SANCTIONS**

Comes now Defendant Foxfire Acres, Inc., and makes this its (1) Motion for Order Compelling Continuation of Deposition of Adam Silver and for statutory sanctions against Defendant McCalla Raymer for illegal termination of deposition of Adam Silver and denial of Foxfire Acres' right of cross examination of Deponent Adam Silver, and (2) Defendant Foxfire Acres' Response to oral Motion by counsel for Defendant McCalla

1

Raymer to terminate deposition of Adam Silver on Wednesday, May 14, 2014, as follows:

1.

**FACTUAL STATEMENT**

On Monday, May 12, 2014, a Notice of Deposition was served upon the parties to this proceeding setting out the taking of the deposition of Mr. Adam Silver, a partner in Defendant McCalla Raymer's law firm. The deposition was scheduled to be taken on Wednesday, May 14, 2014, beginning at 10:00 AM, at the Law Offices of Dickerson Gilroy in Alpharetta, Georgia. The Notice further stated that Mr. Whiteside, counsel for Plaintiff, would take the deposition of Mr. Silver, individually. It further stated the deposition was taken for purposes of cross examination, discovery and all other purposes permitted by law. The oral examination of Mr. Silver would continue from day to day until completion. This Notice was sent to counsel for Defendant Foxfire Acres herein. The Notice further stated that the other parties "are invited to attend and to examine to the extent permissible by law". In reliance upon said Notice, counsel for Defendant Foxfire Acres drove to Alpharetta, Georgia (approximately 20 miles north of Atlanta, Georgia) on the night of Tuesday, May 13, 2014 in order to assure that counsel would be able to attend Mr. Silver's deposition given the sometimes congested traffic conditions in transiting through the City of Atlanta in the morning. Counsel for Foxfire Acres, Inc., duly arrived at Dickerson Gilroy law office shortly before 10:00 AM. Defendant Foxfire Acres' counsel prepared for said deposition and was entitled to participate in the same under FRCP 30(c) and Bankruptcy Rule 30(c). The deposition did not start promptly at 10:00 AM. The gathered parties were informed that Mr. Silver

was not present. The deposition did not begin until shortly before 11:00 AM. A court reporter was present and she recorded the proceedings. As of the date of the filing of this Motion and Response, Foxfire Acres has not received the transcript.

Several breaks were taken during the course of the examination of Mr. Silver by Attorney Whiteside. It was not until shortly before 2:00 PM that counsel for Defendant Foxfire Acres began his cross examination of Mr. Silver. At approximately 2:00 PM, Mr. Alan Snipes, counsel for Defendant McCalla Raymer, stated that the deposition was ending. Defendant McCalla Raymer, through its attorney, intentionally denied Foxfire Acres its right to cross examine Mr. Adam Silver, a key factual witness in this matter.

At the very beginning of the deposition, prior to any questions being made to Mr. Silver, Attorney Whiteside asked all the assembled attorneys if they wished to move to terminate the deposition of Mr. Silver for any reason. All counsel present signified that no one wished to terminate the deposition or to make a motion to terminate the deposition. The deposition then began with examination by Mr. Whiteside, counsel for Plaintiff. Unfortunately, after this stipulation by the parties, Mr. Snipes, at approximately 2:00 PM, made an oral motion to terminate the deposition after stating repeatedly that Foxfire Acres' attorney did not have the right to cross examine Mr. Silver. Colloquy of counsel occurred on this point. Counsel for Foxfire Acres asked that the deposition be continued to the following day, i.e. Thursday, May 15, 2014. This request was denied. Counsel for Defendant McCalla Raymer abruptly and without any legal authority terminated the deposition at approximately 2:00 PM and walked out of the room with Mr. Silver.

The acts of Defendant McCalla Raymer in arbitrarily and illegally terminating the deposition of Mr. Silver, without filing a Motion for Protective Order prior to the deposition, without attempting to contact the Bankruptcy Court Judge, by telephone conference call, so the matter could be addressed during the deposition, all constituted illegal acts and the interference with the discovery rights of Defendant Foxfire Acres.

There was no Motion for Protective Order filed after the Notice of Deposition on Monday, May 12, 2014, to limit the time of the deposition nor to prevent counsel for Defendant Foxfire Acres from questioning Witness Adam Silver. The actions of counsel for Defendant McCalla Raymer were totally inappropriate, illegal and constitutes harassment of Defendant Foxfire Acres in discovery. Furthermore, it frustrated the fair examination of the Deponent and impeded and delays the discovery deposition of Adam Silver, partner of Defendant McCalla Raymer, who is a key fact witness in this matter.

Defendant Foxfire Acres is entitled to an Order, pursuant to FRCP 26 and FRCP 37(d) compelling the continuation of the deposition of Adam Silver and for cost of the deposition as well as the expenses of litigation to include reasonable attorney's fees incurred in the initial taking of the terminated deposition of Mr. Silver as well as of the retaking of the deposition of Mr. Silver, including cost of the court reporter in both instances.

Defendant Foxfire Acres will amend this Motion as well as this Response to McCalla Raymer's oral motion to terminate the deposition of Adam Silver upon receipt of the transcript from the court reporter.

Defendant Foxfire Acres respectfully requests a hearing before the Court in this matter.

Defendant Foxfire Acres also respectfully requests a 60-day extension of discovery from the Court.  Under previous Order of the Court, discovery is to terminate on Monday, June 9, 2014.  Under all legal and equitable, Defendant Foxfire Acres requests an extension of discovery to complete the deposition of Mr. Silver as well as any other person reasonably identified in his deposition.

2.

## ARGUMENT AND CITATION OF AUTHORITY

**FRCP 37(d), Bankruptcy Rule 37(d) specifically provides for the Court to enter an Order compelling the continuation of the deposition of Adam Silver and for the imposition of sanctions to include requiring Mr. Silver and Defendant McCalla Raymer to pay the cost of the taking of the first deposition of Mr. Silver as well as the cost of taking the second deposition of Mr. Silver, including the attorney's fees incurred by Foxfire Acres in both depositions**.  It must be remembered that Defendant McCalla Raymer did not file a Motion for Protective Order after the Notice of Mr. Silver's deposition was served on Monday, May 12, 2014.  Said Notice of Deposition does not contain any limitation in the deposition.  FRCP 30(d), Bankruptcy Rule 30(d) provides that the deposition shall have a duration of seven (7) hours on one day unless by Court Order extended or by agreement of the parties.  The deposition of Mr. Silver began shortly before 11:00 AM, had numerous breaks and concluded before 2:00 PM.  This is less than the seven (7) statutory hours.  FRCP 30(d)(2), Bankruptcy Rule 30(d)(2) expressly provides for sanctions on the person who impedes, delays or frustrates the fair examination of the  Deponent including awarding the reasonable expenses incurred for the deposition as well as the attorney's fees

5

involved.  Defendant Foxfire Acres will have to travel back to Atlanta for the deposition of Mr. Silver which includes at least two and one-half ( 2 ½) hours travel time to Atlanta and two and one-half (2 ½) hours travel time back from Atlanta to the site of the deposition in Alpharetta, Georgia.

Before the deposition of Mr. Silva started, Mr. Whiteside specifically asked if any one wished to make a motion to terminate the deposition of Mr. Silver before the examination began.  Defendant McCalla Raymer as well as the other attorneys all indicated that no one wished to terminate the deposition of Mr. Silva.  This is a valid waiver of the right to move to terminate the deposition.  Furthermore, no motion to terminate the deposition was filed prior to the deposition of Mr. Silver on May 14, 2014.

Defendant McCalla Raymer illegally impeded, delayed and frustrated the fair examination of Deponent Adam Silver by arbitrarily terminating the deposition and interfering Defendant Foxfire Acres' right of cross examination.

It should be noted that since May 14, 2014, when the oral motion to terminate the deposition was made by Mr. Snipes on the record before the court reporter, that Defendant McCalla Raymer has not filed a written Motion to Terminate the deposition.  No grounds for terminating the deposition have been set forth.  This is additional evidence of bad faith by Defendant McCalla Raymer.

FRCP 37(a), Bankruptcy Rule 37(a) specifically allows the Court to enter an Order compelling the deposition and the answering of questions related to a deposition.  FRCP 37(a)(3)(C), Bankruptcy Rule 37(a)(3)(C).  Furthermore, Defendant Foxfire respectfully requests the Court to enter its Order requiring the payment of expenses for the time incurred including travel time and hotel cost for counsel for Defendant Foxfire

6

Acres to attend the deposition at which he was not allowed by counsel for Defendant McCalla Raymer to conduct the examination.  FRCP 30(c)(1), Bankruptcy Rule 30(c)(1) specifically grants the right of examination and cross examination in a deposition.  FRCP § 26(b)(1) states that the "scope of discovery is as follows:  Parties may obtain discovery regarding any non-privileged matter that is relevant to **any** party's claim or defense-…".

Thus, Foxfire was entitled to obtain discovery relating to its claims and to its defense to the Plaintiff's claims in this matter.

Defendant Foxfire Acres is entitled to an Order allowing the retaking and continuation of the deposition of Adam Silver, partner law of co-Defendant McCalla Raymer, LLC.  "The Court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the Deponent or if the Deponent, another person, or any other circumstance impedes or delays the examination." FRCP 30(d)(1), Bankruptcy Rule 30(d)(1).

Defendant Foxfire Acres is requesting sanctions, including expenses and attorney's fees incurred by Defendant Foxfire Acres be assessed on Defendant McCalla Raymer because it intentionally impeded, delayed and frustrated the fair examination of Deponent Adam Silver.  FRCP 30(d)(2), Bankruptcy Rule 30(d)(2).

The provisions of FRCP 37(d), Bankruptcy Rule 37(d) also provide additional grounds for sanctions against Defendant McCalla Raymer and authorize the Court to require Defendant McCalla Raymer to produce Deponent Adam Silver and to pay reasonable expenses, including attorney's fees, caused by the failure of Adam Silver to allow his deposition to be taken by Defendant Foxfire Acres, Inc.

WHEREFORE, Defendant Foxfire Acres respectfully moves the Court to enter an Order compelling Adam Silver, attorney partner of Defendant McCalla Raymer, LLC, to appear at a date and time for his deposition to be taken and continued pursuant to law and to allow Defendant Foxfire Acres a reasonable time, not to exceed seven (7) hours, to depose Deponent Adam Silver.  It is also respectfully requested that the Court enter an Order ordering sanctions against Defendant McCalla Raymer, including all costs and expenses incurred by Foxfire Acres including reasonable attorney's fees in attending the failed deposition on May 14, 2014, as well as the cost and expenses incurred in the retaking of Deponent Adam Silver's deposition, and the cost, including reasonable attorney's fees incurred by Defendant Foxfire Acres in the making and filing of this Motion to Compel Discovery and Response to the oral Motion to Terminate Deposition made by Defendant McCalla Raymer.

    Respectfully Submitted,

    s/JAMES D. PATRICK
    JAMES D. PATRICK
    State Bar No. 566150
    Attorney for Defendant Foxfire Acres, Inc.

Post Office Box 2745
Columbus, Georgia  31902
706-322-7181

## CERTIFICATE OF SERVICE

I do hereby certify that I am counsel for Defendant Foxfire Acres, Inc., in this action, and that I have this date electronically filed and served a copy of the above and foregoing "*Defendant Foxfire Acres, Inc. Motion to Compel Continuation of Deposition of Adam Silver, Response of Defendant Foxfire Acres, Inc. to Verbal Motion to Terminate Deposition Made By McCalla Raymer on Wednesday, May 14, 2014, Defendant Foxfire Acres, Inc. Motion for Sanctions*" by electronic notice upon the following parties:

Fife W. Whiteside
Attorney at Law
Post Office Box 5383
Columbus, Georgia  31906

Stephanie Burnham
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300

Alan Snipes
Stephen G. Gunby
PAGE SCRANTOM LAW FIRM
Post Office Box 1199
Columbus, Georgia  31902

Barbara G. Parker
Office of U.S. Attorney – Macon
P.O. Box 1702
Macon, Georgia  31202

Cater C. Thompson
JONES, CORK & MILLER, LLP
Post Office Box 6437
Macon, Georgia  31201

A. Kristin Hurst
Chapter 13 Trustee
P.O. Box 1907
Columbus, Georgia  31902

The following parties were served by standard first-class mail:  NONE

This 21st day of May 2014.

s/JAMES D. PATRICK
JAMES D. PATRICK
State Bar No. 566150
Attorney for Defendant Foxfire Acres, Inc.

Post Office Box 2745
Columbus, Georgia  31902
(706)322-7181

9