IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| by the DEPARTMENT OF REVENUE), THE | * | |
| GROGAN GROUP, LLC d/b/a GROGAN & | * | |
| GROGAN, and THE COLUMBUS | * | |
| CONSOLIDATED GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM IN OPPOSITION TO MOTION TO TENDER FUNDS AND FOR EQUITABLE DISBURSEMENT OF TENDERED FUNDS AND MOTIONS FOR JUDGMENT ON THE PLEADINGS

COMES NOW Leslie McDaniel ("Plaintiff,"), and brings the within Memorandum in Opposition to Motion to Tender Funds and for Equitable Disbursement of Tendered Funds and Motions for Judgment on the Pleadings ("Memorandum in Opposition"), with respect to the Tender Motion, McCalla R12(c) Motion and SunTrust R12(c) Motion, and says the following.

PROCEDURAL BACKGROUND

This is not the first time that the issues presented in the McCalla R12(c) Motion and the SunTrust R12(c) Motion have been put before the Court.

When the Plaintiff made her selection of the parties that were appropriate to be named as defendants, she included Foxfire Acres, Inc. ("Foxfire"), because it had been the successful bidder at the unsuccessful foreclosure sale attempted in November of 2010. Up until recently, specifically through the completion of pleadings in this case, McCalla Raymer and SunTrust had taken the position that the foreclosure was valid, so that Foxfire was the owner of the property, which is the subject matter of this adversary proceeding. This left Foxfire with, at least, a colorable interest in the property and so it had to be named as a party defendant. 11 U.S.C. § 363(f), R.Bankr.Pro. 7001(2).

In fact, SunTrust and SunTrust Mortgage had filed multiple pleading items in this case asserting that the property was not property of the estate, which could only be the case if the foreclosure had been completed. Only recently have McCalla, SunTrust and Suntrust Mortgage reversed that position and conceded that the foreclosure was invalid. Because of the position originally taken by SunTrust and SunTrust Mortgage, which the Plaintiff contends is entirely frivolous.[1] The Plaintiff felt obliged to name Foxfire as a defendant, since it would have some putative interest in the property.[2]

Foxfire, having been named as a party defendant and having answered, asserted a crossclaim against McCalla Raymer, SunTrust and SunTrust Mortgage, asking, as relief, for determination as to whether the estate had any interest in any portion of the refunded bid price, and other relief.

---

[1]The Debtor made a R.Bankr.Pro. 9011 notice on SunTrust and SunTrust Mortgage, by which notice it was stated that there was no basis in law and fact for that position. In deposition a McCalla Raymer partner admitted this was so.

[2]During the pendency of the bankruptcy case, and just prior to the filing of this adversary proceeding, McCalla, SunTrust and SunTrust Mortgage, or some of them, unilaterally and unconditionally refunded the bid price paid by Foxfire to Foxfire, along with an arbitrary amount for attorney's fees, by which they attempted to limit their liability for attorney's fees, on a unilateral basis.

McCalla Raymer, SunTrust and SunTrust Mortgage each filed motions to dismiss [Dkt No. 30 and Dkt No. 33], under Rule 12(b)(6) as to the Foxfire crossclaim.

On January 15, 2014, the Court announced, from the bench, it's findings of fact and conclusions of law as to that Motion (at Pages 30-31) and they are restated as follows:

> *"McCalla Raymer also had and we considered last week a motion to dismiss the counterclaim of Foxfire and the SunTrust defendants had the same motion to dimiss the counterclaim of Foxfire.*
> *In the motion, McCalla Raymer asserts that because the Foxfire crossclaim is not a core proceeding it's outside the jurisdiction of the Court and should be dismissed but actually whether or not a matter is a core proceeding is a separate question from whether the bankruptcy court has subject matter jurisdiction. The cor proceeding simply goes to the Court's ability to enter a final order in a particular proceeding, not whether the bankruptcy court has jurisdiction.*
> *So the motion to dismiss for lack of subject matter jurisdiction because it's a noncore issue or it's a related to issue, that's not a, that's no a good ground to deny I mean, yes, to deny the crossclaim or to strike the crossclaim. The court clearly has subject matter jurisdiction at a minimum because the crossclaim asks the Court to determine the -- any possible claims including the plaintiff's claim to the check which represents the excess over the SunTrust debt that was bid in and paid by Foxfire. So I think there was a contention in the argument that the crossclaim asked only to determine claims of the defendants and the defendants stipulated that they had no claims, the other defendants stipulated that they had no claims as to that, as to any of those checks. The crossclaim actually asks to determine the estate's interest in that check. So that's not something that it stipulated that is agreed to and while it looks to me like there ought to be some way for the parties to enter an agreement and let Foxfire out of this litigation and let them keep their money and go back and litigate as to additional damages over in the state court, Foxfire was sued and had a right to file a crossclaim and filed a crossclaim for a declaration as to the interest that any party in the world has as to that check and the plaintiff insisted that the plaintiff's estate -- that the debtor's estate has an interest in that check.*
> *So the motion to dismiss is not granted. Well, the motion to dismiss will be denied because it just, as to that one issue it does state a claim, and then -- well, if it's no more than that it states a claim. Of course it also has other allegations about who -- about the validity of the -- or what happened to the debt which is really more a plaintiff's allegation than the crossclaimant's allegation but at any rate I'm going to deny the SunTrust motions and the McCalla Raymer motions except to the extent that I will grant the motion for a more definite statement and suggest that those alternative theories should be removed so that the pleadings will address only issues that are actually issues in the case and will be easier to respond to and easier for everyone to understand."*

The Court entered orders denying those motions to dismiss [Dkt No. 79 & Dkt No. 80].

Subsequently, McCalla Raymer, SunTrust and SunTrust Mortgage unilaterally payed into the registry of the Court an arbitrary amount in excess of what would have been the surplus had the foreclosure sale been valid, as they had previously contended. Having paid this money into the registry of the Court, McCalla Raymer, SunTrust and SunTrust Mortgage then requested that the Court make a determination as to rights in this money, as if it were a fund subject to interpleader, which it is not.

Having made the tender, an on the assumption that the Court would make such a determination, McCalla, SunTrust and SunTrust Mortgage then filed motions for judgment on the pleadings, under Rule 12(c), contending that there is no longer any issue between the Plaintiff and Foxfire as a defendant, the claims against Foxfire should be dismissed and so should the crossclaim. The position taken on these motions is not substantially different from the position taken on the Rule 12(b)(6) motions.

## ARGUMENT IN RESPONSE

What McCalla Raymer, SunTrust and SunTrust Mortgage are actually trying to do is to create an artbitary limitation on claims assertable by the Plaintiff, a then force the Plaintiff to dismiss a party that it originally elected to join. In other words, McCalla Raymer, SunTrust and SunTrust Mortgage are attempting to bring the Defendant's Motion to Dismiss under Rule 12(b)(6) as their motion for judgment on the pleadings under Rule 12(c), as if these rights were assertable by the co-defendant. All that is different is the payment of the arbitrary amount of $9,500.00, something that is outside the pleadings.

In making the Tender Motion, and the Memorandum in Support of that Motion, McCalla Raymer, SunTrust and SunTrust Mortgage offer no authority for the proposition that this procedure is correct, other than to cite to the Bankruptcy Court's "All Writ Statute", 11 U.S.C. § 105, and to ask the Court to fashion such a procedural remedy.

In reality, what McCalla, SunTrust and SunTrust Mortgage are attempting to do is to create a procedural device in the nature of an interpleader (under R.Bankr.Pro. 7022, and Fed.R.Civ.Pro. 22), but doing so where there is no actual "fund" to interplead. The money paid into the registry of

the Court is simply an arbitrary number which McCalla, SunTrust and SunTrust Mortgage have themselves unilaterally determined to be the limit of the claim that the Plaintiff might have against Foxfire.

This is not unlike the unilateral effort that McCalla made, to force the resolution of Foxfire's claims against McCalla, which are pending in non-bankruptcy court, by making an arbitrary payment of an amount that they considered to be sufficient to cover the claims, and paying same over to Foxfire, without Foxfire's agreement to the limitation.

Where the money paid into the Court is specific fund, segregated, and determined, remedying of an interpleader, either in this adversary proceeding, or in another might be available, and that would get McCalla Raymer, SunTrust and SunTrust Mortgage the relief they truly seek, which is a limitation on claims against themselves, but this is no fund and is not subject to interpleader.

The Plaintiff also notes that an appropriate procedural remedy by which a defendant may arbitrarily limit, in some way, claims against it is to make an offer of judgment under R,Bankr.Pro. 7068. However the Tender Motion would not be sufficient to constitute an offer of judgment and no offer of judgment has been made.

The Plaintiff's decision to add Foxfire as a party defendant was thoughtful, and prompted by positions taken by McCalla, SunTrust or SunTrust Mortgage in this bankruptcy case, the Plaintiff believes that Foxfire should remain as a party defendant, even though the property has been sold, since all rights attached to the proceeds, moreover, the Plaintiff has consulted with Foxfire, and Foxfire does not wish to be dropped as a party defendant.

The fact that the property subject matter to the adversary proceeding has been sold does not alter the fact that Foxfire is a proper party, since its claims, if any, would attach to the proceeds, which are escrowed.

The Plaintiff notes that a court authorized mediation has been conducted in this adversary proceeding. Plaintiff had repeatedly suggested a joint mediation which would include non-bankruptcy claims pending in Superior Court, and McCalla, SunTrust and SunTrust Mortgage repeatedly declined. While not breaching the confidentiality of the mediation, the possibility a resolution which would remove Foxfire as a party defendant was suggested and SunTrust, SunTrust Mortgage and McCalla were not interested.

In summary, the Plaintiff believes that the parties are properly aligned, Foxfire is a proper party if not a necessary party, and the Motion to Dismiss should be denied.

Respectfully submitted.

>  */s/ Fife M. Whiteside*
> FIFE M. WHITESIDE
> Attorney for Debtor/Plaintiff
> GA Bar No. 756025
> P.O. Box 5383
> Columbus, Georgia  31906
> 706-320-1215
> whitesidef@mindspring.com