IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| by the DEPARTMENT OF REVENUE), THE | * | |
| GROGAN GROUP, LLC d/b/a GROGAN & | * | |
| GROGAN, and THE COLUMBUS | * | |
| CONSOLIDATED GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

**MOTION TO CONSOLIDATE HEARING ON MOTION FOR SANCTIONS UNDER R.BANKR.PRO. 9011 WITH THE TRIAL OF THE ADVERSARY PROCEEDING HEREIN**

On or about May 2, 2013, the Debtor served a Notice and Motion for Sanction Under R.Bankr.Pro. 9011 on SunTrust Bank and SunTrust Mortgage ("Motion"). As provided by R.Bankr.Pro. 9011(c)(1)(A), this Motion was not served to allow the Respondents a reasonable opportunity to discontinue the sanctionable conduct. A true and accurate copy of that Motion, along with a cover letter therefore, is attached hereto and incorporated by reference as Exhibit "1" to this Motion.

By agreement, the time for the Respondents to withdraw the sanctionable conduct was extended to June 15, 2013. A letter confirming that agreement is attached hereto and incorporated by reference as Exhibit "2".

Nevertheless, Respondents did not discontinue the sanctionable conduct until six (6) months (and that many continuances of the hearing on Debtor's Plan) later, on December 13, 2013, when the offensive pleading items, Objection to Confirmation [Dkt No. 31] and Amended Objection to Confirmation [Dkt No. 32] were withdrawn [Dkt No. 51].

Among sanctions that the Court could award is the striking of the answers as to Counts of this Complaint. The issues set up in the Motion for Sanctions Under R.Bankr.Pro. 9011 are inextricably entwined with the issues set up in the Complaint brought against Suntrust Bank and SunTrust Mortgage, specifically with respect to Counts 3 and 4, whereby judicial and equitable estoppels, respectively, were set up arising out of the sanctionable conduct. Discovery is underway and nearing completion, and the discovery areas would be the same.

As appropriate under R.Bankr.Pro. 9011, the Debtor has filed and put before the Court her Motion for Sanctions under R.Bankr.Pro. 9011, which has been filed contemporaneously with this Motion in this Adversary Proceeding.

WHEREFORE, the premises considered, the Plaintiff, and Debtor, pray that the Motion be consolidated for all purposes (discovery and hearing) with the Adversary Proceeding brought by the Plaintiff against SunTrust Bank and SunTrust Mortgage, with respect to SunTrust Bank and SunTrust Mortgage.

Respectfully submitted.

/s/ Fife M. Whiteside

Fife M. Whiteside,
For the Plaintiff
Bar No.756025
Box 5383, Columbus, GA 31906
whitesidef@mindspring.com