IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | |
| | * | CHAPTER 13 |
| LESLIE MCDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | JUDGE LANEY |
| Debtor | * | |

---

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | ADVERSARY PROCEEDING |
| | * | NO. 13-04013 |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA | * | |
| (Represented by the DEPARTMENT OF | * | |
| REVENUE), THE GROGAN GROUP, | * | |
| LLC d/b/a GROGAN & GROGAN, and | * | |
| THE COLUMBUS CONSOLIDATED | * | |
| GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

## STATEMENT OF UNDISPUTED FACTS

COMES NOW McCalla Raymer, LLC ("McCalla Raymer"), and pursuant to Local Bankruptcy Rule 7056-1, files this Statement of Undisputed Facts, respectfully showing the Court the following:

1. Plaintiff is a co-debtor on a promissory note (the "Note") dated February 13, 1992, evidencing a loan in the original amount of $106,400, in favor of Trust Company Bank of Columbus, N.A. ("Trust Company"). (Pl's. Compl., ¶ 13).[1]

2. The loan was secured by a Deed to Secure Debt (the "Security Deed") executed in favor of Trust Company concerning property located at 2627 Meadowview Drive, Columbus, Georgia (the "Property"). (*Id.*, ¶ 14).

3. After a divorce, Plaintiff was to assume responsibility for payments on the Note and the Security Deed. (*Id.*, ¶ 20).

4. Plaintiff subsequently defaulted on the Note and the Security Deed. (*Id.*, ¶ 21).

5. A foreclosure was thereafter commenced in the name of SunTrust Mortgage, Inc. ("SunTrust Mortgage"), which advertised the property for a foreclosure sale to occur on November 2, 2010. (*Id.*, ¶ 26).

6. At the time the foreclosure advertisements were commenced, SunTrust Bank was actually the holder of the Security Deed. (*Id.*, ¶ 27).

7. On November 2, 2010, a representative of Foxfire Acres, Inc. ("Foxfire") appeared at the courthouse and submitted the highest bid on the property in the amount of $126,000. (*Id.*, ¶ 28).

8. A foreclosure deed was subsequently forwarded to Foxfire, which refused to accept it because Foxfire contended that the title to the property was defective. (*Id.*, ¶ 36).

9. Plaintiff has admitted that the she was not damaged by the foreclosure ad saying that SunTrust Mortgage was the holder of the Security Deed when the Security Deed was held by SunTrust Bank. (McDaniel Depo., p. 34).

---

[1] Plaintiff filed a First Amended Complaint on January 24, 2014 [Doc. 90]. References to Plaintiff's Complaint are to Plaintiff's First Amended Complaint, which is the operative complaint at this juncture.

10. Plaintiff testified:

Q: How were you damaged as a result of the foreclosure ad saying SunTrust Mortgage instead of SunTrust Bank?

A: I'm not damaged by the bank names.

Q: That's my question: The fact that it said SunTrust Mortgage as opposed to SunTrust Bank in the ad, that didn't damage you at all, did it?

A: No.

(McDaniel Depo., p. 34).

11. Plaintiff moved out of her home the day before the foreclosure sale. (*Id.*, p. 35).

12. Plaintiff moved out of her home because she was willing to let the house go into foreclosure at that time. (*Id.*, p. 36).

13. Plaintiff testified:

Q: As of November 2, 2010, had you already moved out of the house?

A: Yes. I moved out the day before it was sold.

Q: And you moved out the day before it was sold because you knew it was about to the sold; is that correct?

A: That's correct.

Q: And you knew you weren't going to bid on it, right?

A: Correct.

Q: Because you were willing to just let it go to foreclosure at that point, right?

A: Yes.

Q: Did anybody tell you that you had to move before the foreclosure sale?

A: No.

Q: So nobody at McCalla Raymer in any form, written or oral, told you you had to get out of the house; is that correct?

3

    A:    Not that I remember.

    Q:    Nobody at SunTrust Bank told you that you had to get out of the house, correct?

    A:    Not that I remember.

    Q:    And nobody at SunTrust Mortgage told you that you had to get out of the house, correct?

    A:    Not that I recall.

(*Id.*, pp. 35-36).

14.    Plaintiff admits that she is still indebted to SunTrust Bank for the balance due on her loan in the amount of approximately $119,000. (*Id.*, pp. 50-51).

15.    Plaintiff admits that no one at McCalla Raymer, SunTrust Bank, or SunTrust Mortgage ever said anything to her that was false or misleading. (*Id.*, p. 57).

16.    Plaintiff testified:

    Q:    Did anybody at McCalla Raymer ever say anything to you that was false or misleading?

    A:    Not to my knowledge.

    Q:    Did anybody at SunTrust Bank ever say anything to you that was false or misleading?

    A:    Not to my knowledge.

    Q:    Did anybody at SunTrust Mortgage ever say anything to you that was false or misleading?

    A:    Not to my knowledge.

    Q:    Do you believe McCalla Raymer has taken any money that belongs to you?

    A:    Not that I know of.

    Q:    Do you believe that SunTrust Mortgage has taken any money that belongs

4

to you?

A:   No.

Q:   Do you believe that SunTrust Bank has taken any money that belongs to you?

A:   No.

(*Id.*, p. 57).

17. Plaintiff filed her voluntary bankruptcy case under Chapter 13 on December 21, 2012. (Pl's. Compl., ¶ 55).

18. Plaintiff filed her original adversary complaint in this case on October 17, 2013 [Doc. 1].

19. Plaintiff filed her first amended adversary complaint in this case on January 24, 2014 [Doc. 90].

20. Plaintiff admitted that after the attempted foreclosure sale on November 2, 2010, she received tax notices from the City of Columbus (the "City"), which made her aware there might have been a problem with the foreclosure sale. (McDaniel Depo., pp. 53, 56).

21. Plaintiff further admitted that she received a "clean-up" notice from the City in late 2010 or early 2011, well over a year before she filed the present bankruptcy case and some three years before she filed her adversary proceeding. (*Id.*, pp. 106-107).

22. In the underlying bankruptcy case (Case No. 12-41231), Plaintiff filed a Motion to sell the Property free and clear of liens [Doc. no. 56], and that Motion was heard by the Court on April 18, 2014.

23. Plaintiff's Motion to Sell [Doc. no. 56] was granted, and the highest offer on the property was $132,500 [Doc. 69].

24. The Court entered an Order on May 7, 2014, authorizing the sale of the Property for $132,500, an ordering that the city taxes and realtor's commission be paid as a surcharge [Doc. 69].

25. The sale of the Property pursuant to the Court's May 7, 2014 Order has closed.

Respectfully submitted, this 22nd day of August, 2014.

                                        PAGE, SCRANTOM, SPROUSE,
                                      TUCKER & FORD, P.C.

                                      By: s/Alan G. Snipes
                                            Stephen G. Gunby
                                            Ga. Bar No.: 315212
                                            Alan G. Snipes
                                            Ga. Bar No.: 665781

1111 Bay Avenue, Third Floor
P. O. Box 1199
Columbus, Georgia 31902                      Attorneys for McCalla Raymer, LLC
(706) 324-0251
sgg@psstf.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served either electronically or via U.S. Mail with adequate first class postage to the addresses below on the following persons:

Mr. Fife W. Whiteside
P.O. Box 5383
Columbus, Georgia 31906

Ms. Cater C. Thompson
Jones, Cork & Miller, LLP
P.O. Box 6437
Macon, Georgia 31201

Audrey Seidle Eshman
Assistant Attorney General
40 Capital Square, S.W.
Atlanta, Georgia 30334-9457

Kristin Hurst
Chapter 7 Trustee
P.O. Box 1907
Columbus, Georgia 31902

James D. Patrick
831 2nd Avenue
Columbus, Georgia 31901

The Grogan Group, LLC
P.O. Box 1518
Columbus, GA 31902

Barbara G. Parker
Office of U.S. Attorney-Macon
P.O. Box 1702
Macon, Georgia 31902

This 22nd day of August, 2014.

/s Alan G. Snipes