IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| In re: | * |
| | *   CHAPTER 13 |
| LESLIE MCDANIEL, | *   CASE NO. 12-41231-JTL |
| | *   JUDGE LANEY |
| Debtor | * |

---

| | |
|---|---|
| LESLIE McDANIEL, Individually and as | * |
| Representative of her Bankruptcy Estate, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   ADVERSARY PROCEEDING |
| | *   NO. 13-04013 |
| SUNTRUST BANK, SUNTRUST | * |
| MORTGAGE, INC., McCALLA | * |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * |
| THE UNITED STATES by and through | * |
| THE INTERNAL REVENUE SERVICE, | * |
| THE STATE OF GEORGIA | * |
| (Represented by the DEPARTMENT OF | * |
| REVENUE), THE GROGAN GROUP, | * |
| LLC d/b/a GROGAN & GROGAN, and | * |
| THE COLUMBUS CONSOLIDATED | * |
| GOVERNMENT, | * |
| | * |
| Defendants. | * |

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

McCalla Raymer, LLC ("McCalla Raymer"), submits this Brief in Support of its Motion Summary Judgment, respectfully showing the Court the following:

### INTRODUCTION

This case presents straightforward questions. Plaintiff alleges that McCalla Raymer, SunTrust Bank, and SunTrust Mortgage failed to complete a valid foreclosure sale on her home on November 2, 2010, and that this failure gives rise to a number of claims. Plaintiff did not,

however, file suit on her claims until October 17, 2013, almost three years after the foreclosure sale. Plaintiff's claims are all barred by the statute of limitations as a matter of law.

Even if Plaintiff's claims were timely, the undisputed evidence in this case shows that Plaintiff's claims have no merit. Plaintiff admits she was in default on her loan. (Plaintiff's Compl., ¶ 21). She further admits that her creditors had a right to foreclose on her loan. (McDaniel Depo., pp. 36-37).[1] And, finally, she admits that McCalla Raymer, SunTrust Bank, and SunTrust Mortgage did nothing to deceive her or mislead her in any way. (*Id.*, p. 57). Plaintiff's admissions are fatal to all of the causes of action she has asserted.

If all this was not enough, and it is by far, Plaintiff has also not suffered any damages. Plaintiff has *repeatedly* admitted this fact:

> Q: Okay. So as we sit here today, you are waiving any claim that you have that any action of McCalla Raymer, SunTrust Bank, or SunTrust Mortgage caused you any sort of emotional distress; is that right?
>
> A: Correct.

McDaniel Depo., p. 13.

> Q: All right. So let me ask you again so I'm clear, because I need to understand that you are waiving those claims or I'm going to have to go into the appointments with your psychologist. Are you making any claim in this case against any party that they caused you mental anguish?
>
> A: No.
>
> Q: Are you making any claim in this case against any party, including McCalla Raymer, SunTrust Bank and SunTrust Mortgage that you sustained any sort of personal injuries?
>
> MR. WHITESIDE: What do you mean by personal injury? Can you define that a little bit more.
>
> Q: Any sort of physical injury of any kind?

---

[1] McCalla Raymer has contemporaneously filed a copy of Ms. McDaniel's deposition taken on July 8, 2014.

2

A:      No.

*Id.*, p. 15.

Q:      All right. So you're not out of pocket any money as a result of anything that McCalla Raymer, SunTrust Bank or SunTrust Mortgage did, are you?

A:      Just time away from my job.

Q:      Time away from your job but not out-of-pocket losses, correct?

A;      Correct.

Q:      Have you sustained any other out-of-pocket losses, as a result of the conduct of McCalla Raymer, SunTrust Bank, or SunTrust Mortgage?

A:      Not that I can recall right now.

*Id.*, pp. 18-19.

Plaintiff's lengthy complaint seeks to complicate the matter. But it is not complicated at all. Plaintiff's claims are untimely and they are not cognizable as a matter of law. As set forth herein, McCalla Raymer's Motion for Summary Judgment is accordingly due to be **GRANTED**.

## STATEMENT OF FACTS

1. **Background Facts**

Plaintiff is a co-debtor on a promissory note (the "Note") dated February 13, 1992, evidencing a loan in the original amount of $106,400, in favor of Trust Company Bank of Columbus, N.A. ("Trust Company"). (Pl's. Compl., ¶ 13). The loan was secured by a Deed to Secure Debt (the "Security Deed") executed in favor of Trust Company concerning property located at 2627 Meadowview Drive, Columbus, Georgia (the "Property"). (*Id.*, ¶ 14). After a

3

divorce, Plaintiff was to assume responsibility for payments on the Note and the Security Deed. (*Id.*, ¶ 20).[2]

Plaintiff subsequently defaulted on the Note and the Security Deed. (*Id.*, ¶ 21). A foreclosure was thereafter commenced in the name of SunTrust Mortgage, Inc. ("SunTrust Mortgage"), which advertised the property for a foreclosure sale to occur on November 2, 2010. (*Id.*, ¶ 26). At the time, SunTrust Bank was actually the holder of the Security Deed on the Property. (*Id.*, ¶ 27).

On November 2, 2010, a representative of Foxfire Acres, Inc. ("Foxfire") appeared at the courthouse and submitted the highest bid on the property in the amount of $126,000. (*Id.*, ¶ 28). A foreclosure deed was subsequently forwarded to Foxfire, which refused to accept it because Foxfire contended that the title to the property was defective. (*Id.*, ¶ 36). Foxfire subsequently filed suit against McCalla Raymer and SunTrust Mortgage in the Superior Court of Muscogee County. (*Id.*, ¶ 41, Ex. "7"). After the Superior Court denied Defendants' Motion for Judgment on the Pleadings, McCalla Raymer, SunTrust Bank, and SunTrust Mortgage tendered a return of the bid price of $126,000 to Foxfire on August 27, 2013. (*Id.*, ¶ 59).

2. **Sale of the Property**

In Plaintiff's original adversary complaint, Plaintiff named a number of parties including McCalla Raymer, SunTrust Mortgage, SunTrust Bank, Foxfire, and other state and federal taxing authorities who hold liens on the Property. Plaintiff originally asserted conflicting claims against the parties based on her alleged ownership of the Property or lack thereof. After all parties

---

[2]Plaintiff filed a First Amended Complaint on January 24, 2014 [Doc. 90]. References to Plaintiff's Complaint in this Brief are to Plaintiff's First Amended Complaint, which is the operative complaint at this juncture.

4

answered the Complaint, Plaintiff amended her Complaint to assert more limited claims based on the fact that the foreclosure sale was void, as all parties had agreed [Doc. 90].

In the underlying bankruptcy case (Case No. 12-41231), Plaintiff filed a motion to sell the Property free and clear of liens [Doc. no. 56], and that motion was heard by the Court on April 18, 2014. The motion was granted, and the highest offer on the property was $132,500. The Court entered an Order on May 7, 2014, authorizing the sale of the Property for $132,500, and ordering that the city taxes and realtor's commission be paid as a surcharge [Doc. 69]. The Court reserved ruling on all other surcharges until the outcome of the present adversary proceeding [Doc. no. 69].

3.     **Claims In The Adversary Proceeding**

Now that the Property has been sold, the claims remaining at issue in the adversary proceeding are far more limited. As to McCalla Raymer, Plaintiff asserts five separate claims: (1) Violation of the automatic stay of 11 U.S.C. § 362(k) (Count 6); ; (2) State law wrongful foreclosure (Count 7); (3) Violation of the Fair Debt Collections Practices Act (Count 7); (4) State law conversion (Count 8); and (5) State law attorney's fees and expenses (Count 9). (Pl's. Compl., Counts 6-9). As set forth above, Plaintiff has admitted that she sustained no actual damages as a result of any of these claims. (McDaniel Depo., pp. 13, 15, 18-19, 34).

## ARGUMENT AND CITATION OF AUTHORITY

Summary judgment is appropriate when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first

identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). As set forth below, Plaintiff's claims in this case fail to raise a genuine issue of material fact for a variety of reasons.

1.  **Violation of Automatic Stay (Count 6)**

In Count 6 of Plaintiff's Complaint, she contends that McCalla Raymer, SunTrust Bank, and SunTrust Mortgage violated the automatic stay of 11 U.S.C. § 362 when they refunded the price bid at the November 2, 2010 foreclosure sale ($126,000) to Foxfire. (Pl's. Compl., ¶ 79). Plaintiff contends that some portion of the amount bid at the foreclosure sale ($7,000) was a "surplus" to which Plaintiff and the Trustee had "colorable rights." (*Id.*). Plaintiff's claim misunderstands the facts.

McCalla Raymer, SunTrust Bank, and SunTrust Mortgage have all admitted that the foreclosure sale attempted on November 2, 2010 was void. Because the foreclosure sale was void, there was no sale at all, and therefore there was no "surplus" generated from the attempted sale. The amount tendered to Foxfire by McCalla Raymer, SunTrust Bank, and SunTrust Mortgage had nothing at all to do with Plaintiff's bankruptcy estate. Those sums represented a refund of the amount Foxfire bid at the foreclosure sale, and Foxfire was entitled to those funds. At the hearing on the Motions to Dismiss filed by Defendants, the Court was inclined to agree:

> THE COURT: But if Foxfire paid the money out, aren't they also entitled to get all the money back that they paid?
>
> MR. WHITESIDE: I don't know that. They may have a claim for – they may be entitled to get back their consideration for the bid, but the surplus, they may have to look to McCalla or to the bank in a claim for that –

6

> THE COURT: I didn't – I meant they would be entitled to that money from the mortgage company. If the mortgage company got the money and then didn't give them title, it doesn't matter how much the debt was, the mortgage company would have to give back what they got, wouldn't they? And there may be other damages, but at a minimum, they've got to give that back, even though some of that, if it had been a completed foreclosure, would have been an excess.

(Doc. no. 103, 1/8/14 Tr., pp. 57-58).

As this Court observed, there was never a "completed foreclosure" and therefore no "surplus" was due to Plaintiff or her bankruptcy estate. Accordingly, McCalla Raymer did not violate the automatic stay of 11 U.S.C. § 362 as a matter of law as it did nothing to interfere with any property of Plaintiff's bankruptcy estate. *See, e.g., In re Roche*, 361 B.R. 615, 622 (Bankr. N.D.Ga. 2005) ("The purpose of the automatic stay is to protect the debtor and to place the burden on the creditor if it is to continue to assert its rights.").

Apparently recognizing the fatal problems with her claim, Plaintiff contends that her claim *might* be cognizable "[i]f the Court determines that Defendants SunTrust, SunTrust Mortgage, and McCalla are judicially estopped to deny that the foreclosure was valid and the debt satisfied by their prior, inconsistent statement to that effect...." (Pl's. Compl., ¶ 79). Plaintiff points to no inconsistent statement made by McCalla Raymer as to whether the foreclosure sale was valid. Even if she did, however, judicial estoppel is inapplicable here.[3]

"Judicial estoppel ... is an equitable doctrine invoked at a court's discretion." *Ajaka v. Brooksamerica Mortg. Corp.*, 453 F.3d 1339, 1343–44 (11th Cir.2006) (*quoting New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). As noted by the Court in *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171 (11th Cir. 2013):

> Judicial estoppel is "designed to prevent parties from making a mockery of justice by inconsistent pleadings." *McKinnon v. Blue Cross & Blue Shield of Ala.*, 935

---

[3] McCalla Raymer has never taken the position in a court proceeding that the foreclosure sale was valid.

7

F.2d 1187, 1192 (11th Cir.1991) (internal quotation mark omitted). While judicial estoppel "cannot be reduced to a precise formula or test," *Zedner v. United States*, 547 U.S. 489, 504, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006), three factors typically inform the inquiry: (1) whether there is a clear inconsistency between the earlier position and the later position; (2) *a party's success in convincing a court of the earlier position*, so that judicial acceptance of the inconsistent later position would create the perception that either the earlier or later court was misled; and (3) whether the inconsistent later position would unfairly prejudice the opposing party.

*Tampa Bay Water*, 731 F.3d at 1182 (emphasis added).

"The most notable of these limitations is the 'prior success' rule. Under this rule, a party is judicially estopped in a later litigation only if the 'party has successfully asserted an inconsistent position in a prior proceeding.'" Schreiber, *The Judiciary Says, You Can't Have It Both Ways*, 30 LOY. L.A.L. REV. 323, 327 (Nov. 1996) (*quoting Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982)). Plaintiff's claim of judicial estoppel fails because no party has convinced any court that the foreclosure sale was complete. SunTrust Bank and SunTrust Mortgage initially took the position that the sale was complete in their Objection to Confirmation (Doc. no. 31), but withdrew that pleading before this Court ever considered it. Because no court has accepted that the foreclosure sale was complete, there is no danger of inconsistent results, and no impairment of the judicial process.

Finally, the doctrine of judicial estoppel applies to assertions of fact, not law. Clearly, a party can advance as many separate defenses as it has, regardless of consistency. Bankr. R. 7008; Fed. R. Civ. P. 8(d)(3). Judicial estoppel clearly "contemplates something other than the permissible practice, now freely allowed, of simultaneously advancing in the same action inconsistent claims or defenses which can then, under appropriate judicial control, be evaluated as such by the same tribunal, thus allowing an internally consistent final decision to be reached." *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1167 (4th Cir. 1982). McCalla Raymer has never taken

8

an inconsistent factual or legal position in this case. SunTrust Bank and SunTrust Mortgage took *legal positions* regarding the effect of the foreclosure sale. There is simply no evidence that McCalla Raymer intentionally attempted to make a mockery of the judicial system.

Plaintiff's claim that McCalla Raymer violated the automatic stay of 11 U.S.C. § 362 has no merit. There was never a completed foreclosure sale and therefore there was never a "surplus." Plaintiff's attempt to manufacture a claim by alleging "judicial estoppel" fails. McCalla Raymer is entitled to summary judgment on the claims alleged in Count 6 of Plaintiff's Complaint.[4]

## 2. State Law Wrongful Foreclosure (Count 7)

Plaintiff secondly contends that McCalla Raymer is liable under Georgia state law for attempted wrongful foreclosure. Georgia courts have recognized a cause of action for attempted wrongful foreclosure when a foreclosure action was commenced, but not completed, where plaintiffs have shown that a defendant "knowingly published an untrue and derogatory statement concerning the plaintiffs' financial condition and that damages were sustained as a direct result." *Sale City Peanut & Milling Co. v. Planters & Citizens Bank,* 107 Ga. App. 463, 130 S.E.2d 518,

---

[4] In arguing that SunTrust Bank and SunTrust Mortgage should be "estopped" from denying that the debt was "extinguished," Plaintiff also fails to mention that she *testified under oath* that the debt was, in fact, not extinguished.

> Q: Correct. So the note that was in the original amount of $119,000, you still owe that, right?
>
> A: Yes.
>
> Q: Even after the foreclosure sale that took place in November 2010, you still owe that, correct?
>
> A: Yes. That's my understanding.

(McDaniel Depo., p. 51).

520 (1963); *see also Morgan v. Ocwen Loan Serving, LLC*, 795 F.Supp.2d 1370, 1377 (N.D.Ga. 2011). Plaintiff's claim here fails for at least three reasons.

First, Plaintiff's claim is barred by the statute of limitations. "In a wrongful foreclosure action, an injured party may seek damages for mental anguish in addition to cancellation of the foreclosure. Such action for damages for emotional distress is treated as an action for intentional infliction of emotional distress, and the burden that plaintiff must meet is a stringent one in order to prevail." *DeGolyer v. Green Tree Servicing, LLC*, 291 Ga. App. 444, 449, 662 S.E.2d 141, 147-48 (2008) (internal citations omitted). The foreclosure sale Plaintiff claims was "wrongful" occurred on November 2, 2010. Plaintiff filed bankruptcy in the instant case on December 21, 2012. She filed her adversary proceeding on October 17, 2013. The two-year statute of limitations on any claim Plaintiff had for emotional distress had long since expired. *Mears v. Gulfstream Aerospace Corp.*, 225 Ga. App. 636, 639, 484 S.E.2d 659, 663-64 (1997) ("Mrs. Mears' claim for intentional infliction of emotional distress, filed in September 1995, was commenced well outside of the two-year period of limitation for personal injuries. OCGA § 9-3-33. Accordingly, the trial court properly granted summary judgment on this claim.").[5]

Recognizing that her claim is barred by the statute of limitations, Plaintiff asserts in her Complaint that any applicable statute of limitations was "equitably tolled by this course of conduct…" (Pl's. Compl., ¶ 88N). Assuming "equitable tolling" would even apply to the claims asserted by Plaintiff, Plaintiff fails to identify what facts would allow this Court to expand the statute of limitations. Equitable tolling is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Equitable tolling is only

---

[5]Even though not factually supported by the record, if Plaintiff contends her damages for attempted wrongful foreclosure are in the nature of reputational damages, those claims would be subject to an even shorter one-year statute of limitations. O.C.G.A. § 9-3-33.

appropriate when "a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Howell v. Crosby*, 415 F.3d 1250, 1251 (11th Cir. 2005) (internal quotations omitted).

Plaintiff has admitted that after the attempted foreclosure sale on November 2, 2010, she received tax notices from the City of Columbus (the "City"), which made her aware there might have been a problem with the foreclosure sale. (McDaniel Depo., pp. 53, 56). She further testified that she received a "clean-up" notice from the City in late 2010 or early 2011, well over a year before she filed the present bankruptcy case and some three years before she filed her adversary proceeding. (Id., pp. 106-107). Plaintiff was on notice of the fact that there might have been a problem with the foreclosure sale and therefore on notice of any potential claims she might have. And, importantly, she testified that nothing the Defendants did deceived or misled her about her alleged claims:

> Q: Did anybody at McCalla Raymer ever say anything to you that was false or misleading?
>
> A: Not to my knowledge.
>
> Q: Did anybody at SunTrust Bank ever say anything to you that was false or misleading?
>
> A: Not to my knowledge.
>
> Q: Did anybody at SunTrust Mortgage ever say anything to you that was false or misleading?
>
> A: Not to my knowledge.

(*Id.*, p. 57).

Plaintiff's testimony is fatal to her claim of equitable tolling. As noted by the Court in *Hill v. Texaco, Inc.*, 825 F.2d 333 (11th Cir. 1987):

11

> Furthermore, even if ordinary tolling principles were available in PMPA cases, they would be of no help to appellant. As a general rule, a plaintiff relying on the doctrine of fraudulent concealment must show affirmative actions by the defendant constituting concealment. [Footnote omitted]. *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248 (9th Cir.1978); *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338 (5th Cir.1971); *cf. United Klans of America v. McGovern*, 621 F.2d 152 (5th Cir.1980). [Footnote omitted] He must also show that he exercised diligence to discover his cause of action within the limitations period. *Summer v. Land & Leisure, Inc.*, 664 F.2d 965, 969-70 (5th Cir. Unit B 1981), *cert. denied*, 458 U.S. 1106, 102 S.Ct. 3485, 73 L.Ed.2d 1367 (1982). The standard for a discovered wrong is a minimal one: "Any fact that should excite his suspicion is the same as actual knowledge of his entire claim." *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir.1975); *see also, Wood v. Carpenter*, 101 U.S. (11 Otto) 135, 25 L.Ed. 807 (1879).

*Hill*, 825 F.2d at 335; *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007) (Land, J., sitting by designation on panel) ("We have held that 'to apply equitable tolling, courts usually require some affirmative misconduct, such as deliberate concealment.' *Cabello*, 402 F.3d at 1155. Nothing in the record suggests the county court clerk deliberately misled Jackson or otherwise actively concealed material information from her, let alone that the Commissioner of Social Security misled her in any way."). Equitable tolling has no application in this case. Plaintiff's claim is plainly barred by the statute of limitations.

Second, even assuming Plaintiff had timely brought a claim for damages for attempted wrongful foreclosure, Plaintiff has expressly waived the claim. Plaintiff testified:

> Q: Okay. So as we sit here today, you are waiving any claim that you have that any action of McCalla Raymer, SunTrust Bank, or SunTrust Mortgage caused you any sort of emotional distress; is that right?
>
> A: Correct.

McDaniel Depo., p. 13.

> Q: All right. So let me ask you again so I'm clear, because I need to understand that you are waiving those claims or I'm going to have to go into the appointments with your psychologist. Are you making any claim in this case against any party that they caused you mental anguish?
>
> A: No.

> Q: Are you making any claim in this case against any party, including McCalla Raymer, SunTrust Bank and SunTrust Mortgage that you sustained any sort of personal injuries?
>
> MR. WHITESIDE: What do you mean by personal injury? Can you define that a little bit more.
>
> Q: Any sort of physical injury of any kind?
>
> A: No.

*Id.*, p. 15. Plaintiff has admitted that she has no damages she could potentially recover for an attempted wrongful foreclosure claim.

Finally, from a substantive standpoint, Plaintiff's attempted wrongful foreclosure claim fails as a matter of law. In her Complaint, Plaintiff stated:

> 21. Debtor defaulted under the Note and Security Deed (as last modified by the Loan Modification.
>
> 22. The obligation secured by the Note and Security Deed, as last modified by the Loan Modification), was due and payable on demand by SunTrust, as provided in the terms of these security documents.
>
> 23. Debtor failed to cure the default or reinstate the Loan following such demand.

(Pl's. Compl., ¶¶ 21-23).

Plaintiff's admission that she was in default on the Loan defeats any claim of attempted wrongful foreclosure. *See, e.g., Bates v. J.P. Morgan Chase, N.A.*, 2013 WL 5755585 (M.D.Ga. Oct. 23, 2013) (Land, J.) ("And because Bates's account was in default when Chase published the foreclosure notices, the record does not support an attempted wrongful foreclosure claim."). As noted by the Eleventh Circuit in *Sibley v. Nat'l City Mortgage Co.*, 560 F.App'x 825 (11th Cir. 2014):

> The district court did not err by entering summary judgment in favor of PNC. Sibley and Kenimer complained about a wrongful foreclosure, but in the absence

13

> of a "sale of the property, [they] suffered no legal injury and proved no actual damages" to support their claim for relief, *Aetna Fin. Co. v. Culpepper,* 171 Ga.App. 315, 320 S.E.2d 228, 232 (1984). Sibley and Kenimer also complained about "servicer abuse," but their allegations that PNC failed to "fairly exercise" its "[p]owers of sale," Ga.Code Ann. § 23–2–114, pertain to their right to damages for the tort of wrongful foreclosure, see *Racette v. Bank of Am.,* 318 Ga.App. 171, 733 S.E.2d 457, 462 (2012), and do not support a separate claim for relief. *And Sibley and Kenimer's admission that they defaulted on their loan defeated their complaint that PNC attempted a wrongful foreclosure. Because Sibley and Kenimer were in default, the notices and advertisements of the foreclosure did not contain "untrue and derogatory information concerning [their] financial condition." Aetna Fin. Co.,* 320 S.E.2d at 232.

*Sibley,* 560 F. App'x at 827 (emphasis added).

The only difference between *Bates, Sibley,* and the present case is that the foreclosure ad in this case listed the secured creditor as SunTrust Mortgage, when the ad should have stated SunTrust Bank. That, however, does not create a genuine issue of material fact. Indeed, Plaintiff admitted in her deposition that the error in bank names did not cause her any damage whatsoever:

> Q: How were you damaged as a result of the foreclosure ad saying SunTrust Mortgage instead of SunTrust Bank?
>
> A: I'm not damaged by the bank names.
>
> Q: That's my question: The fact that it said SunTrust Mortgage as opposed to SunTrust Bank in the ad, that didn't damage you at all, did it?
>
> A: No.

(McDaniel Depo., p. 34).

The fact is that any attempted wrongful foreclosure claim asserted by Plaintiff is time barred and is in any event not supported as a matter of law. McCalla Raymer is entitled to summary judgment on Plaintiff's attempted wrongful foreclosure claim.

14

3.   **Fair Debt Collections Practices Act (Count 7)**

Plaintiff next asserts that McCalla Raymer is liable pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692f, *et. seq.* (the "Act"). Plaintiff alleges that McCalla Raymer violated the Act by "[t]aking or threatening to take any nonjudicial action to effect dispossession of property if – (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(a). Plaintiff's claim under the Act fails for at least three reasons.

First, like her attempted wrongful foreclosure claim, Plaintiff's claim is barred by the statute of limitations in the Act. The foreclosure sale about which Plaintiff complains occurred on November 2, 2010. Plaintiff filed bankruptcy in the instant case on December 21, 2012. She filed her adversary proceeding on October 17, 2013. And she first raised her claim under the Act in an amended complaint on January 24, 2014. Plaintiff's claim is well beyond the one-year statute of limitations provided in the Act. 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.").[6]

---

[6]To the extent Plaintiff relies on "equitable tolling" in an effort to expand an obviously expired statute of limitations, that concept has no application here as set forth above. *See also Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp.2d 817, 824 (N.D.Ill. 2013) ("The Hills suggest that equitable estoppel or equitable tolling might affect the limitations analysis and thereby allow the court to consider acts that occurred before September 11, 2011. In addressing this argument, the court will assume without deciding that those acts did violate § 1692f(6).....But equitable estoppel 'comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations as a defense.' *Clarke v. United States,* 703 F.3d 1098, 1101 (7th Cir.2013) (internal quotation marks omitted). The Hills do not explain how LPS's continued trespasses on their property prevented them from bringing suit earlier, and it is implausible that the trespasses could have had that effect.").

Second, Plaintiff cannot establish that McCalla Raymer threatened to take any action to effect dispossession when there was no present right to possession of the property. 15 U.S.C. § 1692f(6)(a). Plaintiff has admitted she was in default on her loan. (Pl's. Compl., ¶¶ 21-23). She knew a creditor had the right to foreclose on her home because she was in default. (McDaniel Depo., p. 35) ("Q: So whether it said SunTrust Mortgage or SunTrust Bank or Columbus Bank and Trust, for that matter, it wouldn't have really mattered because it didn't really damage you in any event, did it? A: That's correct.").

Plaintiff further admitted that she voluntarily left her home without any urging of McCalla Raymer or anyone else:

Q:   As of November 2, 2010, had you already moved out of the house?

A:   Yes. I moved out the day before it was sold.

Q:   And you moved out the day before it was sold because you knew it was about to the sold; is that correct?

A:   That's correct.

Q:   And you knew you weren't going to bid on it, right?

A:   Correct.

Q:   Because you were willing to just let it go to foreclosure at that point, right?

A:   Yes.

Q:   Did anybody tell you that you had to move before the foreclosure sale?

A:   No.

Q:   So nobody at McCalla Raymer in any form, written or oral, told you you had to get out of the house; is that correct?

A:   Not that I remember.

Q:   Nobody at SunTrust Bank told you that you had to get out of the house,

correct?

A: Not that I remember.

Q: And nobody at SunTrust Mortgage told you that you had to get out of the house, correct?

A: Not that I recall.

(McDaniel Depo., pp. 35-36).

Plaintiff admitted that at least some financial institution had the present right to possession of her home. She certainly did not, which is why she vacated the property. At most, Plaintiff claims that she is entitled to recover under the Act simply because the foreclosure ad mistakenly named SunTrust Mortgage as opposed to SunTrust Bank. That is not enough to establish liability under 15 U.S.C. § 1692f(6)(a). *See, e.g., Patton v. Am. Home Mortgage Servicing, Inc.*, 2013 WL 1310560 (S.D.Miss. Mar. 28, 2013) ("Adams & Edens' notice letter correctly stated that Plaintiff defaulted on her loan, that it had been retained to foreclose on the Property, and that it intended to foreclose. Letter [21–1], Ex. A to Aff. of Bradley P. Jones [21–1]. The letter advised Plaintiff of the amount of her arrearage and her right to dispute the debt within thirty days. *Id.* While there is evidence in the record that Plaintiff wrote a letter to Adams & Edens after receiving this notice, there is nothing in the record to indicate that she disputed the debt or attempted to pay any portion of the arrearage. Plaintiff does not allege that confusion over the identity of the creditor caused her inability to cure her default. The error in Adams & Edens' notice letter indicating that AHSMI was the creditor is immaterial.").

Finally, Plaintiff has admitted that she has sustained no damages as a result of McCalla Raymer's alleged violation of the Act. While no one disputes that the foreclosure ad mistakenly stated that SunTrust Mortgage was the secured creditor instead of SunTrust Bank, Plaintiff acknowledged that the difference in names in the foreclosure ad caused her no harm. (McDaniel

17

Depo., p. 34). Even if Plaintiff could state a claim under the Act, Plaintiff has no cognizable claim for actual damages under the Act.

4.     **State Law Conversion (Count 8)**

In Count 8 of her Complaint, Plaintiff contends that "[i]f the Court determines that Defendants SunTrust Bank, SunTrust Mortgage, and McCalla Raymer are judicially estopped to deny that the foreclosure was valid and the debt satisfied by their prior, inconsistent position to that affect, as alleged in Count Three, Defendants SunTrust, SunTrust Mortgage, and McCalla converted the surplus of the foreclosure proceeds by retaining them for almost three years and then giving them away to Foxfire." (Pl's. Compl., ¶ 90). Plaintiff's conversion claim is basically the same claim as asserted in Count 6 for violation of the automatic stay of 11 U.S.C. § 362. McCalla Raymer has thoroughly addressed those arguments above and, in the interest of brevity, incorporates those arguments here. For the same reasons as stated above, McCalla Raymer is entitled to judgment as a matter of law on the claims in Count 8 of Plaintiff's Complaint.

5.     **State Law Attorney's Fees and Expenses (Count 9)**

Finally, Plaintiff's claim for attorney's fees and expenses asserted in Count 9 of her Complaint has no merit. Under Georgia law, a "prerequisite to any award of attorney's fees and expenses under O.C.G.A. § 13-6-11 is the award of damages or other relief on the underlying claim." *United Companies Lending Corp. v. Peacock*, 267 Ga. 145, 146, 475 S.E.2d 601, 602 (1996); *see also Monterrey Mexican Restaurant of Wise, Inc. v. Leon*, 282 Ga. App. 439, 638 S.E.2d 879 (2006). As set forth above, Plaintiff has asserted no cognizable underlying claim that may be pursued in this Court. Summary Judgment is accordingly due to be granted on Plaintiff's claim for attorney's fees and expenses.

## CONCLUSION

For the aforementioned reasons, McCalla Raymer submits that its Motion for Summary Judgment is due to be granted.

Respectfully submitted, this 22$^h$ day of August, 2014.

                                        PAGE, SCRANTOM, SPROUSE,
                                      TUCKER & FORD, P.C.

                                      By: s/Alan G. Snipes
                                            Stephen G. Gunby
                                            Ga. Bar No.: 315212
                                            Alan G. Snipes
                                            Ga. Bar No.: 665781

1111 Bay Avenue, Third Floor
P. O. Box 1199
Columbus, Georgia 31902                    Attorneys for McCalla Raymer, LLC
(706) 324-0251
sgg@psstf.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served either electronically or via U.S. Mail with adequate first class postage to the addresses below on the following persons:

Mr. Fife W. Whiteside
P.O. Box 5383
Columbus, Georgia 31906

Ms. Cater C. Thompson
Jones, Cork & Miller, LLP
P.O. Box 6437
Macon, Georgia 31201

Audrey Seidle Eshman
Assistant Attorney General
40 Capital Square, S.W.
Atlanta, Georgia 30334-9457

Kristin Hurst
Chapter 7 Trustee
P.O. Box 1907
Columbus, Georgia 31902

James D. Patrick
831 2nd Avenue
Columbus, Georgia 31901

This 22th day of August, 2014.

/s Alan G. Snipes