IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | |
| | * | CHAPTER 13 |
| LESLIE MCDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | JUDGE LANEY |
| Debtor | * | |

---

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | ADVERSARY PROCEEDING |
| | * | NO. 13-04013 |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA | * | |
| (Represented by the DEPARTMENT OF | * | |
| REVENUE), THE GROGAN GROUP, | * | |
| LLC d/b/a GROGAN & GROGAN, and | * | |
| THE COLUMBUS CONSOLIDATED | * | |
| GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

### MCCALLA RAYMER, LLC'S BRIEF IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REGARDING SECOND AMENDED NOTICE OF DEPOSITION TO MCCALLA RAYMER, LLC

McCalla Raymer, LLC ("McCalla Raymer") files this Brief in Support of its Motion for Protective Order as to Plaintiff's Second Amended Notice of Deposition to McCalla Raymer, respectfully showing the Court the following:

## STATEMENT OF FACTS

The Court is familiar with the facts and underlying procedural history in this adversary proceeding. In the interest of judicial economy, McCalla Raymer incorporates the Statement of Facts set forth in its Motion for Judgment on the Pleadings as to the Cross-Claim of Foxfire Acres, Inc. [Doc. no. 119].

After the Court granted McCalla Raymer's Motion for Judgment on the Pleadings as to the Cross-Claim of Foxfire Acres, Inc., Plaintiff served the following notices of deposition: (1) Second Amended Notice of Deposition of McCalla Raymer, LLC; (2) Amended Notice of Deposition of Monica Gilroy; (3) Third Amended Notice of Deposition of SunTrust Bank; and (4) Third Amended Notice of Deposition of SunTrust Mortgage. Defendants SunTrust Bank and SunTrust Mortgage have moved for a protective order as to the Amended Notice of Deposition of Monica Gilroy, the Third Amended Notice of Deposition of SunTrust Bank, and the Third Amended Notice of Deposition of SunTrust Mortgage. McCalla Raymer has moved for a protective order as to the Second Amended Notice of Deposition of McCalla Raymer (the "Second Amended Notice").

The basis of McCalla Raymer's motion is simple. Every single category in the Second Amended Notice concerns topics that are duplicative, unclear, and outside the scope of discovery authorized by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure. Further, virtually all of the topics in the Second Amended Notice of Deposition concern matters that are protected by the attorney-client privilege and the privilege against disclosure of work product. Many of the categories request that McCalla Raymer disclose the thoughts and conversations between McCalla Raymer and its counsel, or of McCalla Raymer's privileged communications with SunTrust Mortgage and/or SunTrust Bank. And SunTrust

Mortgage and SunTrust Bank have asserted claims of privilege as to all of those conversations in their own motions for protective order.

Simply put, the Second Amended Notice seeks discovery of information that is irrelevant, inadmissible, and in large part privileged. Use of the discovery process in that fashion is unwarranted, particularly in a case where the Plaintiff admits she has no claim for damages. Plaintiff testified:

> Q: Okay. So as we sit here today, you are waiving any claim that you have that any action of McCalla Raymer, SunTrust Bank, or SunTrust Mortgage caused you any sort of emotional distress; is that right?
>
> A: Correct.

McDaniel Depo., p. 13.

> Q: All right. So let me ask you again so I'm clear, because I need to understand that you are waiving those claims or I'm going to have to go into the appointments with your psychologist. Are you making any claim in this case against any party that they caused you mental anguish?
>
> A: No.
>
> Q: Are you making any claim in this case against any party, including McCalla Raymer, SunTrust Bank and SunTrust Mortgage that you sustained any sort of personal injuries?
>
> MR. WHITESIDE: What do you mean by personal injury? Can you define that a little bit more.
>
> Q: Any sort of physical injury of any kind?
>
> A: No.

Id., p. 15.[1]

---

[1] McCalla Raymer has contemporaneously filed a Motion for Summary Judgment as to all of Plaintiff's claims and incorporates that filing by reference, which includes voluminous testimony from Plaintiff confirming that she has no cognizable claim in this case.

3

> Q: How were you damaged as a result of the foreclosure ad saying SunTrust Mortgage instead of SunTrust Bank?
>
> A: I'm not damaged by the bank names.
>
> Q: That's my question: The fact that it said SunTrust Mortgage as opposed to SunTrust Bank in the ad, that didn't damage you at all, did it?
>
> A: No.

*Id.*, p. 34.

> Q: All right. So you're not out of pocket any money as a result of anything that McCalla Raymer, SunTrust Bank or SunTrust Mortgage did, are you?
>
> A: Just time away from my job.
>
> Q: Time away from your job but not out-of-pocket losses, correct?
>
> A; Correct.
>
> Q: Have you sustained any other out-of-pocket losses, as a result of the conduct of McCalla Raymer, SunTrust Bank, or SunTrust Mortgage?
>
> A: Not that I can recall right now.

*Id.*, pp. 18-19.

As the above testimony so plainly states, Plaintiff has no cognizable claim for damages in this case. Her continued requests for more and more discovery, particularly when the discovery sought invades the attorney-client and work product privileges, are oppressive and overly burdensome. McCalla Raymer accordingly submits that its Motion for Protective Order is due to be granted.

## ARGUMENT AND CITATION OF AUTHORITY

A district court has wide discretion in its handling of discovery matters and is free to use and control pretrial procedure in furtherance of the orderly administration of justice. *Cook v. Katridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988). The party seeking discovery bears the

4

burden to show that the discovery it seeks is relevant to its claims. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).

Federal Rule of Bankruptcy Procedure 26 authorizes a trial court to issue a protective order. Fed. R. Bankr. P. 7026(c). The Federal Rules of Civil Procedure, as made applicable in adversary proceedings, provide authority for a court to alter, limit or quash a notice of deposition if it is unreasonable or oppressive, as well as to quash a subpoena if it requires disclosure of privileged or protected matter, if no exception or waiver applies. Fed. R. Civ. P. 26(b)(2); Fed. R. Civ. P. 45(d)(3)(A)(iii). Further, the scope of discovery does not extend to information that is not relevant to a claim or defense at issue in the adversary proceeding. Fed. R. Bankr. P. 7026(b)(1); Fed. R. Civ. P. 26(b)(1).

1.  **The Second Amended Notice Seeks Information Protected By the Attorney-Client and Work Product Privileges.**

Federal Rule of Bankruptcy Procedure 7026(c) provides that, upon motion by any party or by the person from whom discovery is sought, the Court may enter an order to protect a party from being required to disclosure privileged or protected matter. Fed. R. Bankr. P. 7026(c)(1). A review of the topics in the Second Amended Notice of Deposition plainly shows that Plaintiff is seeking to discover information protected by the attorney-client and work product privileges. Topics 3-6, 8, and 9 all request McCalla Raymer to produce a witness to testify as to assertions made by its clients, SunTrust Bank and SunTrust Mortgage. *See* Certification of Counsel, Ex. "3". To the extent anyone at McCalla Raymer knows about positions asserted by SunTrust Bank and/or SunTrust Mortgage, that knowledge could be derived solely from the attorney-client relationship McCalla Raymer had with SunTrust Bank and SunTrust Mortgage. Indeed, requiring an attorney from McCalla Raymer to testify as to these matters when SunTrust Bank

5

and SunTrust Mortgage have specifically asserted a claim of privilege would violate ethical obligations.

"The attorney-client privilege applies to 'confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.'" *Miccosukee Tribe v. United States*, 516 F.3d 1235, 1236 (11th Cir. 2008) (*quoting Mead Data Central, Inc. v. United States Dept. of Air Force*, 566 F.2d 242, 252 (D.C.Cir. 1977)). The burden to establish a right to protected material is on the Plaintiff and requires specificity. *Moore v. Lender Processing Servs.*, 2012 U.S. Distr. LEXIS 158387 (M.D.Fla. Nov. 5, 2012). *See also Abdallah v. Coca-Cola Co.*, 2000 U.S. Distr. LEXIS 2015, *8-9 (N.D.Ga. Jan. 25, 2000) ("The attorney-client privilege is one of the oldest recognized privileges for confidential communications."); *Nadler v. United States Dept. of Justice*, 955 F.2d 1479, 1491-91 (11th Cir. 1992) ("The work product privilege protects documents that reveal an attorney's mental impressions and legal theories and were prepared by the attorney in anticipation of litigation.").

Topics 3-6, 8, and 9 of the Second Amended Notice of Deposition plainly encroach on these privileges. Attorneys at McCalla Raymer who represented SunTrust Bank and SunTrust Mortgage cannot testify as to *why* their client chose to assert certain legal positions. Those positions were taken in litigation upon confidential communications between attorney and client. Accordingly, those communications cannot be revealed, particularly inasmuch as SunTrust Bank and SunTrust Mortgage have specifically asserted a claim of privilege.

2. **<u>The Remaining Topics Are Not Legitimate Subjects for Discovery.</u>**

The remaining topics set forth in the Second Amended Notice of Deposition are oppressive and overly burdensome. As set forth above, Plaintiff has *admitted* under oath that she sustained no damages as a result of anything done by McCalla Raymer, SunTrust Bank, or SunTrust Mortgage. Why, then, does Plaintiff need to force the parties to travel to Alpharetta, Georgia to incur significant attorney's fees and costs for another deposition? Such an exercise is a waste of the time and money of the parties as well as the precious resources of this Court.

Topic 1 requests McCalla Raymer to produce a witness to testify as to any notifications made by McCalla Raymer to Plaintiff concerning the validity of the foreclosure on her home after the attempted foreclosure on November 2, 2010. Counsel for McCalla Raymer offered to stipulate that the only arguable notification that may have been made to Plaintiff occurred in an email exchange between Plaintiff and Adam Silver. *See* Certification, Ex. "2". Both Plaintiff and Mr. Silver have testified about this exchange. Further, McCalla Raymer recently responded to Plaintiff's Second Requests for Admissions and admitted this fact again.

McCalla Raymer likewise offered to stipulate to the facts asserted in Topics 2 and 10 of the Second Amended Notice of Deposition. *See* Certification, Ex. "2". McCalla Raymer requested clarification as to what Plaintiff sought with regard to Topic 8, and none was provided. That leaves only topics 7 and 11, in which Plaintiff seeks discovery concerning how McCalla Raymer maintains emails and any facts on which McCalla Raymer relied to make its answer. McCalla Raymer has produced numerous documents responsive to Plaintiff's Requests for Production. Plaintiff raised no objection. Surely the parties do not need to waste the time and

money necessary to travel to Alpharetta, Georgia to depose a document custodian.[2] With regard to Plaintiff's request for a witness to discuss McCalla Raymer's "facts and matters on which you relied to make your answer," that category is far too vague to warrant the time and expense associated with a deposition, particularly in a case where the Plaintiff admits that she sustained no damages.

## CONCLUSION

For the aforementioned reasons, McCalla Raymer respectfully requests that the Court inquire into and grant its Motion for Protective Order, and enter a protective order prohibiting any further deposition notices to McCalla Raymer and otherwise relieving McCalla Raymer of any need to respond to any discovery requests contained therein.

Respectfully submitted, this 22nd day of August, 2014.

                                            PAGE, SCRANTOM, SPROUSE,
                                            TUCKER & FORD, P.C.

                                          By: s/Alan G. Snipes
                                                  Stephen G. Gunby
                                                  Ga. Bar No.: 315212
                                                  Alan G. Snipes
                                                  Ga. Bar No.: 665781

1111 Bay Avenue, Third Floor
P. O. Box 1199
Columbus, Georgia 31902                    Attorneys for McCalla Raymer, LLC
(706) 324-0251
sgg@psstf.com

---

[2] McCalla Raymer will stipulate that all documents produced to Plaintiff in discovery are authentic.

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served either electronically or via U.S. Mail with adequate first class postage to the addresses below on the following persons:

Mr. Fife W. Whiteside
P.O. Box 5383
Columbus, Georgia 31906

Audrey Seidle Eshman
Assistant Attorney General
40 Capital Square, S.W.
Atlanta, Georgia 30334-9457

James D. Patrick
831 2nd Avenue
Columbus, Georgia 31901

Barbara G. Parker
Office of U.S. Attorney-Macon
P.O. Box 1702
Macon, Georgia 31902

Ms. Cater C. Tompson
Jones, Cork & Miller, LLP
P.O. Box 6437
Macon, Georgia 31201

Kristin Hurst
Chapter 7 Trustee
P.O. Box 1907
Columbus, Georgia 31902

The Grogan Group, LLC
P.O. Box 1518
Columbus, GA 31902

This 22nd day of August, 2014.

/s Alan G. Snipes