IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | |
| | * | CHAPTER 13 |
| LESLIE MCDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | JUDGE LANEY |
| Debtor | * | |

_____

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | ADVERSARY PROCEEDING |
| | * | NO. 13-04013 |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA | * | |
| (Represented by the DEPARTMENT OF | * | |
| REVENUE), THE GROGAN GROUP, | * | |
| LLC d/b/a GROGAN & GROGAN, and | * | |
| THE COLUMBUS CONSOLIDATED | * | |
| GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR**
**SUMMARY JUDGMENT**

COME NOW, Defendants/Movants SunTrust Bank ("SunTrust") and SunTrust Mortgage, Inc. ("SunTrust Mortgage") (collectively sometimes the "SunTrust Defendants") and file this Brief in Support of their Motion for Summary Judgment, showing the Court the following:

1

## STATEMENT OF FACTS

Defendants SunTrust and SunTrust Mortgage adopt by reference the Statement of Facts contained in the Brief of Defendant McCalla Raymer, LLC ("McCalla Raymer") filed in support of its motion for summary judgment.

## ARGUMENT AND CITATION OF AUTHORITY

Defendants SunTrust and SunTrust Mortgage adopt by reference all of the arguments contained in the Brief of McCalla Raymer in support of its motion for summary judgment.

Debtor Leslie McDaniel ("McDaniel") filed this adversary against McCalla Raymer, the SunTrust Defendants and various other entities seeking damages and other relief related to an attempted foreclosure of certain real property in Muscogee County, Georgia (the "Property"). The foreclosure was conducted by McCalla Raymer, purportedly on behalf of SunTrust Mortgage, although SunTrust Bank was the actual holder of the subject note and security deed. McCalla Raymer has filed a motion for summary judgment and brief addressing most of the claims asserted by McDaniel.

In this Brief, the SunTrust Defendants will address judicial estoppel (Count 3) and equitable subordination (Count 4), which are claims asserted in Plaintiff's First Amended Complaint (the "Amended Complaint") [Doc. 90] against the SunTrust Defendants only, and not McCalla Raymer.

**A.  Count Three – Judicial Estoppel.**

The Debtor contends that the SunTrust Defendants are judicially estopped from denying that the foreclosure was complete and the debt thereby satisfied. Specifically, in this adversary proceeding, the SunTrust Defendants have conceded that the attempted foreclosure sale was void because it was advertised and conducted in the name of SunTrust Mortgage, when the holder of

the debt was actually SunTrust Bank.  In the Muscogee County Superior Court litigation filed by Foxfire against SunTrust Mortgage and McCalla Raymer, SunTrust Mortgage has also taken the position that the foreclosure sale was void.  However, on April 25, 2013, the SunTrust Defendants filed an Objection to Confirmation [Doc. 31] contending that the foreclosure was complete, and therefore, the Property was not an asset of the estate.  They withdrew that objection on December 13, 2013 [Doc. 51].  Because of this inconsistency, the Debtor contends that she is entitled to a declaration that the debt to SunTrust has been satisfied and extinguished. [Doc. 90, ¶73.]

"Judicial estoppel ... is an equitable doctrine invoked at a court's discretion." *Ajaka v. Brooksamerica Mortg. Corp.*, 453 F.3d 1339, 1343–44 (11th Cir.2006) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). In *Ajaka*, the Eleventh Circuit held that failure to amend a Chapter 13 plan to reflect a pending claim while the debtor was at the same time pursing that claim in another court constitutes inconsistent positions under oath. *Ajaka*, 453 F.3d at 1344; see also *Robinson v. Tyson Foods, Inc*., 595 F.3d 1269, 1275 (11th Cir. 2010).

> In a recent case, the Eleventh Circuit noted:
>
> Judicial estoppel is "designed to prevent parties from making a mockery of justice by inconsistent pleadings." *McKinnon v. Blue Cross & Blue Shield of Ala*., 935 F.2d 1187, 1192 (11th Cir.1991) (internal quotation mark omitted). While judicial estoppel "cannot be reduced to a precise formula or test," *Zedner v. United States*, 547 U.S. 489, 504, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006), three factors typically inform the inquiry: (1) whether there is a clear inconsistency between the earlier position and the later position; (2) **a party's success in convincing a court of the earlier position,** so that judicial acceptance of the inconsistent later position would create the perception that either the earlier or later court was misled; and (3) whether the inconsistent later position would unfairly prejudice the opposing party.

*Tampa Bay Water v. HDR Eng'g, Inc*., 731 F.3d 1171, 1182 (11th Cir. 2013) (emphasis added).

"The most notable of these limitations is the 'prior success' rule. Under this rule, a party is judicially estopped in a later litigation only if the 'party has successfully asserted an inconsistent position in a prior proceeding.'" Schreiber, *The Judiciary Says, You Can't Have It Both Ways*, 30 LOY. L.A.L. REV. 323, 327 (Nov. 1996) (quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982)).

McDaniel's claim of judicial estoppel fails because Defendants have not convinced any court that the foreclosure sale was complete. The SunTrust Defendants took the position that the sale was complete in their Objection to Confirmation [Doc. 31], but withdrew that pleading before this Court ever considered it. Because no court has accepted that the foreclosure sale was complete, there is no danger of inconsistent results, and therefore, no impairment of the judicial process.

In addition, the doctrine of judicial estoppel applies to assertions of fact, not law. Clearly, a party can advance as many separate defenses as it has, regardless of consistency. Bankr. R. 7008; F.R.C.P. 8(d)(3). Judicial estoppel clearly "contemplates something other than the permissible practice, now freely allowed, of simultaneously advancing in the same action inconsistent claims or defenses which can then, under appropriate judicial control, be evaluated as such by the same tribunal, thus allowing an internally consistent final decision to be reached." *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1167 (4th Cir. 1982). Defendants have never taken inconsistent factual positions. They have simply taken inconsistent *legal positions* regarding the effect of the foreclosure sale. There has never been any dispute that SunTrust Bank was the holder of the subject note and security deed, but that the power of sale was purportedly exercised by SunTrust Mortgage. The Defendants took the legal position that despite problems with the foreclosure sale, the sale was still complete. They have since abandoned that position.

4

There is simply no evidence that the SunTrust Defendants have intentionally attempted to make a mockery of the judicial system. Rather, they took inconsistent legal positions, and when they concluded that one of those positions (that the attempted foreclosure sale was complete) was probably not one that would prevail in this case, they withdrew their objection to confirmation before this Court considered that position.

Plaintiff's attempt to extinguish the debt to SunTrust on grounds of judicial estoppel fails, and SunTrust is entitled to summary judgment on this issue.[1]

B. **Count Four – Equitable Subordination**.

Plaintiff also claims that because the SunTrust Defendants allegedly engaged in inequitable conduct, SunTrust's claim should be equitably subordinated to the claims of other creditors or the lien securing its claim transferred to the estate pursuant to 11 U.S.C. §510(c). Section 510 (c) provides:

> Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may –
>
> (1) Under principals of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or
>
> (2) Order that any lien securing such a subordinated claim be transferred to the estate.

---

[1] In arguing that the SunTrust Defendants should be "estopped" from dening that the debt was extinguishe, Plaintiff fails to mention that she testified under oath that the debt was, in fact, not extinguished.

> Q: Correct. So the note that was in the original amount of $119,000, you still owe that, right?
>
> A: Yes.
>
> Q: Even after the foreclosure sale that took place in November 2010, you still owe that, correct?
>
> A: Yes. That's my understanding.

(McDaniel Depo., p. 51).

5

In determining whether to equitably subordinate a claim, courts apply the three-part test set forth in *In re: Mobile Steel Co.,* 563 F.2d 692, 700 (5th Cir. 1977). The three conditions that must be satisfied before a claim will be equitably subordinated are:

(a) The claimant must have engaged in some type of inequitable conduct;

(b) The misconduct must have caused injury to the creditors or conferred an unfair advantage on the claimant; and

(c) Equitable subordination of the claim must not be inconsistent with bankruptcy law.

*Id*. at 700. This test has been adopted by the Eleventh Circuit. *In re: Lemco Gypsum, Inc*., 911 F.2d 1553 (11th Cir. 1990); *In re N & D Properties*, 799 F.2d 726, 731 (11th Cir. 1986).

The Eleventh Circuit Court of Appeals, discussing application of the equitable subordination doctrine to insiders versus general creditors, held as follows:

> The burden and sufficiency of proof required are not uniform in all cases. Where the claimant is an insider or a fiduciary, the trustee bears the burden of presenting material evidence of unfair conduct. *See In re Multiponics*, 622 F.2d 709, 714 (5th Cir. 1980). Once the trustee meets his burden, the claimant then must prove the fairness of his transactions with the debtor or his claim will be subordinated. *See id. <u>If the claimant is not an insider or fiduciary, however, the trustee must prove more egregious conduct such as fraud, spoilation or overreaching, and prove it with particularity</u>*. See *In re Ludwig Honold Mfg. Co.*, 46 B.R. 125 (Bkrtcy.E.D.Pa. 1985) (citing *In re W. T. Grant*, 699 F.2d 599 (2d Cir. 1983)).

*In re N & D Properties, Inc*, 799 F.2d at 731 [Emphasis added].

SunTrust and SunTrust Mortgage are not insiders or fiduciaries. Thus, Plaintiff must prove fraud, not simply inequitable conduct. The Debtor contends that the SunTrust Defendants engaged in the following "inequitable conduct": (1) they failed to promptly admit that the foreclosure was ineffective and retained Foxfire's bid price for almost three years; (2) they failed to promptly re-call the sale; (3) they delayed admitting the error in the foreclosure and refunding the bid price to Foxfire for almost three years, misleading the Debtor in the process; (4) they

6

retained and invested the surplus sales proceeds, which the Debtor alleged belonged to her; (5) they allowed the collateral value to decline during this delay; (6) they expressed "utter contempt" not just of the Debtor but of all of her neighbors, by unnecessarily creating a blighted property in an affluent neighborhood; (7) they attempted to mislead the Court by taking a position that the foreclosure was valid; and (8) they somehow enlisted the support of the Columbus Consolidated Government to hinder and delay the prosecution of this lawsuit, thus keeping the Property in a derelict state even longer. [Complaint, Doc. 90, ¶75].

The SunTrust Defendants deny that they have engaged in either fraudulent or inequitable conduct. However, assuming *arguendo* that Plaintiff could prove fraud[2], she cannot meet the second prong of the *Mobile Steel* test. There must be a showing that the alleged fraudulent conduct resulted in harm to other creditors. SunTrust's claim may not be subordinated where there is no evidence of injury to other creditors, despite evidence of inequitable conduct, and claims may be subordinated on equitable grounds only to the extent necessary to offset the harm actually suffered. *In re Bellanca Aircraft Corp.*, 850 F.2d 1275 (8th Cir. 1988); *Matter of Missionary Baptist Foundation of America*, 818 F.2d 1135 (5th Cir. 1987); *In re Mid-American Waste Systems, Inc.*, 284 B.R. 53 (Bankr. D. Del. 2002); *In re Martin Specialty Vehicles, Inc.*, 87 B.R. 752 (Bankr. D. Mass. 1988), *opinion rev'd on other grounds*, 97 B.R. 721 (D. Mass. 1989); *Matter of Pinetree Partners, Ltd.*, 87 B.R. 481 (Bankr. N.D. Ohio 1988); *In re Vermont Toy Works, Inc.*, 82 B.R. 258 (Bankr. D. Vt. 1987), *order rev'd on other grounds*, 135 B.R. 762 (D. Vt. 1991).

In determining whether McDaniel's creditors have suffered harm warranting equitable subordination of SunTrust's claim, the effect on the relative rights of other creditors to share in

---

[2] As noted above, Plaintiff has not alleged that SunTrust or SunTrust Mortgage have engaged in any "egregious conduct such as fraud, spoilation or overreaching", as required by the Eleventh Circuit in *In re N & D Properties, Inc.* Her claim is based on alleged "conduct and action which are inequitable." [Doc. 90, ¶ 75]

distribution of estate assets must be examined. *In re Fargo Financial, Inc.,* 80 B.R. 247 (Bankr. N.D. Ga. 1987); *In re Beverages Intern. Ltd.,* 50 B.R. 273 (Bankr. D. Mass. 1985); *In re Century Inns, Inc.*, 59 B.R. 507 (Bankr. S.D. Miss. 1986). A reduction in the reasonable likelihood of creditors collecting on their claims is the type of harm warranting equitable subordination. *In re Fargo Financial, Inc.*, 80 B.R. 247 (Bankr. N.D. Ga. 1987).

In *In re SubMicron Systems Corp*, 432 F.3d 448 (3rd Cir. 2004), the Third Circuit Court of Appeals noted that:

> [T]he doctrine of equitable subordination "is remedial, not penal, and should be applied only to the extent necessary to offset specific harm that creditors have suffered on account of the inequitable conduct." [*In re SubMicron Sys. Corp.,* 291 B.R. 314, at 327 (D.Del.2003)] (citing *Trone v. Smith (In re Westgate–California Corp.*), 642 F.2d 1174, 1178 (9th Cir.1981)); *see also Citicorp Venture Capital,* 160 F.3d at 991 ("A bankruptcy court should ... attempt to identify the nature and extent of the harm it intends to compensate in a manner that will permit a judgment to be made regarding the proportionality of the remedy to the injury that has been suffered by those who will benefit from the subordination."); *Stoumbos v. Kilimnik,* 988 F.2d 949, 960 (9th Cir.1993) ("A claim will be subordinated only to the claims of creditors whom the inequitable conduct has disadvantaged."); *Estes v. N & D Props., Inc. (In re N & D Props., Inc.*), 799 F.2d 726, 733 (11th Cir.1986) (stating that "equitable subordination operates only to redress the amount of actual harm done").

*In re SubMicron Sys. Corp.,* 432 F.3d at 462.

In the present case, it is clear that none of the Debtor's creditors suffered any harm as a result of the SunTrust Defendants' alleged inequitable conduct. On November 2, 2010, Defendant Foxfire bid the sum of $126,000 for the Property at the courthouse steps. [Doc 90, ¶31]. The parties have agreed that this sale was void, and in August 2013, counsel for McCalla Raymer tendered to Foxfire the sum of $126,000 (the amount offered and paid by Foxfire at the foreclosure sale for the Property), plus the sum of $28,840.99 in interest. (Foxfire Answer and Cross-Claim [Doc. 11], ¶¶ 125, 128). Pursuant to an order of this Court authorizing the sale of

the Property free and clear of liens [Doc. 69], the Property was sold on May 9, 2014, for the sum of $132,500. Thus, in May 2014, the Property brought more than it did at the attempted foreclosure sale in November 2010.

However, the attempted foreclosure sale generated excess proceeds of "at least $7,000", over and above what was owed to SunTrust. [Doc. 90, ¶¶ 79, 83]. Foxfire contends that the amount of the surplus sales proceeds was $9,117.70. [Doc. 11, ¶¶ 114, 126]. If the November sale had been effective, these excess proceeds would have presumably been interplead and would have been subject to the claims of the Internal Revenue Service and/or the Georgia Department of Revenue, both of which filed liens against the Property.[3]

The May 9, 2014 sale generated more in gross proceeds, but did not generate any excess proceeds for lienholders since a 10% real estate commission and ad valorem taxes were paid from the proceeds. Thus, the net proceeds from the May 2014 sale are less than the net proceeds from the November 2010 attempted foreclosure sale. The only conceivable harm to creditors arising from any alleged inequitable conduct is limited to the excess sales proceeds that would have been available if the foreclosure sale had been valid – approximately $9,000. On May 30, 2014, the Court granted McCalla Raymer's motion to tender the sum of $9,500 into the registry of the Court. This sum is available for payment to McDaniel's creditors, eliminating any conceivable grounds for subordinating any portion of the claim of SunTrust. SunTrust and SunTrust Mortgage are entitled to summary judgment on Plaintiff's equitable subordination claim.

---

[3] Despite the liens held by the IRS and the Georgia DOR, the Debtor claims that she or the Trustee is entitled to the excess sales proceeds. [Doc. 90, ¶83].

## **CONCLUSION**

In conclusion, SunTrust Bank and SunTrust Mortgage, Inc. submit that there are no genuine issues of material fact, and that they are entitled to summary judgment in their favor for all of the reasons set forth herein and all of the reasons set forth in the Brief of McCalla Raymer, LLC in support of its motion for summary judgment.

WHEREFORE Defendants/Movants SunTrust Bank and SunTrust Mortgage, Inc. pray that the Court inquire into their motion, and that their Motion for Summary Judgment be granted.

Respectfully submitted, this 26th day of August, 2014.

        */s/ Cater C. Thompson*
CATER C. THOMPSON
State Bar No. 129425
Cater.thompson@jonescork.com
Attorney for SunTrust Bank and SunTrust Mortgage, Inc.

OF COUNSEL:
JONES, CORK & MILLER, LLP
P.O. Box 6437
Macon, GA 31208-6437
(478) 745-2821


MONICA K. GILROY
Georgia State Bar No. 420527
DICKENSON GILROY, LLC
3780 Mansell Road, Suite 140
Alpharetta, GA 30022
(678) 280-1921
mkg@dickensongilroy.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within and foregoing DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was served by first class mail with sufficient postage thereon to ensure delivery upon the following:

> Mr. Fife M. Whiteside
> P.O. Box 5383
> Columbus, Georgia  31906
>
> Ms. Kristin Hurt
> Office of the Chapter 13Trustee
> P.O. Box 1907
> Columbus, Georgia  31902
>
> Mr. Stephen G. Gunby
> Page Scrantom Law Firm
> P.O. Box 1199
> Columbus, Georgia 31902
>
> Ms. Stephanie Burnham
> Assistant Attorney General
> 40 Capitol Square, SW
> Atlanta, Georgia  30334-1300
>
> Mr. James D. Patrick
> P.O. Box 2745
> Columbus, Georgia  31902

This 26th day of August, 2014.

*/s/ Cater C. Thompson*
CATER C. THOMPSON