IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| by the DEPARTMENT OF REVENUE), THE | * | |
| GROGAN GROUP, LLC d/b/a GROGAN & | * | |
| GROGAN, and THE COLUMBUS | * | |
| CONSOLIDATED GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

### *PLAINTIFF'S CONSOLIDATED MEMORANDUM IN OPPOSITION TO MOTIONS FOR PROTECIVE ORDERS FILED BY DEFENDANTS SUNTRUST BANK, SUNTRUST MORTGAGE, INC, AND MCALLA, RAYMER LLC*

Comes now, Leslie McDaniel ("Plaintiff" or "Debtor"), and makes the within Consolidated Memorandum and Response to the five (5) Motions for Protective Orders (Dckt. Nos. 165,169,173,186,189)  filed by Suntrust Bank, SunTrust Mortgage, Inc. And McCalla, Raymer LLC and says as follows.

## *Procedural Background*

### *Procedural context*

In an adversary proceeding involving the foreclosure by McCalla Raymer, LLC ("McCalla") of a mortgage that the foreclosing creditor did not own and the assertion by SunTrust Bank "SunTrust")  and SunTrust Mortgage Inc. ("Suntrust Mortgage") of a patently frivolous legal position though attorney Monica K. Gilroy ("Gilroy")  in a bankruptcy case in order to gain a benefit for Suntrust and Suntrust Mortgage in a correlated Superior Court case involving some of the same parties*,*   Plaintiff filed deposition notices on McCalla, Suntrust Mortgage, and Suntrust, all defendants, all of whom had agreed to be deposed.    Plaintiff also filed a deposition notice on Gilroy, but only to the extent of non-privileged and non work product matters.  McCalla, Suntrust, and Suntrust Mortgage each filed motions for protective orders from those depositions. SunTrust and SunTrust Mortgage filed a Motion for protective order related to the Gilroy deposition asking that she not be deposed even on matters not subject to privilege.

 McCalla for good measure filed a second motion related to being protected from an un-noticed deposition by a co-defendant.

McCalla, SunTrust, and Suntrust Mortgage have filed five Motions with a total of almost 170 pages of material, by actual page count, in order to prevent the Plaintiff from taken depositions all of which had been discussed for weeks.  More or less simultaneously Motions for Summary Judgment were filed, strategically requiring responses a few days after the earliest the depositions could be taken so that they could not be used in reasons. Requests  to delay the responses to allow use of the depositions for response have been futile.

This is the context of the matters before the Court on August 29, 2014.  In the interest of brevity and clarity this memorandum is filed in response to all five (5) motions. Discussion follows.

### *Suntrust Motions*

Suntrust and Suntrust Mortgage have brought three Motions for Protective Orders.

They brought two Motions, one each, asking to be protected from deposition on certain Subject Matter Topics from the Third Deposition Notices.

They object to deposition on Topic 10 , related to internal procedures of Suntrust and Suntrust Mortgage concerning timing of foreclosure, which they argue is outside the scope of permissible discovery.  This Topic is as follows:

"(10)  *SunTrust Mortgage's and SunTrust Bank's general policies (whether written or not)concerning how promptly they foreclosure and any reasons generally for delaying foreclosure.*"

They object to deposition on Topics 3, 4, and 5, related to their having  filed of specious pleadings in this bankruptcy case. Attorney client privilege is claimed.  The first question under these topics has not been asked.  So far, they have failed to identify any documents that would be subject to attorney client privilege.  These Topics are as follows:

*"(3)     Any facts that could support the assertion made by SunTrust Bank and SunTrust Mortgage in the Objection to Confirmation [Dkt No. 31] and the Amended Objection to Confirmation [Dkt No. 32], filed by SunTrust and SunTrust Mortgage that the foreclosure was complete and that there was no debt owed by Debtor to either SunTrust Mortgage or SunTrust Bank.*

*(4)     Any facts that occurred or were discovered between the date of December 13, 2013, when the Objection to confirmation was withdrawn [Dkt No. 51], and SunTrust Bank and SunTrust Mortgage finally admitted that the foreclosure was not valid, and the date the Amended Objection to Confirmation [Dkt No. 32] was filed.*

*(5)     Any facts that would support the proposition that SunTrust Bank's or SunTrust Mortgage's attorney, Ms. Monica Gilroy, was not deceiving the Court when she represented that the foreclosure was complete so that SunTrust Bank and/or SunTrust Mortgage were not creditors."*

Suntrust and Suntrust Mortgage also brought a Motion for Protective Order asking that

Monica Gilroy ("Gilroy"), one of their attorneys, who was responsible for filing specious pleadings in the bankruptcy case, not be deposed at all and that her file not be examined. Plaintiff had fashioned her deposition notice to prevent discovery of any attorney client privileged material or work product privileged material. Affidavit supplied herewith from Plaintiff's counsel is to the effect that he had discussed the specious pleadings with Gilroy and she had told him that the pleadings could not be withdrawn and the Plaintiff permitted to sell off her property to the benefit of Gilroy's client, because of Superior Court litigation between Suntrust and Suntrust Mortgage and Foxfire. Plaintiff contends that this constitutes a waiver of the privilege, to the extent one applied, to allow enquiry into all the causes for the filing of the specious pleadings.

### *McCalla Motions*

While the McCalla Motions raise concerns about the attorney client privilege within several of the Subject Matter Topics on their deposition notice, they are really based on a curious premise which is summarized as follows, in the first person: *"We know we are going to win in this case, so deposing us is a waste of our time and we don't want to do it."* They seek to be protected from any deposition at all, in spite of prior agreements, quoted in the Plaintiff's previously filed Motion for Additional Time to Respond to Motion for Summary Judgment. They are therefore asking for the Court to make a determination that a defendant in a lawsuit does not have to be deposed because they do not think it is necessary. Apart being remarkably arrogant there is no law to support this premise and they cite to none.

## *Legal principals*

Work product privilege is controlled by Federal rules, R.Bankr. Pro. 7026 incorporating by reference Fed Rule Civ Pro. 26 (b)(3), which provides:

> Subject to paragraph (4) of this subsection, a party may obtain discovery of documents and tangible things otherwise discoverable under paragraph (1) of this subsection and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial

> equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. A party may obtain, without the required showing, a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain, without the required showing, a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. Paragraph (4) of subsection (a) of Code Section 9-11-37 applies to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded;

"Mental impressions" are subject to attorney client privilege rules. Attorney client privilege may be controlled by relevant state (Georgia) law or federal law.Fed. Rule Ev. 501 provides that "... in a civil case, state law governs privilege regarding a claim or defense for which state law provides the rule of decision." In other cases federal common law applies.

Under state (Georgia) law the burden falls on the party attempting to assert the privilege to establish a right to it. See Peterson v. Baumwell, 202 Ga.App 283 (1991); Southern Guaranty Insurance Company of Georgia v. Ash, 192 GaApp 24 (1989)

The rule is the same under federal common law. See Adler v. Wallace Computer Services, Inc., 202 F.R.D. 666 (D.Ct., N.D.Ga. 2002)

Under federal common law the standards the party advancing the privilege must show are as follows:

> The party claiming the privilege must establish the following elements: (1) the holder of privilege is a client; (2) the person to whom communication was made is a member of the bar and that person is acting as a lawyer in connection with the communication; (3) the communication relates to a fact of which attorney was informed by the client without the presence of strangers for the purpose of securing legal advice; and (4) the privilege is claimed and not waived by the client.

Adler v. Wallace Computer Services, Inc., 674.

While the attorney client privilege is certainly one of the oldest recognized privileges of confidential information it is narrowly construed. As stated in Tenet Healthcare Corporation v.

<u>Louisiana Forum Corporation</u>, 237 Ga 206, 207-208 (2000:

> These statutory statements of attorney-client privilege are grounded in public policy which requires that persons should feel that they may securely say anything to members of the profession in seeking aid in their difficulties, although the person whose advice they seek may have been employed, or may be afterwards employed, against them."....statutes setting out attorney-client privilege are not, however, broadly construed. ....[T]he Court of Appeals confined the attorney-client privilege embodied in OCGA §§ 24–9–21 and 24–9–24 "to its narrowest permissible limits under the statute of its creation....' " That approach is equally applicable when, as here, OCGA § 24–9–25 is raised.....Inasmuch as the exercise of the privilege results in the exclusion of evidence, ***a narrow construction of the privilege comports with the view that the ascertainment of as many facts as possible leads to the truth, the discovery of which is "the object of all legal investigation ....***

**Emphasis Added; Citations omitted**.  Plaintiff notes that the codes sections discussed above have been superceded by a single code section, OCGA Section 25-5-501 (effective January 1, 2013).  The change in the Code section does not appear to conflict with the foregoing doctrine.

With respect to the Suntrust/Suntrust Mortgage motions, nothing in the voluminous papers filed demonstrates, prior to the depositions, that a privilege exists, that it has not been waived, or that it is not within one of the exceptions, such as the fraud exception. The first question has not been asked, and the first assertion of the privilege has not been made. The proper approach is to allow the depositions, let the questions be asked, the privileged asserted and the applicability of the privilege asserted at the time of the deposition, not to prohibit the deposition.

The Monica Gilroy deposition is different, and there is authority that a deposition of a party's attorney may be prohibited.  <u>See e.g.,</u> <u>SEC v. Buntrick</u>, 217 FRD 441 (D.Ct. N.D.Ill. 2003)  However, it should not be under the unique circumstances of this case.  The deposition notice excludes attorney client and work product material.   Gilroy filed indisputably specious pleadings and that conduct is subject to a pending sanction motion.  She offered an explanation to counsel for the plaintiff that suggests an improper motion. The deposition should be allowed if for no reason but to require her to explain her statements to Plaintiff's counsel.

With respect to the McCalla deposition, Plaintiff has little to say.  McCalla's motion is

simply to the effect that despite prior agreements they do not want to be deposed because they know they will win on all issues. Assuming per argumentum that they are right and they will win on all issues and they have offered no explanation for why their testimony would not be appropriate as to other parties, except I suppose, to suggest they will win on all issues. There is no law to support this proposition and they offer none.

Plaintiff notes that McCalla does cite to several Topics in their deposition notice which they think are protected by attorney client privileged. These are 3,4,5,6,8,and 9, which are quoted as follows:

> *3)     Any facts that could support the assertion made by SunTrust Bank and SunTrust Mortgage in the Objection to Confirmation [Dkt No. 31] and the Amended Objection to Confirmation [Dkt No. 32], filed by SunTrust and SunTrust Mortgage that the foreclosure was complete and that there was no debt owed by Debtor to either SunTrust Mortgage or SunTrust Bank.*
>
> *4)     Any facts that occurred or were discovered between the date of December 13, 2013, when the Objection to Confirmation was withdrawn [Dkt No. 51], and SunTrust Bank and SunTrust Mortgage finally admitted that the foreclosure was not valid, and the date the Amended Objection to Confirmation [Dkt No. 32] was filed..*
>
> *5)     Any facts that would support the proposition that SunTrust Bank's or SunTrust Mortgage's attorney, Ms. Monica Gilroy, was not deceiving the Court when she represented that the foreclosure was complete so that SunTrust Bank and/or SunTrust Mortgage were not creditors.*
>
> *6)     Any facts that would support the proposition that Ms. McDaniel was on notice of the fact that the November foreclosure on her home was not valid prior*

Page 7

*to the date SunTrust Bank and SunTrust Mortgage admitted that fact, by withdrawing their Objection to Confirmation of the Plan [Dkt No. 51].*

*8)     The response made to the claim by Foxfire Acres, Inc. that the sale was void and that its money should be refunded after March 2, 2011.  See Silver Depo, p. 47.*

*9)     Why SunTrust Mortgage or SunTrust Bank did not exercise its statutory right of recision and just refund Foxfire Acres, Inc. its money.  See Silver Depo, pp 51-53.*

There may be other Topics to which they may object that are not mentioned in their motion.

To the extent that the Court does not buy the argument that McCalla should not be required to give the depositions they agreed to give because they are going to win anyway, and McCalla alternatively argues that they should be protected in those, or other Topics, the same argument as above should apply.  This is appropriate to be taken up after the questions are asked, and not before.

**Summary**

The Court should require the parties to honor their agreements and permit the depositions to go forward.  If matters of privilege come up in the testimony the Plaintiff should be allowed to probe the bases of the claims of privilege and the Defendants may preserve the claims of privilege by objecting and directing their clients not to respond.  All motions should be denied.

Respectfully Submitted,

/s/ Fife M. Whiteside

FIFE M. WHITESIDE
Ga. Bar No. 756025
Email: whitesidef@mindspring.com

P.O. Box 5383
Columbus, GA 31906
(706) 320-1215

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that I have this day served a true and accurate copy of the within and foregoing **Consolidated Memorandum**, by mailing same U.S. postage prepaid on the following individuals or firms, who are counsel for all parties herein, and/or in the event a party is unrepresented, any party pro se, as well as by ECF:

| | |
|---|---|
| U.S. Trustee<br>440 Martin Luther King Jr. Blvd.<br>Suite 302<br>Macon, Georgia 31201 | A. Kristin Hurst<br>Chapter 13 Trustee<br>P.O. Box 1907<br>Columbus, GA 31902 |
| Stephen G. Gunby<br>Page Scrantom Sprouse Tucker & Ford<br>P.O. Box 1199<br>Columbus, GA 31902-1199 | Alan G. Snipes<br>Page Scrantom Sprouse Tucker & Ford<br>P.O. Box 1199<br>Columbus, GA 31902-1199 |
| Cater C. Thompson<br>Jones Cork & Miller, LLP<br>435 Second St, Suite 500<br>Macon, GA 31201 | James D. Patrick<br>831 2nd Avenue<br>Columbus, GA 31901 |
| The Grogan Group, LLC<br>c/o Grogan & Grogan<br>P.O. Box 1518<br>Columbus, GA 31902 | Grogan & Grogan<br>Attn: Lynn Grogan, Agent<br>P.O. Box 1518<br>Columbus, GA 31902 |
| Barbara G. Parker<br>Office of U.S. Attorney - Macon<br>P.O. Box 1702<br>Macon, GA 31202 | Stephanie K. Burnham<br>Assistant Attorney General<br>40 Capitol Square, S.W.<br>Atlanta, Georgia 30334-1300 |

      This 28th day of August, 2014.      /s/ Fife M. Whiteside

                                                                          FIFE M. WHITESIDE