IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| In re: | )CHAPTER 13 |
| LESLIE McDANIEL, | )CASE NO. 12-41231-JTL |
| Debtor, | )JUDGE LANEY |

| | |
|---|---|
| LESLIE McDANIEL, Individually, and as Representative of her Bankruptcy Estate, | ) ) |
| Plaintiff, | )ADVERSARY PROCEEDING NO. 13-04013 |
| vs. | ) |
| SUNTRUST BANK, SUNTRUST MORTGAGE, INC., McCALLA RAYMER, LLC, FOXFIRE ACRES, INC., THE UNITED STATES by and through the INTERNAL REVENUE SERVICE, THE STATE OF GEORGIA (Represented by the DEPARTMENT OF REVENUE), THE GROGAN GROUP, LLC d/b/a GROGAN & GROGAN, and THE COLUMBUS CONSOLIDATED GOVERNMENT, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT FOXFIRE ACRES, INC.'S RESPONSE TO
McCALLA RAYMER, LLC'S MOTION FOR PROTECTIVE ORDER
REGARDING PARTICIPATION OF FOXFIRE ACRES, INC. IN DISCOVERY
AND
DEFENDANT FOXFIRE ACRES, INC.'S RESPONSE TO
MOTIONS FOR PROTECTIVE ORDER BY DEFENDANT SUNTRUST BANK AND
SUNTRUST MORTGAGE**

Comes now Defendant Foxfire Acres, Inc. (Foxfire) and pursuant to Federal Rule of Bankruptcy Procedure 7026(c) and FRCP 26(c) hereby responds to the frivolous Motion filed by McCalla Raymer for Protective Order regarding participation by Foxfire

1

in the depositions noticed in this case, and to the Motions for Protective Order filed by SunTrust Bank and SunTrust Mortgage, as follows:

1.

Defendant Foxfire Acres, Inc., is a "party" in this adversary proceeding. As a party, Foxfire is entitled to **all** of the discovery rights available under the Federal Rules of Civil Procedure as well as the corollary bankruptcy rules. As a "party", all the other parties in this adversary proceeding are required to serve all papers, pleadings, motions for responses, etc., upon Foxfire (FRCP 5, FRBR p. 5). Foxfire is a "party" under FRCP 19, FRBP 19.

FRCP 26(b)(1) and FRBP 7026(b)(1) state in pertinent part that:

"**Parties** may obtain discovery regarding any non-privileged matter that is relevant to **any** party's claim or defense-including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. … Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. …"

Co-Defendant McCalla Raymer has filed on August 22, 2014, its Motion for Protective Order (Doc 189) regarding participation by Foxfire Acres, Inc. in discovery and seeks to prohibit Foxfire Acres, a statutory party herein, from attending the depositions and from even asking any questions of witnesses for other parties in this case.

As stated above, the Federal Rules of Civil Procedure and the Bankruptcy Rules of Civil Procedure, Rule 26(b) clearly states that any "party" may obtain discovery that is relevant to "any party's claim or defense".

2.

Counsel for Foxfire participated in and questioned the Plaintiff, Leslie McDaniel in her deposition taken on July 8, 2014.  There was no objection made to such participation by Foxfire's counsel by either McCalla Raymer nor SunTrust Mortgage/SunTrust Bank.  Both attorneys for said co-Defendants likewise asked questions of Mrs. McDaniel.  This is a waiver by McCalla Raymer and SunTrust Bank/SunTrust Mortgage of any right to request a Protective Order limiting counsel for Foxfire Acres' participation in depositions of representatives of the co-Defendants or of any other witnesses.  Furthermore, Foxfire has a clear legal right to participate in all discovery and in all of the depositions to be taken in this case.

3.

The Brief filed by McCalla Raymer in Support of its Motion to restrict Foxfire from exercising its statutory rights does not cite any case decision that says that a party defendant in a pending adversary proceeding cannot ask questions in any deposition simply because there is collateral pending litigation that has some of the same or other issues pending in another Court.

4.

The Motion for Protective Order filed by McCalla Raymer further expressly violates the law in regards to the right to participate in discovery by a party in a case. The US Supreme Court in <u>Societe Nationale Industrielle Aerospatiale, et al. v. US District Court for the Southern District of Iowa</u>, 482 US 522, 107 S. Ct. 2542, 96 L. Ed. 2d 461 (1987), in a case involving discovery under the Federal rules versus the Hague Evidence Convention providing for discovery in foreign signatories to the Hague

Convention, clearly spelled out that the discovery rules of the Federal Rules of Civil Procedure sets forth "…**the rights given to all litigants by the federal rules…**" when it set forth the following quote from a Fifth Circuit Opinion at 482 US at 539:

> (482 US at 539) "As the Court of Appeals for the Fifth Circuit observed in *In Re Anschuetz & Co., Gmb H,* 754 F. 2d 602, 612 (1985), Cert. pending, No. 85-98: '…While it is conceivable that the United States could enter into a treaty giving other signatories control over litigation instituted and pursued in American courts, a treaty intended to bring about such a curtailment of **the rights given to all litigants by the federal rules** would surely states its intention clearly and precisely identify crucial terms.'"

It is instructive to note that the Supreme Court cited In Re Anschuetz & Co., Gmb H because the Fifth Circuit in that case set forth the rule that requires the denial of Defendant McCalla Raymer's Motion to limit Foxfire's discovery rights. In discussing the significance of the Federal Rules of Civil Procedure, the Fifth Circuit stated, 754 F. 2d 602, at 614:

> "The federal rules gives to every litigant in a United States Court very wide discovery rights. Thus, Rule 26 provides broad rights with respect to the taking of depositions; Rule 33 provides that interrogatories 'shall be answered' by the party upon which they are served; and Rule 34 contemplates the broadest possible discovery and production of documents. **No where in these rules is there is slightest suggestion that a party properly before the court may not avail itself of these discovery rights against another party within the jurisdiction of the court…**"

The original Fifth Circuit decision in Anschuetz & Co., 754 F. 2d 602 (CA 5th La (1985), also went up upon certiorari to the Supreme Court. An Order of Remand was issued by the Supreme Court for the Fifth Circuit to reconsider its opinion in light of the Societe Nationale Industrielle Aerospatiale v. US District Court for the Southern District of Iowa, Supra. The remand decision, In Re Anschuetz & Co., 838 F. 2d 1362 (1988)

4

cited to remand order from the US Supreme Court, but did not revise the above-quoted language which is still valid law.

In a recent opinion, Estate of David Rubinstein v. The United States, US Federal Claims, No. 09-291-T, decided Jan. 31, 2011, the Court of Claims, in a discovery dispute stated: At page 4:

> "Although they have differing and legal theories concerning this case, the **parties are entitled to develop their respective cases as they deem appropriate and most advantageous, including to avail themselves of all forms of discovery that are permitted under the rules of the court.** Estate of Rubinstein v. United States, 94 Fed. Cl. 51, 53 (2010) (cites omitted).

This opinion further goes on to set forth that FRBP 26(c), and FRCP 26(c) "tempers the breadth of discovery for authorizing the court, for good cause shown, to issue a protective order 'to protect a party or person **annoyance, embarrassment, oppression, or undue burden or expense**'".

Nothing in McCalla Raymer's Motion to prohibit Foxfire from engaging in discovery by attending the depositions and asking questions of witnesses set forth how the asking of deposition questions by Foxfire would create any "annoyance, embarrassment, oppression or undue burden or expense" on the proposed deponents.

5.

Both FRBP 26(c)(1) and FRCP 26(c)(1) require that McCalla Raymer set forth "good cause" to prohibit Foxfire from engaging in discovery. No good cause has been shown. The fact that McCalla Raymer is involved in other litigation with Foxfire is not legal good cause to prohibit Foxfire from attending depositions and asking questions of all witnesses and all parties in an adversary proceeding in the Bankruptcy Court in which Foxfire Acres, Inc., is a named Defendant and is still a Defendant. Foxfire has

5

the statutory rights to engage in discovery, and, as set forth in the above-stated cases, to exercise its "discovery rights" given to "every litigant in a United States Court". The rules simply do not allow a "party properly before the Court" to "not avail itself of these discovery rights against another party within the jurisdiction of the court".

6.

McCalla Raymer's Motion for Protective Order regarding participation of Foxfire Acres, Inc. in discovery was filed on Friday, August 22, 2014 (Doc 189). McCalla Raymer's Brief in Support of its Motion (Doc 190) was likewise filed on Friday, August 22, 2014. McCalla Raymer's Notice of Hearing on the Motion for Protective Order scheduling a hearing for Friday, August 29, 2014 (Doc 191) was likewise filed on August 22, 2014. All of said documents indicate that McCalla Raymer has violated the Standing Order of the Court which mandates that a party responding to the Motion be given ten (10) days to respond to the same. McCalla Raymer did not file a Motion to Shorten the Time for Foxfire Acres to respond and no Order was entered by the Court shortening the time. The Motion for Protective Order regarding participation of Foxfire Acres, Inc., filed by McCalla Raymer (Doc 189) must be denied for failing to comply with the local rules.

7.

McCalla Raymer asserts that Foxfire should not participate in a deposition of Monica Gilroy nor of the representatives of Defendants Suntrust Bank and SunTrust Mortgage. Both McCalla Raymer as well as SunTrust Bank and SunTrust Mortgage have asserted attorney-client privilege to deny depositions to the Plaintiff and are seeking to block Foxfire from participating in the depositions.

The conduct of McCalla Raymer, as well as SunTrust Bank and SunTrust Mortgage in filing these frivolous Motions for Protective Order, both as to Foxfire's participation in discovery as well as Plaintiff taking the depositions of representatives of the Defendants, simply begins to appear as the same conduct that Judge Elliott had to deal with in the Benlate Litigation, In Re E.I. DuPont DeNemouris & Co., Bush Ranch, Inc. v. E.I. DuPont DeNemouris & Co., 918 F. Supp. 1524 (1995).  In that case the Middle District Judge had to repeatedly have hearings where the Defendants adopted the stonewall approach to discovery and fought every effort to depose witnesses and to discover applicable documents.  The conduct of Defendants herein in filing the various Motions for Protective Order is the same as the conduct of the DuPont lawyers in the foregoing-cited case.

8.

McCalla Raymer further states that if Foxfire's counsel is allowed to ask questions in depositions and participate in discovery, that that would somehow interfere with the Superior Court suit.  Such is a ludicrous assertion.

The fact that there are collateral cases involving some of the same or similar legal issues is not good cause to deny Foxfire the right to discovery.  FRCP 26.

9.

As shown in Plaintiff's Complaint, Foxfire is a necessary party to this litigation. Any Final Judgment issued by this Court must address Foxfire's relationship to the property on Meadowview Drive which was owned by Mrs. McDaniel at the time of the filing of the bankruptcy action (subsequently sold under Court Order).  Foxfire is a necessary party to this case.  FRBP 19 and FRCP 19.  Where a person has a potential

interest in real estate, then that person is a necessary party to any litigation surrounding the real estate. McHan v. Mason, (MD Ga. 2010) (Case No. 10-CV-79)(CDL), decided November 24, 2010. In McHan, Judge Land ordered that a person who had a potential interest in real estate was a necessary party to the litigation. FRCP 19(a)(1)(B)(i)-(ii). McCalla Raymer, acting on behalf of SunTrust Mortgage, sold at foreclosure sale the interest of SunTrust Mortgage in Mrs. McDaniel's property to Foxfire Acres on November 2, 2010. In the Superior Court action, SunTrust Mortgage took the position that the foreclosure was valid. This is a prior legal position. Attorney Monica Gilroy contended on behalf of SunTrust Mortgage that the foreclosure sale was valid. McCalla Raymer is likewise a Defendant in the Superior Court action and contended that the foreclosure sale was valid. In the Chapter 13 bankruptcy case, attorney Monica Gilroy again appeared and, as counsel for both SunTrust Bank and SunTrust Mortgage, took the position that the foreclosure sale was "valid" in documents filed in the Bankruptcy Court (Doc 30, 31, 32). Rule 11 requires Attorney Monica Gilroy to act in good faith and this is similar to acting under oath for purposes of Federal law. That legal position in the Bankruptcy Court in the Chapter 13 case is one of the prefatory acts that caused Foxfire to be sued as a Defendant in this adversary proceeding. It was not until January 2014 that new counsel for McCalla Raymer and new counsel for SunTrust Bank and SunTrust Mortgage conceded in open Court that the foreclosure sale was "void". Monica Gilroy needs to be deposed as well as the representatives of both SunTrust Bank, SunTrust Mortgage and McCalla Raymer.

    Their depositions are necessary because McCalla Raymer, SunTrust Mortgage and SunTrust Bank are judicially estopped to deny their contentions which have caused

8

Foxfire to be a Defendant in this case.  Monica Gilroy, as attorney for SunTrust Mortgage and SunTrust Bank made a mockery of the judicial system in the United States Bankruptcy Court for the Middle District of Georgia when she <u>intentionally</u> filed documents stating that the foreclosure was valid.  This means, in a legal sense, that Foxfire Acres owns the Plaintiff's house.  This is consistent with the position that Mrs. Gilroy took in the Superior Court case when Monica Gilroy, as agent and attorney for SunTrust Mortgage, contended that the foreclosure was valid.  She intended to conceal the truth.  McCalla Raymer likewise contended that the foreclosure was valid when it likewise denied that the foreclosure was invalid.

In <u>Welker v. Orkin</u>, (MD Ga. Macon Div. 2014) (5:13-CV-126 MTT) (April 17, 2014),  Judge Treadwell, at page 9, discussed the "motive to conceal".  In that case the Judge pointed out that "the motive to conceal stems from the possibility of defrauding the courts and not from any actual fraudulent result.", citing to <u>Robinson</u>, Supra, 595 F. 3d at 1275.

The 11th Circuit has clearly defined the doctrine of "judicial estoppel" that is applicable in this case which requires the deposition of Monica Gilroy as well as all other witnesses of SunTrust Bank, SunTrust Mortgage and McCalla Raymer.  In <u>Stephens v. Tolbert</u>, 471 F. 3d 1173 (11th Cir. 2006, at 1177):

> "Judicial estoppel is an equitable doctrine invoked at a court's discretion, designed to protect the integrity of the judicial process.  <u>Transamerica Leasing</u>, 430 F. 3d at 1335 (citing <u>New Hampshire v. Maine</u>, 532 US 742, 749-50, 121 S. Ct. 1808, 1814-15, 149 L. Ed. 2d 968 (2001).  A district court may invoke the doctrine to prevent a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. Id.  The circumstances under which judicial estoppel should be invoked are not reduceable to a general formulation of principle, but courts have traditionally looked at three factors:  (1) Whether a later position asserted by a party was clearly inconsistent with an earlier

9

position; (2) Whether a party succeeded in persuading a court to accept an earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and (3) Whether the party with an inconsistent position would deprive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Id."

Monica Gilroy and SunTrust Bank and SunTrust Mortgage had a motive to conceal the truth, i.e. that the foreclosure sale was void, because admitting it would increase their liability in the Superior Court case. This motive to conceal by Monica Gilroy, SunTrust Mortgage, SunTrust Bank and McCalla Raymer is pregnant in the bankruptcy proceedings because they continued with fraud on the United States Bankruptcy Court by continuing to conceal the fact that the foreclosure sale was void.

The Bankruptcy Court should note that no effort to amend or modify the filings in the Chapter 13 case have been undertaken by SunTrust Bank or SunTrust Mortgage. They simply believe that nothing will happen to them because they are large financial institutions and that the Bankruptcy Court will give them a pass on liability for committing a fraud on the Court.

This is the same situation Judge Elliott faced in the <u>Bush Ranch, Inc. v. E.I. DuPont DeNemouris</u> case, supra.

10.

Foxfire responds to the Motions for Protective Order filed by co-Defendant SunTrust Bank and SunTrust Mortgage. Such Motions should be denied. These two Defendants are subject to discovery like all other parties in the case. These two Defendants had previously agreed to submit representatives to be deposed but have now backtracked on their agreements with counsel for Plaintiff. This is bad faith by SunTrust and SunTrust Mortgage. Foxfire Acres is entitled to participate in the

10

discovery of the representatives of these two corporate Defendants as well as any other witnesses testifying in this case by deposition.

11.

SunTrust Bank and SunTrust Mortgage as well as McCalla Raymer have asserted attorney-client privilege and privilege from discovery for their witnesses. All of these assertions are simply designed to evade discovery. <u>Bush Ranch, Inc.</u>, Supra.

WHEREFORE, Foxfire requests the Court to deny the Motion for Protective Order of Defendant McCalla Raymer and also to deny the Motions for Protective Order filed by Defendants SunTrust Bank and SunTrust Mortgage.

Respectfully Submitted,

s/JAMES D. PATRICK
JAMES D. PATRICK
State Bar No. 566150
Attorney for Defendant Foxfire Acres, Inc.

Post Office Box 2745
Columbus, Georgia  31902
706-322-7181

## CERTIFICATE OF SERVICE

I do hereby certify that I am counsel for Defendant Foxfire Acres, Inc., in this action, and that I have this date electronically filed and served a copy of the above and foregoing **"Defendant Foxfire Acres, Inc.'s Response to McCalla Raymer, LLC's Motion for Protective Order Regarding Participation of Foxfire Acres, Inc. in Discovery and Defendant Foxfire Acres, Inc.'s Response to Motions For Protective Order by Defendant Suntrust Bank and Suntrust Mortgage",** by electronic notice upon the following parties:

| | |
|---|---|
| Fife W. Whiteside<br>Attorney at Law<br>Post Office Box 5383<br>Columbus, Georgia  31906 | Audrey Seidle Eshman<br>Assistant Attorney General<br>40 Capitol Square, S.W.<br>Atlanta, Georgia  30334-1300 |
| Alan Snipes<br>Stephen G. Gunby<br>PAGE SCRANTOM LAW FIRM<br>Post Office Box 1199<br>Columbus, Georgia  31902 | Barbara G. Parker<br>Office of U.S. Attorney – Macon<br>P.O. Box 1702<br>Macon, Georgia  31202 |
| Cater C. Thompson<br>JONES, CORK & MILLER, LLP<br>Post Office Box 6437<br>Macon, Georgia  31201 | A. Kristin Hurst<br>Chapter 13 Trustee<br>P.O. Box 1907<br>Columbus, Georgia  31902 |

The following parties were served by standard first-class mail:  NONE

This   28th   day of      August       2014.

                                                           s/JAMES D. PATRICK
                                                           JAMES D. PATRICK
                                                           State Bar No. 566150
                                                           Attorney for Defendant Foxfire Acres, Inc.

Post Office Box 2745
Columbus, Georgia  31902
(706)322-7181