# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| LESLIE MCDANIEL, | * | CASE NO. 706-324-0169 |
| Debtor, | * | |

_____

| | | |
|---|---|---|
| LESLIE MCDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., MCCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| By the DEPARTMENT OF REVENUE), | * | |
| THE GROGAN GROUP, LLC d/b/a | * | |
| GROGAN & GROGAN, and THE | * | |
| COLUMBUS CONSOLIDATED | * | |
| GOVERNMENT, | * | |

## MOTION FOR JURY TRIAL

COMES NOW, Leslie McDaniel, herein Plaintiff, and pursuant to Seventh Amendment and Rule 39(b), Federal Rules of Civil Procedure, hereby moves the Court to order a trial by jury of all questions of fact triable by jury. A memorandum in support is filed herewith and incorporated by reference.

Respectfully submitted.

/s/ Fife M. Whiteside
Fife M. Whiteside,
For the Plaintiff
Box 5383, Columbus, GA 31906
whitesidef@mindspring.com

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| LESLIE MCDANIEL, | * | CASE NO. 706-324-0169 |
| Debtor, | * | |

_____

| | | |
|---|---|---|
| LESLIE MCDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., MCCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| by the DEPARTMENT OF REVENUE), | * | |
| THE GROGAN GROUP, LLC d/b/a | * | |
| GROGAN & GROGAN, and THE | * | |
| COLUMBUS CONSOLIDATED | * | |
| GOVERNMENT, | * | |

## MEMORANDUM IN SUPPORT OF MOTION FOR JURY TRIAL

COMES NOW, Leslie McDaniel, herein Plaintiff, submits this Memorandum in Support of her Motion for Jury Trial, respectfully showing the Court the following:

## BACKGROUND

Plaintiff initiated this adversary proceeding on September 17, 2013 with her original complaint. Dkt #1. Plaintiff was granted leave to file an amended complaint on January 15, 2014. Dkt. #91. Neither the original nor amended complaint contained a jury demand pursuant to Rule

38(B). However, since that time, genuine questions of material fact have arisen in the course of the proceeding. These questions of fact, primarily regarding the amount of damages due to the Plaintiff by Defendant, are best resolved by a jury trial. For these reasons, Plaintiff now seeks and this court should order a jury trial on all issues triable pursuant to Rule 39(B).

## LEGAL ARGUMENT

### A. Comparing and Contrasting Rule 38(B) and Rule 39(B)

Rule 38(B) and Rule 39(B) are two related but separate mechanisms for parties in litigation to obtain a jury trial on questions of fact. Rule 38(B) permits a party to litigation to *demand* a jury trial by filing said demand no later than fourteen days after the last pleading on the issue is served. Fed.R.Civ. 38(b) (emphasis added). Rule 39(b) permits a party to litigation to *motion* for a jury trial at a later date on any issue for which a jury trial *may have been demanded*. Fed.R.Civ. 39(b) (emphasis added). While a demand for jury trial can be of right, a motion for a jury trial, hereafter referred to as a Rule 39(b) motion, is at the discretion of the court. While the discretion of the court to rule on Rule 39(b) motions is quite broad, the standard the court is to apply to Rule 39(b) motions in the Eleventh Circuit is highly accommodating and receptive to Rule 39(b) motions as discussed below.

### B. The Standard for Rule 39(B) Motions

"The general rule governing belated jury requests under Rule 39(b) is that the trial court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Parrott v. Wilson*, 707 F.2d 1262, 1267 (C.A.11 (Ga.), 1983), citing *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir.1964), cert. denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965). In

*Parrott,* the Eleventh Circuit elucidates factors to be considered by the District Court judge upon receipt of a Rule 39(b) motion. The factors to be considered are "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." *Id*, 1267.

**C. Analysis**

**I. Issues Best Tried By Jury**

There are motions for summary judgment pending but assuming arguendo that those motions are not granted or if granted only partially so, with respect to Counts Six, Seven, Eight and Nine, there are genuine questions of material fact best tried by a jury. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 119 S.Ct. 1624 (1999), citing *Baltimore & Carolina Line v. Redman*, 295 U.S. 654, 55 S.Ct. 890 (1935) ("issues of fact are to be determined by the jury under appropriate instructions by the court"), see also *Bledsoe v. Central Georgia Production Credit Ass'n*, 180 Ga.App. 598, 349 S.E.2d 821 (1986) ("the jury would have no role since there are no issues of material fact in dispute").

**II. No Disruption to Court Schedule**

There will be no disruption to this Court's schedule by the granting of a jury trial. Counts Seven, Eight and Nine must be referred to U.S. District Court for trial. Furthermore, by granting the motion *prior to* referral to the District Court, the case can be properly docketed and scheduled at the District Court as a jury trial. Being docketed as a jury trial from the outset will

avoid potential delays at the District Court, such as modifications to scheduling orders, judge reassignment, and other unforeseen issues that could delay referral of the mater back to this Court for final disposition.

**III. No Prejudice to Adverse Parties**

The adverse parties will not be prejudiced by an order for jury trial. The adverse parties are highly sophisticated.[1] Counsel and firms with significant jury trial experience represent the adverse parties.[2] Additionally, a demand for jury trial is not likely to have altered the course the litigation has taken to date.

**IV. Reasonable Delay In Request**

The length of delay in Plaintiff's motion for jury trial is reasonable. This proceeding involves unique circumstances and multiple parties with highly divergent interests. The discovery stage of the proceeding has been extended by Defendants' refusal to participate in discovery in good faith, subjecting Plaintiff and this court to multiple unnecessary and ultimately futile discovery motions. Dkt.# 186 and 189. It is only now, despite the Defendant's recalcitrance

---

[1] SunTrust Bank manages $122 billion dollars in total deposits and employs 27,000 employees across Florida, Georgia, Maryland, North Carolina, South Carolina, Tennessee, Virginia, and the District of Columbus. https://www.suntrust.com/AboutUs/CorporateInformation/CompanyProfile. SunTrust Mortgage services $137 billion dollars in home loans and employs 3,379 employees. http://www.stmcareers.com/about/whoweare.asp. McCalla Raymer is a law firm practicing real estate, foreclosure, and bankruptcy throughout Georgia, Florida, and Alabama. http://www.mccallaraymer.com/index.php/coverage-map.

[2] SunTrust Bank and SunTrust Mortgage are represented by Dickenson Gilroy LLC which possesses "proven trial skills in representing our clients in all types of disputes". http://www.dickensongilroy.com/practice-areas/litigation/. SunTrust Bank and SunTrust Mortgage are also represented by Jones, Cork and Miller where a "majority of the firm's litigation attorneys also have a broad range of commercial and business litigation experience". http://www.jonescork.com/index.php/practice-areas?id=56. McCalla Raymer, LLC is represented by Page, Scrantom, Sprouse, Tucker & Ford, P.C. possesses "more than a dozen trial attorneys". http://www.psstf.com/areas-of-practice/.

that the questions of Plaintiff's damages have been developed and upon review appear appropriate for a jury.

## V. Reason for Delay

The reason for the delay in jury demand is clear. These proceedings began under a high degree of factual ambiguity, *e.g.* whether SunTrust Bank had in fact foreclosed on Plaintiff's property. The nature of litigation and discovery is investigatory. *International Harvester Co. v. Cunningham*, 245 Ga.App. 736, 538 S.E.2d 82 (2000) ("Discovery is specifically designed to fulfill a two-fold purpose: issue formulation and factual revelation."). As this proceeding has progressed through initial pleadings and discovery issues have been resolved and brought to light. *Id*. Of note are questions regarding the type and amount of damages due Plaintiff by Defendants under Counts 7, 8, and 9 of the First Amended Complaint.

## D. Jury Trial Will Benefit The Court

The granting of a jury trial will serve the interests of justice by affording Plaintiff her Seventh Amendment right to a jury. *Capital Traction Co. v. Hof*, 174 U.S. 1, 13, 19 S.Ct. 580 (1899). ("It must therefore be taken as established, by virtue of the seventh amendment of the constitution, that either party to an action at law…in a court of the United States, where the value in controversy exceeds $20, has the right to a trial by jury."). A jury trial will serve judicial economy by aiding the Court in determining damages and will lend finality to these proceedings. *Moses v. Pennebaker*, 312 Ga.App. 623, 719 S.E.2d 521 (2011) ("The issue of damages is a matter for the factfinder that generally should not be disturbed on appeal.").

**SUMMARY**

This court should order a jury trial on all facts triable by a jury. Rule 39(b) provides for the court to issue such an order at this time. Material questions of fact have arisen in the course of discovery that would benefit from a jury trial necessitating a Rule 39(b) motion. There is no delay, prejudice, or contravening reasons or policy not to grant such a request. A jury trial will aid the court, serve the interests of justice, and lend finality to these proceedings.

Respectfully submitted.                                            /s/ Fife M. Whiteside

_____
Fife M. Whiteside,
For the Plaintiff
Bar No.756025
Box 5383, Columbus, GA 31906
whitesidef@mindspring.com

# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| LESLIE MCDANIEL, | * | CASE NO. 706-324-0169 |
| Debtor, | * | |

_____-

| | | |
|---|---|---|
| LESLIE MCDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., MCCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| By the DEPARTMENT OF REVENUE), | * | |
| THE GROGAN GROUP, LLC d/b/a | * | |
| GROGAN & GROGAN, and THE | * | |
| COLUMBUS CONSOLIDATED | * | |
| GOVERNMENT, | * | |

## CERTIFICATE OF SERVICE
(Motion for Jury Trial and Memorandum in Support of Motion for Jury Trial)

    I, the undersigned counsel of record for the party serving the below identified pleading, discovery item, of instrument, do hereby certify that I have this day served a true and accurate copy of the within and foregoing Motion for Jury Trial and Memorandum in Support of Motion for Jury Trial, by mailing same U.S. postage prepaid on the following individuals or firms, who are counsel for all parties herein, and/or in the event a party is unrepresented, any party pro se, at the addresses set forth below:

U.S. Trustee  
440 Martin Luther King Jr. Blvd.

Macon, Georgia 31201

A. Kristin Hurst  
Chapter 13 Trustee

P.O. Box 1907  
Columbus, GA 31902

Stephen G. Gunby
Page Scrantom Sprouse Tucker & Ford
P.O. Box 1199
Columbus, GA 31902-1199

Cater C. Thompson
Jones Cork & Miller, LLC
435 Secont Street, Suite 500
Macon, GD 31201

James D. Patrick
831 2nd Ave
Columbus, GA 31901

The Grogan Group, LLC
c/o Grogan & Grogan
P.O. Box 1518
Columbus, GA 31902

Grogan & Grogan
Attn: Lynn Grogan, Agent
P.O. Box 1518
Columbus, GA 31902

Barbara G. Parker
Office of U.S. Attorney - Macon
P.O. Box 1702
Macon, GA 31202

Monica Gilroy
Dickenson Gilroy, LLC
3780 Mansell Road, Suite 140
Alpharetta, GA 30022

Stephanie Burnham
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334-1300

SO DONE this the 19th day of September, 2014.

/s/ Fife M. Whiteside
_____
FIFE M. WHITESIDE