MIN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| by the DEPARTMENT OF REVENUE), THE | * | |
| GROGAN GROUP, LLC d/b/a GROGAN & | * | |
| GROGAN, and THE COLUMBUS | * | |
| CONSOLIDATED GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

**MOTION FOR THE COURT TO RULE ON ALL MOTIONS TO TERMINATE FILED OR MADE AND UNFILED BY ANY DEPONENT THROUGH DATE OF HEARING OF THIS MOTION, AND FOR COURT GUIDANCE CONCERNING DISCOVERY, INCLUDING THAT THE WORK PRODUCT PRIVILEGE AND THE ATTORNEY CLIENT PRIVILEGE HAVE BEEN WAIVED BY FAILING TO PROPERLY IDENTIFY THE BASIS FOR THE CLAIM OF PRIVILEGE AS TO THOSE MATTERS FOR WHICH PRIVILEGE WAS CLAIMED.**

COMES NOW Leslie McDaniel, herein "Plaintiff", through counsel, and makes the within MOTION FOR THE COURT TO RULE ON ALL MOTIONS TO TERMINATE FILED OR MADE AND UNFILED BY ANY DEPONENT THROUGH DATE OF HEARING OF THIS MOTION, AND FOR COURT GUIDANCE CONCERNING DISCOVERY,

INCLUDING THAT THE WORK PRODUCT PRIVILEGE AND THE ATTORNEY CLIENT PRIVILEGE HAVE BEEN WAIVED BY FAILING TO PROPERLY IDENTIFY THE BASIS FOR THE CLAIM OF PRIVILEGE AS TO THOSE MATTERS FOR WHICH PRIVILEGE WAS CLAIMED (herein "Motion"), and in support says the following.

1. This will be the this adversary proceeding will have been brought to the Court for the Court to resolve discovery issues. Previously, the following hearings were conducted:

(a) During the individual deposition of Adam Silver, the deposition was concluded by a motion to terminate, made on the record of the Deposition by Defendant McCalla Raymer, LLC ("McCalla"). This related to the participation in that deposition by Defendant FoxFire Acres, Inc. ("Foxfire"). This was made of record after Foxfire had started asking questions, but McCalla did not file this motion as a motion of record in this adversary proceeding but Foxfire filed a Motion to Compel the Completion of the deposition. Docket No. 130. On May 23, 2014, The Court took up this motion. The Court Ordered that the Motion to Compel be denied. Docket No. 147.

(b) After depositions notices were served them, Defendants SunTrust Bank ("SunTrust"), by docket number 165 and SunTrust Mortgage ("Mortgage"), by docket number 169, Defendant McCalla, by docket numbers 186, 189, and on SunTrust's counsel Moncia Gilroy ("Gilroy"), docket number 189, all filed Motions for protective order. . Gilroy and McCalla asked the Court to order that neither would be deposed. McCalla filed a second motion for protective order, docket number 189, asking that Foxfire be prohibited from taking any depositions of McCalla. The Court took these matters up for hearing on August 29, 2014, and made the following determinations: The Court determined that

(i) the Plaintiff's depositions of SunTrust (by docket number 224) and of Suntrust Mortgage (by docket number 222) go forward;

(ii) the Plaintiff's depositions of Gilroy (by docket number 225) go forward;

(iii) the Plaintiff's depositions of McCalla (by docket number 220) go forward exeept with respect to two topics which were withdrawn by Plaintiff in Court;

(iv) that Foxfire could only participate to the extent that questions were asked which go outside the limited purposes for which Foxfire is still a party (by docket number 189).

( c) A number of issues have arisen concerning those depositions which will require Court direction.  They are outlined as follows:

(i) When Foxfire attempted to participate in the depositions of Gilroy, SunTrust Mortgage, and Suntrust, those deponents moved to terminate the depositions before the first quesiton was asked by Foxfire, one of those Motions was made of record in this adversary proceeding, at docket number 232, but the other was not, and Plaintiff requests that the Court rule on all three;

(ii) Plaintiff suspects there will be a similar motion to terminate made in the upcoming McCalla deposition, and assuming so, Plaintiff reserves her right to request the Court to rule on that as well;

(iii) The day prior to the Gilroy deposition, Gilroy served a privilege log, attached as exhibit "A",  which provided no information for the Plaintiff to evaluate the privilege claim, taking the position that since the deposition notice had excluded privileged matters, there was no need to identify any; this was done notwithstanding the  the Court's direction that Plaintiff was entitled to information that would allow her to evaluate the privilege;  for reasons outlined in detail in a letter sent to all counsel by plaintiff and filed with the Court at docket number 233, that letter being incorporated by reference, Plaintiff contends that the privileges have been waived by an insufficient effort to claim them and Plaintiff requests the Court so rule;

(iv) Similarly, the day prior to the SunTrust and SunTrust Mortgage depositions, those parties supplied a privilege log, attached as Exhibit "B",  that properly identified the privileged documents, but in testimony the Rule 30(b)(6) witness, who admitted to having been unfamiliar with the file until about a week prior to his deposition,  testified as to matters learned from other communications, broadly defined, which he could not specifically identify, and this forms a further basis for a waiver of the privileges;

(v) A further deposition is scheduled of McCalla, and another log has been promised to supplement the insufficient log attached to previous document responses, and Plaintiff reserves the right to supplement this motion when (and if) that log is supplied.

THEREFORE, it is so moved.

Respectfully submitted,

/s/ Fife M. Whiteside

FIFE M. WHITESIDE
Attorney for Debtor/Plaintiff
GA Bar No. 756025
P. O. Box 5383
Columbus, Georgia  31906
706-320-1215
whitesidef@mindspring.com

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | CHAPTER 13 |
| | * | |
| LESLIE McDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | |
| Debtor, | * | JUDGE LANEY |

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY PROCEEDING |
| | * | |
| vs. | * | NO. 13-04013 |
| | * | |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through the | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA (Represented | * | |
| by the DEPARTMENT OF REVENUE), THE | * | |
| GROGAN GROUP, LLC d/b/a GROGAN & | * | |
| GROGAN, and THE COLUMBUS | * | |
| CONSOLIDATED GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

**CERTIFICATE OF SERVICE**
(MOTION FOR THE COURT TO RULE ON ALL MOTIONS TO TERMINATE FILED OR MADE AND UNFILED BY ANY DEPONENT THROUGH DATE OF HEARING OF THIS MOTION, AND FOR COURT GUIDANCE CONCERNING DISCOVERY , ETC)

    I, the undersigned counsel of record for the party serving the below identified pleading, discovery item, of instrument, do hereby certify that I have this day served a true and accurate copy of the within and foregoing MOTION FOR THE COURT TO RULE ON ALL MOTIONS TO TERMINATE FILED OR MADE AND UNFILED BY ANY DEPONENT THROUGH DATE OF HEARING OF THIS MOTION, AND FOR COURT GUIDANCE CONCERNING DISCOVERY, ETC, by mailing same U.S. postage prepaid, and by ECF, on the following individuals or firms, who are counsel for all parties herein, and/or in the event a party is unrepresented, any party *pro se*, at the addresses set forth below:

| | |
|---|---|
| U.S. Trustee<br>440 Martin Luther King Jr. Blvd.<br>Macon, Georgia  31201 | A. Kristin Hurst<br>Chapter 13 Trustee<br>P.O. Box 1907<br>Columbus, GA 31902 |
| Stephen G. Gunby<br>Page Scrantom Sprouse Tucker & Ford<br>P.O. Box 1199<br>Columbus, GA 31902-1199 | Alan G. Snipes<br>Page Scrantom Sprouse Tucker & Ford<br>P.O. Box 1199<br>Columbus, GA 31902-1199 |
| Cater C. Thompson<br>Jones Cork & Miller, LLP<br>435 Second St, Suite 500<br>Macon, GA 31201 | James D. Patrick<br>831 2nd Avenue<br>Columbus, GA 31901 |
| The Grogan Group, LLC<br>c/o Grogan & Grogan<br>P.O. Box 1518<br>Columbus, GA 31902 | Grogan & Grogan<br>Attn: Lynn Grogan, Agent<br>P.O. Box 1518<br>Columbus, GA 31902 |
| Barbara G. Parker<br>Office of U.S. Attorney - Macon<br>P.O. Box 1702<br>Macon, GA 31202 | Stephanie K. Burnham<br>Assistant Attorney General<br>40 Capitol Square, S.W.<br>Atlanta, Georgia 30334-1300 |
| Monica Gilroy<br>Dickenson Gilroy, LLC<br>3780 Mansell Road, Suite 140<br>Alpharetta, GA 30022 | Tania Trumble, Esq.<br>Dickenson Gilroy LLC<br>Corporate Office<br>3780 Mansell Road, Suite 140<br>Alpharetta, GA 30022 |

SO DONE this the 21st day of September, 2014.

/s/ Fife M. Whiteside

_____

FIFE M. WHITESIDE