IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | * | |
| | * | CHAPTER 13 |
| LESLIE MCDANIEL, | * | CASE NO. 12-41231-JTL |
| | * | JUDGE LANEY |
| Debtor | * | |

_____

| | | |
|---|---|---|
| LESLIE McDANIEL, Individually and as | * | |
| Representative of her Bankruptcy Estate, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | ADVERSARY PROCEEDING |
| | * | NO. 13-04013 |
| SUNTRUST BANK, SUNTRUST | * | |
| MORTGAGE, INC., McCALLA | * | |
| RAYMER, LLC, FOXFIRE ACRES, INC., | * | |
| THE UNITED STATES by and through | * | |
| THE INTERNAL REVENUE SERVICE, | * | |
| THE STATE OF GEORGIA | * | |
| (Represented by the DEPARTMENT OF | * | |
| REVENUE), THE GROGAN GROUP, | * | |
| LLC d/b/a GROGAN & GROGAN, and | * | |
| THE COLUMBUS CONSOLIDATED | * | |
| GOVERNMENT, | * | |
| | * | |
| Defendants. | * | |

**SUNTRUST BANK'S AND SUNTRUST MORTGAGE, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR THE COURT TO RULE ON ALL MOTIONS TO TERMINATE FILED OR MADE AND UNFILED BY ANY DEPONENT THROUGH DATE OF HEARING OF THIS MOTION, AND FOR COURT GUIDANCE CONCERNING DISCOVERY, INCLUDING THAT THE WORK PRODUCT PRIVILEGE AND THE ATTORNEY CLIENT PRIVILEGE HAVE BEEN WAIVED BY FAILING TO PROPERLY IDENTIFY THE BASIS FOR THE CLAIM OF PRIVILEGE AS TO THOSE MATTERS FOR WHICH PRIVILEGE WAS CLAIMED**

SunTrust Bank and SunTrust Mortgage, Inc. (collectively "SunTrust") submit this Brief in Opposition to Plaintiff's Motion for the Court to Rule on All Motions to Terminate Filed or Made and Unfiled by any Deponent through Date of Hearing of This Motion, and for Court

Guidance Concerning Discovery, including that the Work Product Privilege and the Attorney Client Privilege Have Been Waived by Failing to Properly Identify the Basis for the Claim of Privilege as to Those Matters for Which Privilege was Claimed [Doc. 246] ("Plaintiff's Motion"), respectfully showing the Court the following:

## **FACTS**

This case has been pending since October 17, 2013. SunTrust responded to Plaintiff's First Interrogatories, First Request for Admissions and First Request for Production of Documents on March 27, 2014. True and correct copies of the responses are attached hereto as Exhibit "1". SunTrust did not provide a privilege log with its responses.

McCalla Raymer, LLC ("McCalla Raymer") responded to Plaintiff's First Interrogatories, First Request for Admissions, and First Request for Production of Documents on March 28, 2014. (See Exhibit "1" to McCalla Raymer's Brief in Opposition to Plaintiff's Motion). McCalla Raymer included with its responses a privilege log that identified a number of documents by specific bates number and three other categories of documents to include: (1) Email and correspondence between SunTrust Bank and/or SunTrust Mortgage (client), or it attorneys and agent, and McCalla Raymer (attorney), or its attorneys and agents; (2) Email and correspondence between McCalla Raymer, or its attorneys or agents, and Prommis (its subcontractor for purposes of the foreclosure); and (3) Emails and correspondence between McCalla Raymer, or its attorneys or agents, and in house or outside counsel for McCalla Raymer.

To SunTrust's knowledge, Plaintiff never objected to McCalla Raymer's responses or otherwise raised any issues. Plaintiff specifically never objected to the privilege log provided by McCalla Raymer. Plaintiff never raised any issues whatsoever that she believed McCalla

Raymer's discovery responses had been inadequate, or that its privilege log was somehow insufficient.

On July 28, 2014, Plaintiff filed her Motion for Court Ruling on Objections or Responses to Various Discovery Items Served by SunTrust Bank and SunTrust Mortgage, Inc. to Discovery Served upon Them by Plaintiff [Doc. 156], in which Plaintiff asserted that SunTrust's discovery responses were insufficient as they contained no privilege log. A true and correct copy of said motion (without exhibits) is attached hereto as Exhibit "2".

Since Plaintiff had never objected to McCalla Raymer's privilege log, SunTrust prepared a privilege log virtually identical to the one prepared by McCalla Raymer and sent it to Plaintiff's counsel on August 27, 2014. A true and correct copy of this privilege log and correspondence to Plaintiff's attorney transmitting the privilege log are attached hereto as Exhibit "3". The following day, on August 28, 2014, Plaintiff's counsel sent an email to the Court's calendar clerk stating that "this morning I received the privileged document log from SunTrust, and this was the subject matter of the Motion for Ruling on Objection. [That motion] can be taken off the calendar." A true and correct copy of said email is attached hereto as Exhibit "4". On September 24, 2014, Plaintiff withdrew, without prejudice, her Motion for Court Ruling on Objections. [Doc. 251]

Plaintiff scheduled the deposition of Monica Gilroy, SunTrust's counsel, for September 12, 2014, and subpoenaed her firm's "[c]omplete legal file redacted for attorney/client or work product matters." On the afternoon of September 11, 2014, as a courtesy to Mr. Whiteside, Ms. Gilroy's attorney sent Plaintiff's attorney Ms. Gilroy's privilege log, in virtually the same form as the prior SunTrust and McCalla Raymer's privilege logs to which Plaintiff had never objected. A true and correct copy of said correspondence and privilege log are attached hereto as Exhibit

3

"5". During the Gilroy deposition, counsel for Plaintiff raised an issue that the privilege log provided by Ms. Gilroy was insufficient, and that such insufficiency could not be cured by Ms. Gilroy, and that the insufficient privilege log operated to automatically waive the attorney client privilege between Ms. Gilroy and SunTrust, SunTrust and McCalla Raymer and Ms. Gilroy and McCalla Raymer. Counsel for Plaintiff also made statements that he believed the privilege logs provided by the SunTrust entities and McCalla Raymer might also be insufficient.

Counsel for Plaintiff then sent a letter to all counsel dated September 14, 2014, in which Plaintiff raised issues about privilege logs and/or claims of privilege generally. Plaintiff filed the letter with the Court on September 15, 2014. [Doc. 233]. In Plaintiff's September 14, 2014 letter, he claimed that Ms. Gilroy's failure to provide a detailed privilege log constituted a waiver of the privilege for all parties in the case.

After receiving Plaintiff's September 14, 2014 correspondence, SunTrust reviewed the documents previously withheld by it as privileged. SunTrust then provided a supplemental privilege log via email to counsel for Plaintiff on September 17, 2014, in advance of a scheduled 30(b)(6) deposition of SunTrust set for September 22, 2014. A true and correct copy of correspondence from counsel for SunTrust to counsel for Plaintiff, along with the Supplemental Privilege Log, is attached hereto as Exhibit "6". Plaintiff's counsel has confirmed that he has no objection to the Supplemental Privilege Log.

Ms. Gilroy's Supplemental Privilege Log was sent to Plaintiff on September 29, 2014. This privilege log contains the detailed information that Plaintiff requested in her September 14 letter. A true and correct copy of Ms. Gilroy's Supplemental Privilege Log is attached hereto as Exhibit "7".

## ARGUMENT AND CITATION OF AUTHORITIES

In the subject Motion, Plaintiff contends that the Work Product Privilege and the Attorney Client Privilege have been waived by failing to properly identify the basis for the claim of privilege as to those matters for which privilege was claimed." [Doc. no. 246]. Plaintiff's Motion is based on the fact that detailed privilege logs were not produced until recently, and specifically, upon the fact that Ms. Gilroy did not produce the supplemental privilege log until after her deposition took place. Plaintiff seeks a declaration that the privileges have been waived by an insufficient effort to claim them. [Doc no. 246, p. 3, ¶ (iii)].

As set forth above, the SunTrust and McCalla privilege log requested by Plaintiff were supplied before their 30(b)(6) deposition.[1] SunTrust submits that the supplemental privilege logs, in conjunction with (1) McCalla's original privilege log dated March 28, 2014 (to which Plaintiff has never objected), (2) SunTrust's original privilege log dated August 27, 2014 (to which Plaintiff has also never objected), and (3) Ms. Gilroy's original privilege log dated September 11, 2014, are more than sufficient to discharge SunTrust's responsibility to respond to Plaintiff's discovery requests, and to avoid a waiver of the privileges.

In addition, SunTrust submits that Ms. Gilroy's failure to supply a detailed privilege log prior to her deposition did not result in a waiver of the privileges. The attorney-client/work produce privilege is not Ms. Gilroy's to waive-it belongs solely to SunTrust. Neither SunTrust nor Ms. Gilroy had any reason to believe that Plaintiff would insist upon a detailed privilege log since the request from Plaintiff to Ms. Gilroy was for the file of Ms. Gilroy redacted for attorney-client or privileged communications or documents. Plaintiff had never objected to the prior privilege logs submitted by SunTrust and McCalla in response Plaintiff's discovery. If Plaintiff

---

[1] It should also be noted that Plaintiff did not request that either SunTrust or McCalla Raymer produce any documents at their 30(b)(6) depositions.

5

had any objections, she was under a duty to promptly raise them and, if the parties could not work out a discovery dispute (as required by the Rules), Plaintiff could have then filed a Motion to Compel.  The Court could have then considered the discovery dispute between the parties and provided any relief the Court saw fit.  In fact, the Court held hearings on SunTrust's and McCalla Raymer's motions to quash the various notices of depositions on August 29, 2014.  If the Plaintiff had objections to the privilege logs, she could have raised them at that time, instead of waiting until the day of Ms. Gilroy's deposition to make this an issue.

SunTrust has asserted attorney/client, work-product, and common interest privileges in this case.  These privileges belong to SunTrust, not McCalla Raymer or Ms. Gilroy, and neither McCalla Raymer nor Ms. Gilroy can waive them. FRCP 26(b)(5)(A) provides the procedure a *party* should follow when seeking to protect privileged or trial preparation materials from discovery.  It provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

A party generally complies with this rule by providing a detailed privilege log.  Failure to follow this procedure can subject a party to sanctions, including a waiver of the asserted privilege. "Waiver of [a] privilege, however, is the most extreme sanction that a court can impose for failure to follow the required procedure [of Rule 26(b)(5)].  However, waiver is reserved for cases of unjustifiable delay, inexcusable conduct, and bad faith in responding to discovery requests." Moore's Fed.Prac. and P. § 26.90[1].  SunTrust is not guilty of unjustifiable delay, inexcusable conduct, or bad faith in responding to Plaintiff's discovery request, and therefore, it has not waived the privilege.

6

It is important to note that Ms. Gilroy is a nonparty, and that the requirements of Rule 26(b)(5) do not apply to her. Rather, Rule 45 of the Federal Rules of Civil Procedure, made applicable to this matter by Bankruptcy Rule 9016, applies to the subpoena issued to Ms. Gilroy. FRCP 45(e)(2)(A) provides:

> A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."

This section is almost identical to Rule 26(b)(5). However, "[o]ne problem presented by Rule 45[e]](2)(A) is that it fails to provide any guidance as to when the claim of privilege or work product must be asserted by the person subpoenaed." § 2464 Duties of Witnesses, 9A Fed. Prac. & Proc. Civ. § 2464 (3d ed.). The majority view is expressed in *Tuite v. Henry*, 98 F.3d 1411 (D.C. Cir. 1996), in which the Court held that the party objecting to the subpoena on the basis of privilege must object to the subpoena within the time set forth in Rule 45(d)(2)(B). This adequately raises and preserves the privilege. A full description of the allegedly privileged documents does not have to be provided until a later date.

In this case, Plaintiff initially served a Notice of Deposition, rather than a subpoena, on Ms. Gilroy and SunTrust filed a timely Motion to Quash. [Doc. 173]. Plaintiff then served Ms. Gilroy with a subpoena on the day of the hearing on SunTrust's Motion to Quash the Notice of Deposition. By filing its Motion to Quash, SunTrust preserved the privilege. The Court denied the Motion to Quash but specifically noted that SunTrust could assert the privilege at Ms. Gilroy's deposition. Thereafter, Ms. Gilroy provided a privilege log on September 11, which log listed privileged documents by category, and Plaintiff developed additional information

7

regarding the allegedly privileged documents at Ms. Gilroy's deposition. Ms. Gilroy has also provided a detailed Supplemental Privilege Log.

A district court in Missouri was faced with a similar situation in *Baranski v. United States*, 2012 WL 425007 (E.D.Mo. 2012). In that case, the plaintiff Baranski served a subpoena on a nonparty law firm RSRG, seeking production of documents related to its representation of a Mr. Carmi. The law firm filed a motion to quash the subpoena on the grounds that the information sought was subject to the attorney/client privilege, but it failed to produce a detailed privilege log. The court noted that the law firm was not the holder of the privilege, and that the privilege belonged to and existed for the benefit of it client. *Id*. at *4. It also found that the law firm failed to comply with Rule 45 by failing to provide a privilege log, and that a party's failure to provide a privilege log puts it at risk of waiving the privilege. *Id.* at *5. It then held:

> RSRG is not excused from Rule 45(d)(2)'s requirements even though it is not the holder of the privilege. The Court concludes that RSRG has not met its burden to adequately assert the attorney-client privilege because it failed to expressly assert the privilege with respect to each category of documents, and to provide a privilege log. ***Nonetheless, because RSRG is not the holder of the privilege and cannot waive it for Mr. Carmi without his consent***, it is not appropriate to deny the motion to quash based on RSRG's failure to comply with Rule 45(d)(2).

*Id*. (Emphasis added.) The Court then ordered the law firm to produce a privilege log within 14 days.

Similarly, SunTrust has not waived the privilege and Ms. Gilroy's failure to provide a detailed privilege log at the time of her deposition is not a waiver of the privilege. In addition, unlike the law firm in the *Baranski* case, Ms. Gilroy has now produced a detailed privilege log, from which the Court can determine whether the withheld items are in fact privileged.

The first privilege logs that SunTrust and Ms. Gilroy produced were in the form that McCalla Raymer initially used, and to which Plaintiff did not objected. When it became clear that Plaintiff wanted a more detailed privilege log, SunTrust and Ms. Gilroy acted promptly to supplement their privilege logs. Plaintiff could have resolved this at any time by simply notifying counsel for the defendants that she insisted on a detailed privilege log. Instead, she has made a calculated effort to create a waiver of privilege by waiting until Ms. Gilroy's deposition to assert that the earlier privilege logs were deficient.

Plaintiff relies upon Judge Lawson's decision in *Wood v. Archbold Medical Center*, 2009 WL 3063392 (M.D.Ga.) in support of his argument that failure to identify privileged documents is a basis for the Court to determine that the privilege has been waived. That is a misreading of the case. Judge Lawson held that the privilege log in that case was insufficient for him to determine whether the documents withheld were work product. However, he held that the defendant waived the privilege by voluntarily sending copies of allegedly privileged emails to the opposing party.

Plaintiff also relies upon a Florida district court opinion in which that Court held that Merrill Lynch's delay in providing a privilege log waived the privilege. *Pensacola Firefighter's Relief Pension Fund Bd. Of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc*., 26 F.R.D. 589 (N.D.Fla. 2010). In that case, the court noted that the Eleventh Circuit has never determined what constitutes a timely production of a privilege log. It quoted at length from a Ninth Circuit case, *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. Of Montana,* 408 F.3d 1142 (9th Cir. 2005), in which that court held that there is no per se rule that the failure to produce a privilege log results in wavier of the privilege. The Ninth Circuit enumerated several factors that should be applied "in the context of a holistic reasonableness analysis".

9

*Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.,* 230 F.R.D. 688, 695 (M.D.Fla.2005) (quoting *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d 1142). The Ninth Circuit balances:

> the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically obtained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.

*Burlington N. & Santa Fe Ry. Co*, 408 F.3d at 1149.

In the case at bar, the initial privilege logs have been supplemented with detailed logs that enable the court to evaluate whether the withheld documents are privileged, and these supplemental logs were provided promptly once the defendants realized that Plaintiff was dissatisfied with the prior logs. The SunTrust privilege log was provided prior to SunTrust deposition, and Plaintiff was able to question SunTrust's representative regarding the privilege log. Although Ms. Gilroy's original privilege log only identified categories of privileged documents, Plaintiff's counsel was able to question her about the claim of privilege, and the fact that he did not have a detailed log at the time of her deposition did not cause any harm. Plaintiff did not have a detailed privilege log at the time of Ms. Gilroy's deposition simply because Plaintiff had led the parties to believe that the prior privilege logs that identified categories of privileged documents was sufficient.

The supplemental privilege logs Plaintiff apparently wanted have been provided. To the extent Plaintiff seeks a ruling that SunTrust has waived the attorney-client or work product privileges in its Motion for Court "guidance on discovery issues," its motion should be denied.

Respectfully submitted, this 30th day of September, 2014.

/s/ *Cater C. Thompson*
CATER C. THOMPSON
Georgia State Bar No. 129425
Attorney for SunTrust Bank and SunTrust Mortgage, Inc.

JONES CORK & MILLER, LLP
435 Second Street, Suite 500
P.O. Box 6437
Macon, GA  31208-6437
(478) 745-2821
cater.thompson@jonescork.com

MONICA K. GILROY
Georgia State Bar No. 420527
DICKENSON GILROY, LLC
3780 Mansell Road, Suite 140
Alpharetta, GA  30022
(678) 280-1921
mkg@dickensongilroy.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served either electronically or via U.S. Mail with adequate first class postage to the addresses below on the following persons:

>Mr. Fife M. Whiteside
>P.O. Box 5383
>Columbus, Georgia  31906
>
>Ms. Kristin Hurt
>Office of the Chapter 13Trustee
>P.O. Box 1907
>Columbus, Georgia  31902
>
>Mr. Stephen G. Gunby
>Page Scrantom Law Firm
>P.O. Box 1199
>Columbus, Georgia 31902
>
>Ms. Audrey Seidle Eshman
>Assistant Attorney General
>40 Capitol Square, SW
>Atlanta, Georgia  30334-1300
>
>Mr. James D. Patrick
>P.O. Box 2745
>Columbus, Georgia  31902
>
>Barbara G. Parker
>Office of U.S. Attorney-Macon
>P.O. Box 1702
>Macon, Georgia 31902

This <u>30th</u> day of September, 2014.

/s/   *Cater C. Thompson*